

COMMONWEALTH'S
EXHIBIT
1

# IN THE SUPREME COURT

## OF THE

## WESTERN DISTRICT OF PENNSYLVANIA

Jessica E. Wolfe                    )          Civil Action
                                    )
Petitioner                          )
                                    )
Vs.                                 )
                                    )
Court of Common Pleas               )
of Allegheny County in the          )
Fifth Judicial District of Pa       )
                                    )
Respondents                         )   No. 163 WM 2002
_____)

## APPLICATION FOR LEAVE TO FILE
## ORIGINAL PROCESS

To the Honorable, Chief Justice[s] of the Supreme Court:

Comes Now, Jessica E. Wolfe, Petitioner Pro se in accordance with Rule 3307, 3309 of the Rules of Appellate Procedure, moves this Court and invokes Original Jurisdiction under and by virtue of: 42 Pa.C.S.A. § 502, § 721 and § 726, thus respectfully requesting leave to file original process in this Honorable Court.

The matters in controversy has fallen upon this Honorable Court when the Commonwealth of Pennsylvania Department of Corrections breached the petitioner's Negotiated Plea Agreement, subsequently petitioner's P.C.R.A. has been time barred and she seeks the issuance of a Writ of Mandamus upon the Court of Common Pleas or other appropriate Extraordinary Relief, for no other adequate remedy exists and the Trial Court has an obligated duty to act and uphold the Plea Agreements that it makes with an accused. Petitioner claims that she has a clearly established right to relief as a matter of law

Wherefore, petitioner requests this Honorable Court to accept the

attached petition, exercising it's Original Jurisdiction, and granting the appropriate relief.

Service of this application and petition for Writ of mandamus, appropriate Extraordinary Relief was served upon all parties by U.S. Certified Mail on: _9_ / _25_ / _2002_.

Respectfully Submitted,

Jessica E. Wolfé
DB 0954
Box 244
Graterford, Pa. 19426

# IN THE SUPREME COURT
## OF THE
### WESTERN DISTRICT OF PENNSYLVANIA

Jessica E. Wolfe )      Civil Action
)
Petitioner )
)
Vs. )
)
Court of Common Pleas )
of Allegheny County in the )
Fifth Judicial District of Pa )
)
Respondents )    No. _____
)

## PETITION FOR WRIT OF MANDAMUS

To the Honorable, Chief Justice[s] of the Pennsylvania Supreme Court:

Comes Now, Jessica E. Wolfe, Petitioner Pro se in accordance with Rule 3309(A) of the Pennsylvania Rules of Appellant Procedure, thus respectfully requesting this Honorable Court to issue a Writ of Mandamus or other Extraordinary Relief, and Represents:

1. The instant petition moves this Court to grant a Writ of Mandamus by invoking Jurisdiction under: 42 Pa.C.S.A. § 721(2), pursuant this Court's power to grant Extraordinary Relief under: 42 Pa.C.S.A. § 502(1)(2), § 726.

2. Petitioner, is currently in the custody and care of the State Correctional Institution Graterford, at P.O. Box 244, Graterford, Pa. 19426.

3. On 7-25-96, Petitioner entered into Negotiated Plea Agreement for various reasons and promises set forth in the Plea Transcripts that is (attached herewith) found at Docket No. CP 9-6-0-4-2-6-0 / 9-6-0-4-2-3-9.

4. Petitioner, received a mandatory 5 year minimum, 15 year maximum that is to be served at the State Correctional Institution at Pittsburgh so that the petitioner could be close to her family and friends. See Plea

Transcript at: Page 12, line 20 to line 22,- Stating "you stand committed to the State Correctional Institution at Pittsburgh, Etc." EXHIBIT A.

5. Petitioner, claims that the Commonwealth of Pennsylvania Department of Corrections has intentionally and arbitrarily breached this Negotiated Plea Agreement for nearly 7 years by not permitting the petitioner to serve her time at S.C.I.-Pittsburgh, violating a lawful procedure of law, namely but not limited to the Pennsylvania and U.S. Constitutions at: Pa. Article 1 § 1,9,13,17,26 - - U.S. 5th,6th,8th,9th,14th Amendments, Etc.

