**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : : : : : | CIVIL CLASS ACTION |
| Plaintiff | : : | |
| v. | : : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : : : | |
| Defendants. | : | No. 02-2687 |

**PLAINTIFF'S MOTION TO AMEND THE COURT'S ORDER OF AUGUST 26, 2004
IN ACCORDANCE WITH 28 U.S.C. § 1292(b) AND FED. R. APP. P. 5(a)(3)**

Plaintiff JESSICA ELAINE WOLFE©, by her attorneys, hereby moves this Honorable Court to amend its Order of August 26, 2004, granting in part and denying in part defendants' motion to dismiss, to add the statement that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The purpose of this request is to permit plaintiff to seek immediate appellate review of the Court's holding that her Second Amended Complaint fails to state a claim under the Fifth and Fourteenth Amendments to the Constitution, in accordance with Federal Rule of Appellate Procedure 5(a)(3) and 28 U.S.C. § 1292(b). The requested amendment is appropriate under § 1292(b) because:

1.       The Order involves a controlling question of law: to wit, whether plaintiff properly stated a claim under the Fifth and Fourteenth Amendments when she alleged that the Department of Corrections and/or the Board of Probation and Parole has conditioned eligibility

for parole on completion of a sex offender treatment program that requires her to confess to (a)

uncharged, potentially prosecutable conduct; and/or (b) crimes for which she has been sentenced

but which are still the subject of an appeal or petition for collateral relief;

      2.      There is substantial ground for difference of opinion concerning this controlling

question of law; and

      3.      An immediate appeal from the order will materially advance the claims of the

putative class, which otherwise must await the ultimate resolution of plaintiff's individual claims

to proceed with an appeal.

      Plaintiff does not seek to stay proceedings in the District Court on the claims not

dismissed by the Court.

      A proposed form of order accompanies this motion.

      Respectfully submitted,

_____

Mary Catherine Roper

DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700 (Phone)
(215) 988-2757 (Fax)
Attorney for Plaintiffs

Dated:  October 5, 2004.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : : : : : | CIVIL CLASS ACTION |
| Plaintiff | : : | |
| v. | : : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : : : | |
| Defendants. | : | No. 02-2687 |

## ORDER

AND NOW this _____ day of _____, 2004, upon consideration of the

motion of Plaintiff Jessica Elaine Wolfe, to amend the Order of this Court entered on August 26,

2004 so that an appeal may be taken by permission pursuant to Federal Rule of Appellate

Procedure 5(a)(3) and 28 U.S.C. § 1292(b),

IT IS HEREBY ORDERED that Plaintiff's motion is **GRANTED** and that the Order of

August 26, 2004 is amended to state as follows:

1.      Defendants' motion to dismiss the complaint (doc. no. 58) is GRANTED IN

PART and DENIED IN PART;

2.      Counts I, II, III, and IV of the second amended complaint are DISMISSED WITH

PREJUDICE; and

3.      This Court is of the opinion that this Order involves a controlling question of law

as to which there is substantial ground for difference of opinion because neither the United States

Supreme Court nor the United States Court of Appeals for the Third Circuit has published any

decision addressing whether a claim under the Fifth and Fourteenth Amendments is stated where an inmate alleges that the Department of Corrections and/or the Board of Probation and Parole has conditioned eligibility for parole on completion of a sex offender treatment program that requires the inmate to confess to (a) uncharged, potentially prosecutable conduct; and/or (b) crimes for which the inmate has been sentenced but which are still the subject of an appeal or petition for collateral relief in either state or federal court. Immediate appeal of this Order will materially advance the ultimate termination of the litigation as to the named plaintiff and, in particular, the putative class.

_____
Eduardo C. Robreno, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : : : : : | CIVIL CLASS ACTION |
| Plaintiff | : : | |
| v. | : : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : : : | |
| Defendants. | : | No. 02-2687 |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
TO AMEND THE COURT'S ORDER OF AUGUST 26, 2004
IN ACCORDANCE WITH 28 U.S.C. § 1292(b) AND FED. R. APP. P. 5(a)(3)**

Plaintiff JESSICA ELAINE WOLFE© seeks amendment of this Court's Order of August 26, 2004 so that she may seek an immediate appeal of this Court's determination that the Second Amended Complaint fails to state a claim under the Fifth and Fourteenth Amendments to the Constitution. The Order should be certified for immediate appeal pursuant to 28 U.S.C. § 1292(b) because: (1) the Order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that legal question; and (3) immediate appeal may materially advance the ultimate termination of the litigation.[1] See Avellino v. Herron, 991 F. Supp. 730, 734 (E.D. Pa. 1998).

