IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

## ORDER

AND NOW, this        day of          , 2004, upon consideration of plaintiff Jessica Elaine Wolfe's motion to amend the Court's Order of August 26, 2004 and defendants' opposition thereto, it is hereby ORDERED that plaintiff's motion is DENIED.

BY THE COURT:

_____
EDUARDO C. ROBRENO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COURT'S ORDER OF AUGUST 26, 2004

Defendants Castor, Descher, Green, Imboden, Lucht, Martinez, Muller, Ryan, Shannon, Ward, Webster, White, and Wildenstein, by their attorney, hereby oppose plaintiff Jessica Elaine Wolfe's motion to amend the Court's Order of August 26, 2004 ("August 26 Order"). As more fully discussed in the attached memorandum of law, plaintiff's motion should be denied for the following reasons:

    1. The August 26 Order was entered on August 30, 2004.

    2. Section 1292(b) of title 28, United States Code provides that "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, *he shall so state in writing in such order.*" 28 U.S.C. § 1292(b)(emphasis added).

    3. The August 26 Order contains no written statement that it involves a controlling question of law as to which there is substantial ground for difference of opinion and that an

immediate appeal from the order may materially advance the ultimate termination of the litigation.

    4.  Because the August 26 Order does not contain the written statement which would allow plaintiffs to seek an interlocutory appeal, plaintiff's motion to amend the August 26 Order should be deemed a motion for reconsideration.

    5.  Rule 7.1(g) of the Local Rules of the Eastern District of Pennsylvania provides that a motion for reconsideration must be made within ten (10) days of entry of the order.

    6.  Because plaintiff's motion was not filed within ten (10) days of entry of the August 26 Order, said motion is untimely under Local Rule 7.1(g).

    7.  The August 26 Order does not "involve a controlling question of law as to which there is substantial ground for difference of opinion" as required by 28 U.S.C. § 1292(b).

    WHEREFORE, defendants request the Court to enter an order substantially in the form attached hereto, denying plaintiff's motion to amend the August 26 2004 Order.

                                                      GERALD J. PAPPERT
                                                      ATTORNEY GENERAL

BY:    s/ Beth Anne Smith
         Beth Anne Smith
         Senior Deputy Attorney General
         Identification No. 47162

         Susan J. Forney
         Chief Deputy Attorney General
         Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND THE COURT'S ORDER OF AUGUST 26, 2004

INTRODUCTION

On August 26, 2004, the Court issued a Memorandum and Order (hereinafter, "August 26 Order") granting in part and denying in part defendants' motion to dismiss plaintiffs' second amended complaint. Consequently, the Court has dismissed the class claims and most of the named defendants from the case. All that remain are plaintiff Jessica Elaine Wolfe's ex post facto and retaliation claims against defendants Castor, Descher, Green, Imboden, Lucht, Martinez, Muller, Ryan, Shannon,Ward, Webster, White, and Wildenstein. The August 26 Order was entered on August 30, 2004.

Plaintiff Wolfe has now moved to amend the August 26 Order. Specifically, plaintiff requests the Court to amend the order by adding a written statement that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Plaintiff needs such written statement is needed in order to take an interlocutory appeal in accordance with 28 U.S.C. § 1292(b).

Defendants hereby oppose plaintiff's motion.  As more fully set forth below, the motion to amend is actually an untimely motion for reconsideration.  Moreover, the August 26 Order does not involve a controlling question of law as to which there is substantial ground for difference of opinion.  Accordingly, the Court should deny plaintiff's motion.

Plaintiff's Motion is an Untimely Motion for Reconsideration

Section 1292(b) of title 28, United States Code provides in relevant part that "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, *he shall so state in writing in such order.*" 28 U.S.C. § 1292(b)(emphasis added).

In this case, the August 26 Order contains no written statement that it involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  Because plaintiff is asking the Court to reconsider its omission and now add the written statement to the August 26 Order, plaintiff's motion to amend is actually a motion for reconsideration.  Under Local Rule of Civil Procedure 7.1(g), a motion for reconsideration of an order must be filed within ten days of entry of the order.  In this case, the August 24 Order was entered on the docket on August 30, 2004 and mailed to counsel.  Accordingly, any motion for reconsideration of the order was due no later than September 17, 2004.  See Fed.R.Civ.P. 6(a) and (e)(regarding computation of time and allowance of additional three days after service by mail).

Plaintiff filed his motion for reconsideration on October 5, 2004 – eighteen days late. He proffers no reason or excuse for the untimeliness of his motion except to deny that L.R. 7.1(g) applies at all. According to plaintiff, "[a] motion to amend the language of an order to certify it for purposes of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is distinct from a motion for reconsideration of the merits of the decision." Plaintiff's Brief at 2, n.2 (citing Avellino v. Herron, 991 F.Supp. 730, 733-35 (E.D. Pa. 1998)(Robreno, J.). Such argument misses the mark. While there may have been two motions filed in Avellino, nothing in that case suggests that the motion for reconsideration was untimely or that the motion for certification was filed outside of L.R. 7.1(g)'s ten day limit.