6. Petitioner, claims that she has a clearly established right to relief by Writ of Mandamus, for no other adequate remedy exists as a matter of law.

7. Petitioner, avers that a Writ of Mandamus is an Extraordinary Remedy designed to compel official performance of a Ministerial Act or Mandatory Duty where there exists a clear legal right and where petitioner has no other legal remedy adequate or available at law. See: 42 Pa.C.S.A. § 976.

8. Petitioner, avers that the Court of Common Pleas has a legal duty that compel's official performance of it's ministerial duties, because "upon acceptance of a plea agreement,- - the trial court is bound to comply with the terms of that agreement: Com. V. Anderson, 643 A.2d. 109, 113 n.6 (1994) Com. V. Daniels, 656 A.2d. 539, at 543 n.6 (1995).

9. Petitioner, in addition claims under newly discovered evidence that the Commonwealth of Pennsylvania Board of Probation and Parole has also breached the petitioner's plea agreement in accordance with: EXHIBIT B,: Com. V. Robert Snodgrass, C.P. Chester County, Civil Action No. 0799-96.

10. The Third Circuit Court held that "the government must adhere strictly to the terms of the bargain it strikes with a defendant.": U.S. V. Hayes, 946 F.2d. 230, at 233 (1991), because when "a plea agreement

occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards.:"

**U.S. V. Moscahlaids**, 868 F.2d. 1357 (3rd Cir. 1989),

**Com. V. Kroh**, 654 A.2d. 1168, at 1172 (1995). So, "in Pennsylvania, it is well settled that 'where a plea bargain has been entered into and is violated by Commonwealth, defendant is entitled at the least, to the benefit of the bargain." **Com. V. Zuber**, 353 A.2d. 441, at 444 n.5 (1976),

**Com. V. Williams**, 481 A.2d. 1230, at 1233 (1984).

Wherefore, petitioner respectfully prays for this Honorable Court to Grant the relief sought by issuing an Order of Writ of Mandamus or other Extraordinary Relief, directing the respondent[s] to act in "Specific Performance" of their legally mandatorily required official ministerial duties, up holding and enforcing the petitioner's Negotiated Plea Agreement.

## VERIFIED STATEMENT

I Jessica E. Wolfe, verify that the statements made herein are true and correct to the best of my knowledge and beliefs. I understand that false statements herein are subjected to the penalties of: 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

Respectfully Submitted,

Jessica E. Wolfe
DB 0954
Box 244
Graterford, Pa. 19426

Dated: 9 / 25 /2002.

1

2

3          IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

4

5     COMMONWEALTH OF PENNSYLVANIA      CRIMINAL DIVISION

6              VS.                      NO. 9604239
                                            9604260
7     JAMES WOLF a/k/a
      JESSICA WOLF,                     Plea Transcript
8
                 Defendant.             Before:
9                                        HON. WALTER R. LITTLE

10                                      Date:
                                         July 25, 1996
11
                                        Reported by:
12                                       SUSAN E. LLOYD
                                         Official Court Reporter
13

14

15                                      COUNSEL OF RECORD:

16                                      For The Commonwealth:

17                                      EDWARD BORKOWSKI, Esquire
                                        Assistant District Attorney
18
                                        For The Defendant:
19
                                        ELISE DeLONG, Esquire

20

21

22

23

24

25

1
2                    P R O C E E D I N G S
3              (Thereupon, the witnesses were sworn.)
4              THE COURT:  All right, do you have any
5         agreement in these cases?
6              MR. BORKOWSKI:  Yes, there is, Judge.
7         As to the multiple count indictment wherein
8         Katie Dickman is the victim of rape, IDSI,
9         et cetera, he would be pleading guilty to
10        Count 1 of rape for a sentence of a mandatory
11        five, plus whatever tail Your Honor wishes to
12        impose on that.
13             As to the second information wherein
14        Larry Dickman is the victim, we would withdraw
15        the first two counts, the assault and endangering
16        the welfare of children, and the Defendant would
17        be pleading guilty to Count 3, which is the
18        corruption of minors charge.
19             The proposed sentence in that case
20        would be a period of probation to be set by
21        the Court, in addition to the sentence at the
22        first information.  As a condition of that
23        probation, also a term of incarceration, that
24        the Defendant have no contact with Johna Dickman,
25        Larry Dickman or Katie Dickman directly or

3

1

2  indirectly.