---

[1] 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance

(continued…)

The Court's August 26, 2004 Order satisfies all three of the requirements of § 1292(b). First, the Court's determination that conditioning a prisoner's parole eligibility on his or her participation in a sexual offender treatment program that requires non-immunized admissions of past criminal behavior during the pendency of appeals and other post-trial proceedings does not violate the Fifth or Fourteenth Amendment is a controlling question of "pure law," not subject to further factual development. Second, there has been no clear direction in published opinions from either the United States Supreme Court or the United States Court of Appeals for the Third Circuit on this issue, leaving substantial ground for difference of opinion. Third, allowing for an immediate appeal will materially advance the ultimate termination of the litigation because it will permit the Fifth Amendment and related Fourteenth Amendment claims – the only claims advanced by the putative class – to proceed simultaneously with the strictly individual claims left standing by the Court's Order, rather than waiting for the conclusion of proceedings on those unrelated claims. The individual claims that remain are wholly separate from the dismissed claims and Ms. Wolfe may continue to litigate those claims during the pendency of an interlocutory appeal.[2]

_____

(..continued)

   the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

[2] As Plaintiff does not seek reconsideration or reargument of the Court's decision, this motion does not fall within the ten-day time limit under Local Rule 7.1(g) applicable to motions for reconsideration. E.D. Pa. Civ. Rule 7.1(g). A motion to amend the language of an order to certify it for purposes of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is distinct from a motion for reconsideration of the merits of the decision. See, e.g., Avellino v. Herron, 991 F. Supp. 730, 733-35 (E.D. Pa. 1998) (Robreno, J.) (addressing separately defendant's motion for

(continued…)

## DISCUSSION

Section 1292(b) permits the district court to certify an order to the appellate court if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Institutional efficiency is a major purpose of the certification provision. Forsyth v. Kleindienst, 599 F.2d 1203, 1208 (3d Cir. 1979); Milbert v. Bison Laboratories, Inc., 260 F.2d 431, 433 (3d Cir. 1958). Section 1292(b) "is designed to allow for early appeal of a legal ruling when resolution of the issue may provide more efficient disposition of the litigation." Ford Motor Credit v. S.E. Barnhart & Sons, Inc., 664 F.2d 377, 380 (3d Cir. 1981). In the case at bar, the interests of institutional efficiency and conservation of judicial resources would be best served by permitting immediate appellate review of the dismissed claims.

### A.    The Court's August 26, 2004 Order Involves a Controlling Question of Law.

A controlling question of law is one which "must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." Mest v. Cabot, No. 01-4943, 2004 U.S. Dist. LEXIS 8593, at * 4-*5 (E.D. Pa. May 11, 2004) (quoting Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974) (internal quotations omitted)). See also Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 579 (E.D. Pa. 2001) ("In the Third Circuit, a controlling issue of law is one that would result in a reversal of a judgment after final hearing.") (citing Federal Deposit Ins. Corp. v. Parkway Executive Office Ctr., Nos. 96-121, 96-

---

(..continued)
reconsideration and defendant's motion for certification to seek interlocutory appeal pursuant to § 1292(b)).

122, 1997 U.S. Dist. LEXIS 14939, at *7 (E.D. Pa. Sept. 24, 1997)).  The order "need not be

determinative of any plaintiff's claim on the merits, nor must a reversal of the order terminate the

litigation for a district court to find the existence of a controlling question of law."  Mest, 2004

U.S. Dist. LEXIS 8593, at * 4-*5 (internal citations omitted).[3]

     The Third Circuit hears permissive interlocutory appeals pursuant to § 1292(b) where the

case presents a question as to the application of Supreme Court precedent, Mineo v. Port

Authority of New York and New Jersey, 779 F.2d 939, 940 (3d Cir. 1985), or an important

question of first impression in the Circuit, id.; see also Three Rivers Center for Independent

Living v. Housing Authority of the City of Pittsburgh, No. 03-4356, 2004 U.S. App. LEXIS

18288, at *12 (3d Cir. Aug. 30, 2004).  The Third Circuit has permitted appeal under § 1292(b),

e.g., of a district court's partial dismissal of a § 1983 suit involving novel questions concerning

the plaintiff's rights.  See, e.g., Callahan v. City of Philadelphia, 207 F.3d 668, 669 (3d Cir.