Plaintiff would apparently have this Court believe that a motion to amend an order granting a motion to dismiss, for purposes of seeking interlocutory appeal, may be filed at any time without running afoul of any rule of civil procedure. That position makes no sense. The federal rules and the local rules contemplate that a party seeking an interlocutory appeal from an order must act promptly. Because the Court did not include a written statement in the August 26 Order that it involved a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation, any subsequent request for inclusion of such written statement is in effect a motion for reconsideration. Accordingly, L.R. 7.1(g) applies, and plaintiff's motion to amend should be denied as untimely.

3

>The August 26 Order Does Not Involve a Controlling Question of Law As To
>Which There Is Substantial Ground for Difference of Opinion

Even if the Court determines that plaintiff's motion to amend is not a motion for reconsideration or that his motion was timely filed, the Court should deny the motion on the merits.

Plaintiff argues that the August 26 Order involves a controlling question of law as to which there is substantial ground for difference of opinion. While the order does involve controlling questions of law, defendants submit that there is <u>no</u> substantial ground for difference of opinion. Plaintiff has not pointed to a single case which supports his position that denying parole to a convicted sex offender for his refusal to participate in a sex offender treatment program violates that prisoner's Fifth Amendment right to not to incriminate himself. Indeed, for a court to hold otherwise would fly in the face of common sense, the rehabilitative purpose of incarceration, and virtually every opinion addressing this issue.

In analyzing a Fifth Amendment claim, the Court must determine whether the challenged action – in this case, the denial of or negative recommendation for parole – amounts to compulsion. <u>Forsythe v. Walters</u>, 2002 WL 1283400,*1 (3d Cir. 2002)(citing <u>Lefkowitz v. Cunningham</u>, 431 U.S. 801, 806 (1977) ("the touchstone of the Fifth Amendment is compulsion"). To do this, the Court must look at the plaintiff's "baseline level of freedom and rights." 49 U. Kan. L. Rev. 487, 507 & n. 144 (citing <u>Greenholtz v. Inmates of the Neb. Penal Corr. Complex</u>, 442 U.S. 1, 10 (1979)("The differences between an initial grant of parole and the revocation of the conditional liberty of the parolee are well recognized" and "'there is a human difference between losing what one has and not getting what one wants'")(quoting Henry J. Friendly, "Some Kind of Hearing," 123 U. Pa. L. Rev. 1267, 1296 (1975)).

4

In Forsythe v. Walters, supra, the Third Circuit held that conditioning a prisoner's acceptance into a voluntary pre-release program on an admission of guilt did not violate the Fifth Amendment, because prisoners have no right to pre-release. Id., 2002 WL 1283400, *1 (citing Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 286 (1998)(holding that parole authorities' drawing of adverse inference from prisoner's refusal to answer questions during clemency interview did not violate 5th amendment because interview was voluntary). The fact that a prisoner might feel "pressured" to answer questions in order to improve his chance for clemency did not amount to compulsion under the Fifth Amendment. Forsythe, 2002 WL 1283400, *1 (citing Woodard, 523 U.S. at 288).

The courts have consistently rejected the argument that a prisoner is entitled to admission into a parole-related program. Forsythe, 2002 WL 1283400, *1. "Rather, courts have characterized parole merely as a "benefit" that a state may choose to provide to an inmate." Id. (citing Ainsworth v. Risley, 244 F.3d 209, 216 (1st Cir.2001)(characterizing parole as "benefit" which a state may condition with eligibility requirements pertaining to the admission of guilt); Doe v. Sauer, 186 F.3d 903, 906 (8th Cir.1999)(upholding denial of parole to an inmate who refused to admit guilt)).

It is well-established that a Pennsylvania prisoner has no protected liberty interest in the grant of parole under either the Fourteenth Amendment or state law. Greenholtz, supra; Thorpe v. Grillo, 2003 WL 22477890, *3 (3d Cir. 2003)(citing Coady v. Vaughn, 770 A.2d 287, 291 (Pa.2001); Rogers v. Pa. Bd. of Prob. & Parole, 724 A.2d 319, 322-23 (Pa.1999)). Similarly, while deliberate indifference to the incarceration of a prisoner beyond his maximum sentence may be deemed cruel and unusual punishment, see Sample v. Diecks, 885 F.2d 1099,1108, 1110 (3d Cir. 1989), in this case plaintiff does not and cannot allege that his maximum sentence