3      Also, we are requesting that the Court

4  indicate to him that any contact to or for

5  his natural children, James Wolf, John Wolf

6  or Franceska Wolf be initiated and negotiated

7  through an attorney or appropriate Child

8  Welfare representatives.

9      I would note in contemplation and

10 fulfillment of that plea agreement it was done

11 in conjunction with the mother of the victim,

12 Johna Dickman, the Allegheny County Police and

13 Chief Robect from Oakdale.  They are in agree-

14 ment with the same.

15     THE COURT:  All right.  I would also

16 note for the record that at the defense's

17 request at the time of this case, the subpoena

18 of the records from CYS, the Court reviewed all

19 the records that were submitted to me by CYS.

20 That was three packets, Packet A, B, and C,

21 and in a review of those records indicate that

22 no information in those packets would present

23 any type of evidence that would be exculpatory

24 to the Defendant.

25     MR. BORKOWSKI:  One further thing as a

4

1

2          technical matter, Judge, the informations read

3          on or about August 3, 1995.  The complaint and

4          the information filed subsequent to that

5          complaint, the dates of the alleged crimes

6          were from summer of 1994 through spring of

7          1995.

8              THE COURT:  Do you have any objections

9          to the amendment as to the dates in the

10         information, counsel?

11             MS. DeLONG:  No, Your Honor, we do not.

12                      COLLOQUY

13     BY THE COURT:

14     Q     Mr. Wolf, do you understand at Criminal Action 9604260

15         the Commonwealth is going to move to withdraw

16         Counts 2, 3, 4, 5, 6 in return for your plea to

17         Count 1, rape, graded as a felony of the third degree,

18         carries a maximum incarceration of up to 20 years

19         and a $25,000 fine; specifically in this information

20         it states on or about the date in question,

21         August 3, 1995, that you engaged in sexual intercourse

22         with one Katie Dickman, who was less than 13 years

23         of age, and in violation of Section 3121.6 of the

24         Pennsylvania Crimes Code.

25             At Criminal Action 9604239 the Commonwealth is

5

going to move to withdraw Count 1, aggravated assault,

Count 2, endangering the welfare of a child in return

for your plea to one count of corruption of minors,

graded as a misdemeanor of the first degree, carries

a maximum incarceration of five years and/or a

$10,000 fine.

So running both these cases together, a maximum

period of incarceration you could receive in these

two cases is up to 25 years and the fine is $35,000.

Specifically in this information at 9604239,

at Count 3, corruption of minors, it states that

on or about the dates in question -- did we mention

the dates would be the same on both informations,

and would be from the summer of 1994 through the

spring of 1995.

As to the corruption of minors, states that

you being 18 years of age and upwards did corrupt

or tended to corrupt the morals of one Larry Dickman,

a child under the age of 18 years, by acts of placing

makeup on the child's face and having him wear a

dress, and the dates of the incident at 9604260,

again are all in the summer of 1994 through the

spring of 1995.

All right, Mr. Wolf, do you understand the

1

2    nature of the charges against you and the maximum

3    penalties and fines that could be imposed if, in

4    fact, you went to trial. Do you understand that?

5   A  Yes.

6   Q  Now, it is my understanding that you understand your

7      rights to a jury trial, non-jury trial in this

8      matter, you wish to waive both and enter a plea of

9      guilty. This Court would then enter a waiver of

10     presentence report, and this Court would enter a

11     sentence in accordance with the plea bargain worked

12     out between yourself, your attorney and the District

13     Attorney's Office; is that correct?

14  A  Yes.

15  Q  I have before me this guilty plea explanation form

16     which you read, signed and filled out in consultation

17     with your attorney, indicates to you what a guilty

18     plea is, what it means to give up your rights to a

19     jury trial and a non-jury trial, and in order for

20     you to do so you have to do so knowingly, voluntarily,

21     and intelligently; is that correct?