2000).

     The August 26, 2004 Order and Opinion in this case involve a controlling question of

law, to wit: how the Supreme Court's decision in McKune v. Lile, 536 U.S. 24 (2002), should be

---

[3] Other Circuits have defined the boundaries of a controlling question of law under § 1292(b).
For example, the Ninth Circuit teaches that a controlling question of law must be one whose
resolution would materially affect the outcome of the case in district court.  Ariziona v. Ideal
Basic Industries, 673 F.3d 1020, 1027 (9th Cir. 1982).  On the same issue, Judge Posner
announced the Seventh Circuit's rule that the controlling question of law must be

> a question of the meaning of a statutory or constitutional provision, regulation or
> common law doctrine . . . [Section 1292(b) is] referring to a 'pure' question of
> law rather than merely to an issue that might be free from a factual contest.  The
> idea [when § 1292(b) was drafted] was that if a case turned on a pure question of
> law, something the court of appeals could decide quickly and cleanly without
> having to study the record, the court should be enabled to do so without having to
> wait [un]till the end of the case.

Ahrenholz v. Board of Trustees of the University of Ill., 219 F.3d 674, 676-77 (7th Cir. 2000).

applied where the penalty for refusal to participate in a sex offender treatment program is ineligibility for parole. It is a controlling question of "pure law," requiring no further factual development or procedural determination, and if erroneous, this Court's determination on that question would be reversible on final appeal. Cf. Avellino, 991 F. Supp. at 734 (denying request for certification where motion to dismiss had been denied on grounds that further factual development was needed to evaluate properly the proffered defense). As such, it qualifies for § 1292(b) certification.

> **B.** **There Is Substantial Ground for Difference of Opinion As To The Court's Determination That Plaintiff Has Failed To Plead A Claim Under The Fifth Amendment.**

Where a precedential Supreme Court or governing Court of Appeals decision has not been extended to the facts of the case at bar, or where there are conflicting applicable precedents, there is substantial ground for difference of opinion under § 1292(b). See Mest, 2004 U.S. Dist. LEXIS 8593, at *6; Federico, 158 F. Supp. 2d at 579. See also Calhoun v. Yamaha Motor Corp., USA, No. 90-4295, 1993 U.S. Dist. LEXIS 9047, at *5-*6 (E.D. Pa. June 2, 1993) (finding substantial ground for difference of opinion where plaintiff's unsuccessful arguments in the district court were nevertheless supported by "force and considerable case law"), aff'd in part, rev'd in part on other grounds, 40 F.3d 622 (3d Cir. 1994), aff'd, 516 U.S. 199, 116 S.Ct. 619 (1996).

There is substantial ground for difference of opinion on the question of the proper application of the McKune decision and the Fifth Amendment to the facts alleged in this case because that circumstance has not been addressed in published opinions. The splintered McKune Court did not reach this question, as the penalties at issue in that case were far less severe than the effective revocation of parole eligibility faced by Plaintiff here. However, each opinion in

<u>McKune</u> at least suggests that punishing an inmate's refusal to incriminate herself by extending the length of her incarceration through revocation of parole eligibility constitutes unconstitutional compulsion under the Fifth Amendment.  See <u>McKune</u>, 536 U.S. at 52 (O'Connor, J., concurring)[4] ("The penalties faced in these cases – longer incarceration and execution – are far greater than those we have already held to constitute unconstitutional compulsion in the penalty cases."); <u>id.</u> at 38 (Kennedy, J., plurality) ("In the present case, respondent's decision . . . did not extend his term of incarceration.  Nor did his decision affect his eligibility for good-time credits or parole."); <u>id.</u> at 56, 62-64 (Stevens, J., dissenting) (arguing that even loss of privileges suffered by McKune amounted to unconstitutional compulsion).