5

has expired. Denial of parole to a Pennsylvania prisoner who is still serving a valid sentence cannot be deemed "longer incarceration," an extension of his term of incarceration, or any other sort of additional penalty, just because he is past his minimum date.[1] See Thorpe v. Grillo, 2003 WL 22477890, *3 (3d Cir.2003)(prisoner's refusal to admit guilt and resulting inability to participate in sex offender treatment program did not extend term of incarceration or deprive him of consideration for parole); Forsythe v. Walters, 2002 WL 1283400,*1 (3d Cir.2002)(because an inmate's sentence is the maximum period of confinement imposed by the sentencing court, denial of parole does not amount to a change of sentence)(citing Weaver v. Pa. Bd. of Probation and Parole, 688 A.2d 766, 769 (Pa. Commw. 1997)(grant of parole does not eliminate prisoner's sentence; rather, prisoner continues to serve his sentence during which time he is subjected to society's rehabilitation efforts under supervision). Thus, at the expiration of his minimum sentence, a Pennsylvania prisoner is only eligible for parole consideration, not necessarily qualified for parole. See Burkett v. Love, 89 F.3d 135, 139 (3d Cir.1996)(mere possibility of parole affords no constitutional rights to prisoners); Evans v. Pennsylvania Bd. of Probation and Parole, 820 A.2d 904, 913 (Pa.Commw.2003)("Parole prior to the expiration of his maximum sentence is an act of executive grace to which an inmate has no entitlement") .

Given this conceptual framework, it is clear that there is no substantial difference of opinion as to the controlling law, i.e., that the denial of parole to a Pennsylvania prisoner and convicted sex offender who refuses to participate in sex offender treatment does not amount to compulsion under the Fifth Amendment. The mere fact that McKune is a plurality opinion, or that Thorpe an unpublished one, does not cast doubt on either decision. Both cases hinged on

---

[1] Pennsylvania prisoners do not earn "good time credits." See *Sentencing by Prison Personnel: Good Time,* 30 UCLA L.R. 217, 270 & n.34 (Dec. 1982). Thus, any case holding that a decision affecting good time credits necessarily implicates a protected liberty interest has no bearing on the instant matter.

whether the challenged action was automatic and severe.  See Thorpe, 2003 WL 22477890,*3 (citing McKune v. Lile, 536 U.S. 24, 38, 43-45 (2002)(Kennedy, J., plurality)(characterizing compulsion under the Fifth Amendment as hinging on the automatic nature and severity of the threatened punishment)).  In this case, nothing in plaintiff's second amended complaint indicates that the denial of parole was either automatic or severe.  Plaintiff admits that he was indeed considered for parole.  Second amended complaint, ¶¶ 71-74, 86-88.  He also admits that his refusal to participate in sex offender programming was the deciding factor in the negative recommendation for and subsequent denial of parole.  Id., ¶ 89.  Given these admissions, and because, as a matter of law, a Pennsylvania prisoner has no right under either the Constitution or state law to be released prior to the expiration of his maximum sentence absent a valid court order,[2] the negative recommendation for parole and the denial of parole were neither automatic nor severe.  There is no substantial difference of opinion: such decisions do not amount to compulsion under the Fifth Amendment.  Accordingly, plaintiff's request to amend the August 26 Order should be denied.

---

[2] Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993)(given judge's clarification of sentencing order to indicate prisoner's immediate release, fact that maximum sentence had not yet run did not vitiate prisoner's 8th amendment claim).

<u>CONCLUSION</u>

For all the reasons stated above, defendants respectfully request the Court to deny plaintiff's motion to amend the August 26 Order.

                              GERALD J. PAPPERT
                              ATTORNEY GENERAL

BY:   <u>s/ Beth Anne Smith</u>
        Beth Anne Smith
        Senior Deputy Attorney General
        Identification No. 47162

        Susan J. Forney
        Chief Deputy Attorney General
        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

CERTIFICATE OF SERVICE

I, Beth Anne Smith, Senior Deputy Attorney General, hereby certify that defendants' response in opposition to plaintiff's motion to amend the Court's August 26, 2004 order was filed electronically on October 22, 2004 and is available for viewing and downloading from the ECF system. I further certify that a true and correct copy of said document was served on the same date by electronic mail notification to:

    Mary Catherine Roper, Esquire
    Drinker Biddle & Reath LLP
    18th & Cherry Streets
    One Logan Square
    Philadelphia, Pa 19103-6996

                      GERALD J. PAPPERT
                      ATTORNEY GENERAL

BY:    s/ Beth Anne Smith
        Beth Anne Smith
        Senior Deputy Attorney General
        Identification No. 47162

        Susan J. Forney
        Chief Deputy Attorney General
        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130