22  A  Yes.

23  Q  Now, in this form it explains to you exactly what

24     a jury trial and a non-jury trial is, what rights

25     you give up when you plead guilty and waive your

6

7

```
 2        right to jury trial and non-jury trial; is that
 3        correct?
 4   A    Yes.
 5   Q    Now, do you have any questions as to what a jury
 6        trial or non-jury trial is, or what rights you give
 7        up when you plead guilty?  Any questions?
 8   A    No, sir.
 9   Q    In this form it explains to you when you plead
10        guilty you limit your rights to appeal to one, filing
11        of a motion to withdraw your guilty plea within ten
12        days of the date of sentencing in writing to this
13        Court, challenging the validity of your plea.  Do
14        you understand that?
15   A    Yes.
16   Q    You also have the right to appeal the sentence I
17        impose only on four grounds:  One, this Court did
18        not have jurisdiction; two, the sentence was illegal;
19        three, your plea is not knowingly, voluntarily, or
20        intelligently given; and fourth, you were represented
21        by incompetent, or ineffective counsel.  Do you
22        understand that?
23   A    Yes.
24   Q    Do you understand that when you plead guilty the
25        only thing that remains to be done is the Commonwealth
```

8

2          would give a summary of the case against you, and

3          in giving that summary the Commonwealth does not have

4          to present any witnesses, evidence or physical

5          documentation as they might have to do in a jury

6          trial or a non-jury trial.  Do you understand that?

7   A   Yes.

8   Q   Has anybody forced you, anybody made any threats,

9          promises, inducements or coercion to get you to give

10         up your rights to jury trial, non-jury trial or to

11         enter a plea of guilty here today?

12   A   No, sir.

13   Q   Have you had any drugs or alcohol in the last 24

14         hours?

15   A   No, sir.

16   Q   Knowing all of what I went over today, having read

17         this guilty plea explanation form which you signed

18         and initialed in consultation with your attorney,

19         do you still wish to plead guilty today?

20   A   Yes, sir.

21               THE COURT:  All right, take a summary.

22               MR. BORKOWSKI:  As to the two victims

23         in this case, Katie Dickman has a birth date

24         of 6-20-1986 and Larry Dickman a birth date

25         of 10-21-1984.  The Defendant in this case was

9

1
2    the common law husband of one Johna Dickman
3    living in the Oakdale area with Johna Dickman,
4    Katie Dickman, Larry Dickman and three children
5    of their own, that is Johna Dickman and the
6    Defendants at that time, approximately encompassing
7    a nine year span.
8        When Katie Dickman became eight years
9    old it was in the summer of 1994, and in the
10   months that followed, as outlined earlier, the
11   Defendant would call her into the parents'
12   bedroom, and at that time remove her clothing,
13   that is the bottom half of her clothing, whatever
14   it may have been, and at that time have her
15   get on top of him, himself being disrobed. He
16   would separate the outer genitalia, her outer
17   genitalia with his fingers and insert his penis
18   into her vagina.
19       During this time she said that it happened
20   on at least three or four occasions that she
21   can remember. Also during this period of time
22   Ms. Johna Dickman was employed outside the home,
23   giving the Defendant access to the children
24   during the daytime hours and when they returned
25   home from school.

1                                                              10

2          Katie Dickman would also testify that the

3          penetration hurt her, and that following this

4          she noticed white stuff, yucky white stuff or

5          yellow stuff coming out of the Defendant's

6          private part, which she identified as a penis

7          through dolls and other anatomical descriptions.

8               The case as to Larry Dickman indicated

9          during or about that same period of time as

10         outlined in the amended information dates,

11         that Larry would be called in to the Defendant's

12         presence, again when Mrs. Dickman was working,

13         and he would be made up with lipstick, eyelash

14         material and eye shadow, and also pink stuff,

15         blush or whatever was available in the home,

16         that is most likely and identified as the

17         makeup kit of John Dickman.