In its August 26, 2004 Opinion and Order, this Court was faced with a question not reached by the Supreme Court and on which the Third Circuit has not published an opinion.  This Court elected to adopt the reasoning and analysis contained in an unpublished Third Circuit opinion, <u>Thorpe v. Grillo</u>, 80 Fed. Appx. 215 (3d Cir. 2003).  <u>Cf.</u> 3d Cir. I.O.P. Rule 5.3 & 5.7 (unpublished opinions are "designated as not precedential" and "not regarded as precedents that bind the court . . ."). This Court wrote:

> Recently, the Third Circuit has weighed in on the issue, albeit in a non-precedential opinion . . . Because <u>Thorpe</u> is a non-precedential Third Circuit opinion, it is not binding on this Court.  However, the Court finds the analysis used by the Third Circuit persuasive and will apply its reasoning to the instant case.

---

[4]  Because no single rationale explains the result of the divided <u>McKune</u> court, lower courts should view the case holding to be the "position taken by those Members who concurred in the judgments on the narrowest grounds."  <u>Marks v. United States</u>, 430 U.S. 188, 193 (1977).  As the Tenth Circuit did in <u>Searcy v. Simmons</u>, 299 F.3d 1220, 1225 (10th Cir. 2002), this Court should view Justice O'Connor's concurrence as the holding of <u>McKune</u>.

Aug. 26, 2004 Op. at 18-19.  The <u>Thorpe</u> decision, however, relied on a conclusory and imprecise characterization of <u>McKune</u>,[5] as well as inapplicable Supreme Court and Third Circuit decisions made in the context of police failure to provide <u>Miranda</u> warnings.  Moreover, the <u>Thorpe</u> decision is procedurally inapposite.  The <u>Thorpe</u> panel reviewed a grant of summary judgment, not a motion to dismiss – affirming the district court's holding that the record in that case demonstrated that "the DOC's policy did not automatically deprive [Thorpe] of consideration for parole," and therefore affirming the grant of summary judgment.  <u>Thorpe</u>, 80 Fed. Appx. at 219.  The <u>Thorpe</u> panel did not hold—and could not hold, consistent with <u>McKune</u>—that the denial of parole never constitutes sufficient compulsion to make out a Fifth Amendment claim.  The unsettled nature of the caselaw governing this issue clearly creates substantial ground for difference of opinion, and qualifies it for § 1292(b) certification.[6]

---

[5] <u>See</u> <u>Thorpe</u>, 80 Fed. Appx. at 219 (describing the <u>McKune</u> plurality's holding as "characterizing compulsion under the Fifth Amendment as hinging on the automatic nature and severity of the threatened punishment.").  While, as is discussed above, the <u>McKune</u> plurality opinion certainly suggested that more severe penalties might constitute compulsion, it did not hinge any finding as to Fifth Amendment compulsion on the automatic nature of the punishment involved.  In addition, of course, the plurality opinion relied upon by the <u>Thorpe</u> panel is not precedential.  <u>See</u> <u>Marks</u>, 430 U.S. at 193.

[6] The Court of Appeals may be aided by an Order that specifically identifies the legal question being certified for appeal.  <u>See</u> <u>McFarlin v. Conseco Svcs., LLC</u>, No. 03-13958, 2004 U.S. App. LEXIS 18161, at *35 (11th Cir. Aug. 26, 2004) ("When a district court certifies an order for appeal, it should specify the controlling question of law it has in mind.").  The District's Court's identification of the issue it believes appropriate for interlocutory appeal will not, however, limit the appellate court's scope of review, for "appellate jurisdiction applies to the order certified to the court of appeals, and is not tied to the particular question formulated by the district court." <u>Calhoun</u>, 516 U.S. at 205.  Plaintiff has submitted a proposed order setting forth the issue for which Plaintiff believes interlocutory review is appropriate, which the Court may wish to edit.