18               The various makeup matters previously

19         referred to were put on the face of Larry

20         Dickman at or about the same time the Defendant

21         also got clothing from Katie Dickman's room

22         and had Larry Dickman dress in that, his

23         sister's clothing. At that time he would be

24         taken into a different room and they would

25         lunch together, the Defendant dressed as a male

11

and Larry Dickman in that female clothing and

makeup.

Larry Dickman states that this happened

approximately six or eight times.

BY THE COURT:

Q    All right.  Mr. Wolf, you have heard that summary?

A    Yes, sir.

Q    Any additions or corrections to that summary?

A    I don't understand.

Q    Any additions or corrections to the summary that he

just read as to both cases?

A    No, I don't.

Q    So why are you pleading guilty to these two cases?

A    I did it.

Q    All right, you are pleading guilty because you are,

in fact, guilty?

A    Yes.

THE COURT:  All right.  I accept your

pleas.  Counsel, what do you have on behalf of

your client in terms of sentencing?

MS. DeLONG:  Yes, Your Honor.  We would

concur with the sentence the Commonwealth has

proposed in this matter.

THE COURT:  Anything from the Commonwealth?

12.

1

2     MR. BORKOWSKI: Nothing if the plea is

3     accepted.

4     THE COURT: Mr. Wolf, anything to say

5     prior to sentencing?

6     MR. WOLF: No.

7     THE COURT: All right, at Criminal

8     Action 9604260 wherein you pled guilty to one

9     count of rape, in accordance with the plea

10    bargain worked out between yourself, the

11    attorney and the District Attorney's Office,

12    sentence of the Court is as follows:  You pay

13    the costs of prosecution, you have no contact

14    with the victim in this case, Larry Dickman,

15    Johna Dickman, Katie Dickman; also have no

16    contact with the natural children except for

17    through your attorney, Child Welfare or through

18    the Family Division of the Court of Common Pleas

19    of Allegheny County; and at this information,

20    at 9604260 you stand committed to the State

21    Correctional Institution at Pittsburgh, not

22    less than five nor more than 15 years.

23    Now, at Criminal Action 9604239 wherein

24    you pled guilty to one count of corrupting

25    minors, at Count 3, again you pay the costs of

13

prosecution, undergo a probationary period of

five years to run consecutive with the sentence

that I have imposed at 9504260, with the same

conditions.

All right, do you understand the nature

of your sentence?

MR. WOLF: Yes, sir.

THE COURT: Do you have any questions?

MR. WOLF: No, sir.

THE COURT: You have a right to file a

motion to withdraw your guilty plea on both

these cases within ten days from this date in

writing to this Court challenging the validity

of your plea. Failure to do so within the

required periods of time, you will forever lose

that right. Do you understand that?

You can also appeal the sentence within

30 days to the Superior Court of the Commonwealth

of Pennsylvania, if you feel this Court did not

have jurisdiction, the sentence was illegal,

third, your plea was not knowingly, voluntarily

or intentionally given; fourth, you were

represented by incompetent or ineffective counsel.

Do you understand that?

14

1

2          MR. WOLF:  Yes.

3          THE COURT:  You also have the right to

4     file a motion to modify your sentence within

5     ten days of this date.  Failure to do so within

6     the required period of time, you will forever

7     lose that right.  Do you understand that?

8          MR. WOLF:  Yes.

9          THE COURT:  If you cannot afford counsel

10    for purposes of filing a motion to withdraw

11    your guilty plea, a direct appeal to the

12    Superior Court, filing a motion to modify your

13    sentence, this Court will be obligated to

14    appoint counsel to represent you free of charge.

15    Do you understand that?

16         MR. WOLF:  Yes.

17         THE COURT:  All right.

18         (Thereupon, the proceedings were

19    concluded.)

20

21

22

23

24

25

1

2                                                                              15

3

4

5

6

7                              C E R T I F I C A T E

8

9           I, SUSAN E. LLOYD, Official Court Reporter, do

10    hereby certify that to the best of my knowledge, the

11    proceedings and evidence are contained fully and accurately

12    in the record taken by me of the hearing in the previously

13    entitled matter, and that this is a correct transcript of

14    the same.