**C.    Allowing for an Immediate Appeal Will Materially Advance the Ultimate Termination of this Litigation**

Section 1292(b) "is designed to allow for early appeal of a legal ruling when resolution of the issue may provide more efficient disposition of the litigation." <u>Ford Motor Credit v. S.E. Barnhart & Sons</u>, 664 F.2d 377, 380 (3d Cir. 1981).  Certification for interlocutory appeal pursuant to § 1292(b) has been found to meet this standard where it will speed settlement, <u>Calhoun</u>, 1993 U.S. Dist. LEXIS 9047, at *6, clarify the application of ambiguous regulations, <u>Donati v. Secretary of Health and Human Services</u>, 589 F. Supp. 624, 624 (D.C. Pa. 1984), or eliminate duplicative efforts at the district court level, <u>Mest</u>, 2004 U.S. Dist. Lexis 8593, at *7-*8.

In this case, interlocutory appeal is appropriate because it will allow for efficient resolution of the claims brought on behalf of the absent class members, as well as those asserted by Ms. Wolfe on her own behalf.  In dismissing the claims brought under the Fifth and Fourteenth Amendments, this Court eliminated all of the claims for injunctive relief brought on behalf of the putative class, but left for further proceedings unrelated claims under the Ex Poste Facto Clause and the First Amendment.  In the absence of a permissive appeal, the class claims for injunctive relief would be stranded in limbo, awaiting the process of discovery, summary judgment briefing and trial of Ms. Wolfe's unrelated individual claims.  The injunctive claims are brought on behalf of men and women – including Ms. Wolfe – who contend that their incarceration is being unfairly extended through the use of unconstitutional parole considerations.  To force them to await the resolution of unrelated claims before proceeding with their claims for injunctive relief is both unnecessary and inconsistent with the purpose of an action for injunctive relief.  Nor would a permissive appeal require a stay of proceedings with respect to Ms. Wolfe's remaining claims: those claims relate solely to whether the Parole Board

properly applied the pre-1997 standard in evaluating her request for parole and whether the

Board members sought to place additional hurdles in the way of Ms. Wolfe's parole as a result of

her filing of this lawsuit.  Those questions are entirely distinct from the question whether the

DOC and the Parole Board may, consistent with the Fifth Amendment, preclude parole for any

inmate who refuses to take the Sex Offenders Treatment Program in order to protect post

conviction proceedings or prevent future prosecution.

## <u>CONCLUSION</u>

This Court should amend its August 26, 2004 Order to reflect that the Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal may materially advance the ultimate termination of the litigation, thus certifying it for application for permissive interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff's dismissed § 1983 claims involve a pure question of law, and thus represent proper subjects of interlocutory appellate review pursuant to § 1292(b). <u>See</u> <u>Chan v. City of New York</u>, 1 F.3d 96, 101 (2d Cir. 1993) (Section 1292(b) was the proper procedural vehicle by which to secure appellate review of plaintiff's § 1983 claims). The claims involve a controlling question of law as to which no definitive guidance has been published by the Third Circuit or the Supreme Court, and so substantial ground for difference of opinion exists. Finally, allowing for an immediate appeal will materially advance the ultimate termination of this litigation by permitting the important legal issue at the heart of the class claims to proceed.

Respectfully submitted,

_____

Mary Catherine Roper

DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700 (Phone)
(215) 988-2757 (Fax)
Attorney for Plaintiffs

Dated:  October 5, 2004.

## <u>CERTIFICATE OF SERVICE</u>

I, Mary Catherine Roper, hereby certify that on this date I caused a true and correct copy

of the foregoing document to be served upon counsel of record for all defendants, by causing

said copies to be delivered to counsel by U.S. Mail, first-class, postage prepaid, to the following:

> Beth Anne Smith
> Office of Attorney General
> 21 S. 12th Street, 3rd Floor
> Philadelphia, PA 19107-2130
> (215) 560-2130 (Phone)
> Attorney for Defendants

Dated: October 5, 2004.

> _____
> Mary Catherine Roper
> Attorney I.D. No. 71107
> DRINKER BIDDLE & REATH LLP
> One Logan Square
> 18th and Cherry Streets
> Philadelphia, PA 19103-6996
> (215) 988-2700 (Phone)
> (215) 988-2757 (Fax)
> Attorneys for Plaintiffs