15

16

17                              _Susan E. Lloyd_ 6-28-99

18                                    Susan E. Lloyd
                                 Official Court Reporter

19

20

21

22

23

24

25



CITE THIS PAGE AS 20 PLW 767



## Defenant Allowed to Withdraw Guilty Plea

Warning that if the Commonwealth doesn't honor its plea agreements the number of criminal trials will increase dramatically, a Common Pleas Court judge has ruled that a defendant can withdraw his guilty plea because he wasn't granted parole at the end of his minimum sentence.

In *Commonwealth v. Snodgrass*, PICS Case No. 97-1206 (C.P. Chester May 9, 1997) Wood, J. (3 pages), Chester County Common Pleas Court Judge Lawrence Wood granted Robert Snodgrass' motion to withdraw his guilty plea and said the case should go to trial.

According to the opinion, Snodgrass entered into a plea agreement in July 1996 for DUI, receiving a sentence of one-to-two years. But at the end of his minimum he wasn't granted parole.

"[I]t seems to me to come with ill grace from the Commonwealth to suggest that the 'promise of a minimum sentence is a mere chimera, and that the parole authorities can arbitrarily withhold parole even if a defendant's conduct has been exemplary," Wood wrote in his opinion.

"Life in the real world also tells me that if the word ever gets around among defendants and their counsel that parole at the expiration of one's minimum *may* be arbitrarily withheld by the state parole board, agreements to state sentences will be much more difficult to come by."

# Chester County Law Reporter

## (USPS 102-900)

*The Official Legal Publication for Chester County*

| Vol. 45 | WEST CHESTER, PENNSYLVANIA, OCTOBER 9, 1997 | No. 41 |

# TABLE OF CONTENTS

## 45 CHESTER COUNTY REPORTS

### Commonwealth v. Snodgrass

*Plea agreements - Parole - Minimum sentences - DUI - Post conviction relief* ................................................................................ *219*

### Legal News

*CCBA Calendar of Events* ...................................... **26**
*Legal Secretary Wanted* ...................................... **8**
*Experienced Legal Secretary Available Temp/Transc.* ............ **8**
*Associate Wanted* ...................................... **8**.
*Memorial Service Set for October 30, 1997* ...................... **5**

## Legal Notices

Action to Quiet Title ........................................ 3
Adoption Notice ............................................ 4
Certificate of Authority ..................................... 6
Change of Name Notice ..................................... 4
Charter Applications ....................................... 4
Corporation Notices ........................................ 6
Estate Notices ............................................. 1
Fictitious Name Notices .................................... 8
Nonprofit Corporation Notice .............................. 7
Notice to Defend ........................................... 7
Sheriff's Sale of Real Estate 3rd Publication .............. 8

**Chester County Bar Association & Law Reporter - *ADDRESS CHANGE Effective Immediately:***

**15 W. Gay St., 2nd Floor, P.O. Box 3191, West Chester, PA 19381-3191**

STATE LIBRARY OF PA

NOV 1 0 1997,    001417
LAW

State Library of Pennsylvania
Ser Law/ 1BBS3021
Room 46 - Box 1601
Harrisburg PA 17105 1601

Copyright ©1997 CCBA
All rights reserved. No part of this publication may be reproduced, stored in a retrieval system, or transmitted in any form by electronic, mechanical, photocopying, or any other means without the prior written permission of the copyright holder.

## Commonwealth v. Snodgrass

*Plea agreements - Parole - Minimum sentences - DUI - Post conviction relief.*

1. Plea agreements constitute contracts between the Commonwealth and a defendant, and both parties are obligated to honor the terms of the agreement.

2. Although the grant of parole is discretionary, the Commonwealth should not arbitrarily withhold parole when a defendant's conduct during incarceration has been exemplary and he has served the minimum sentence agreed to in a plea agreement.

3. Defendant pled guilty to driving under the influence, pursuant to a plea agreement calling for a one to two year sentence. Despite his compliance with the conditions of his incarceration, the Commonwealth did not grant him parole at the expiration of his minimum sentence. He then filed a Petition for Post Conviction Relief, seeking permission to withdraw his guilty plea. The Court granted the petition and *Held,* that one of the promises implicit in the contractual obligations which bind the Commonwealth in a plea agreement is that a defendant who faithfully complies with the rules of his incarceration will be admitted to parole at the expiration of the minimum sentence imposed under the agreement.

S. F. C. H.

C.P. Chester County, Civil Action - Law, No. 0799-96; Commonwealth of Pennsylvania v. Robert Snodgrass

*Stuart Suss,* for the Commonwealth
*Timothy Melvin,* for the defendant
Wood, J., May 9, 1997: -

[Editor's Note: Appeal 6/9/97 02465PHL97]

### OPINION

After consideration of Defendant's Petition for Post Conviction Relief, and hearing arguments of counsel, the Petition is granted, and Defendant is allowed to withdraw his guilty plea.

On July 1, 1996, Defendant pleaded guilty to driving under the influence for the fourth time within a seven year period. The plea was pursuant to an agreement between Defendant and the Commonwealth; the agreement called for Defendant to receive a sentence of 1-2 years, with credit for time served from February 9, 1996.

Defendant has served his one year minimum, and indeed, has, as of this

*Commonwealth v. Snodgrass*                          219(1997)]

date, served over three months additional. As far as appears of record, Defendant has complied with all the conditions of his incarceration. There is no reason known to me why he should not have been considered for, and granted, parole at the expiration of his minimum.

Our Superior Court has consistently treated plea agreements as contracts between the Commonwealth and the Defendant, and has consistently reaffirmed that it is obligatory on both parties to honor the promises contained in such agreements: *e.g., Com. v. Kroh*, 440 Pa. Super. 1, 654 A.2d 1168 (1995), and *Com. v. Williams*, 333 Pa. Super. 77, 481 A.2d 1230 (1984). The question is whether part of the promise contained in the plea agreement is a promise that a Defendant will be admitted to parole at the expiration of his minimum, if he faithfully complies with the rules of his incarceration.

I don't see why the Commonwealth should not be held to such a commitment. It is of course understood by knowledgeable Defendants, and by their defense attorneys, that parole is a discretionary matter with the State Parole Board (or the sentencing Judge, in the case of "county" sentences.) However, it seems to me to come with ill grace from the Commonwealth to suggest that the "promise" of a minimum sentence is a mere chimera, and that the parole authorities can arbitrarily withhold parole even if a Defendant's conduct has been exemplary.

Life in the real world also tells me that if the word ever gets around among Defendants and their counsel that parole at the expiration of one's minimum may be arbitrarily withheld by the State Parole Board, agreements to state sentences will be much more difficult to come by. Cases which ordinarily would require sentences within the purview of the State Parole Board will all be tried rather than pleaded, and a system already straining under an incredible caseload will become overburdened to an alarming degree.

## ORDER

AND NOW May 9, 1997, after consideration of the arguments of counsel in the above matter and based on the foregoing reasoning, leave is granted to the Defendant to withdraw his guilty plea. The matter shall be placed on the trial list for prompt trial.

# PROOF OF SERVICE

I hereby certify that, I am this day serving a true and correct copy of the for going documents upon the following persons in accordance with the Rules of Appellate Procedure, by U.S. First Class Mail:

Mary C. Keane, Esq.
Administrative Office of Pa. Courts
1515 Market Street, Suite 1414
Philadelphia, Pa. 19102

Certified No. 7002 0510 0002 1525 7908


Thomas F. Halloran, Esq.
Deputy Attorney General
Office of Attorney General
6th Floor, Manor Complex
Pittsburgh, Pa. 15219

Certified No. 7002 0510 0002 1525 7915


John A. Vaskov, Esq.
Prothonotary
Pa. Supreme Court Prothonotary's Office
Supreme Court of Pennsylvania
801 City County Building
414 Grant Street
Pittsburgh, Pa. 15219-2463

Certified No. _7002 0510 0002 1525 7885_

                        Respectfully,

                        _Jessica E. Wolfe_
                        Jessica E. Wolfe
                        DB 0954
                        Box 244
                        Graterford, Pa. 19426

Dated: _9_ / _25_ / _2003_.