IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INMATES OF THE PENNSYLVANIA          :        CIVIL ACTION
DEPARTMENT OF CORRECTIONS,

                         Plaintiffs         :

        v.                                  :

THE PENNSYLVANIA DEPARTMENT
OF CORRECTIONS, et al.,                     :

                         Defendants         :        No. 02-2687


## <u>ORDER</u>

        AND NOW, this        day of        , 2005, upon consideration of the Parole Board

defendants' motion for protective order and for good cause shown, it is hereby ORDERED that

said motion is GRANTED.   Plaintiffs' notices for the depositions of Parole Board defendants are

hereby QUASHED.


                                BY THE COURT:


                                _____
                                EDUARDO C. ROBRENO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INMATES OF THE PENNSYLVANIA                :      CIVIL ACTION
DEPARTMENT OF CORRECTIONS,

                           Plaintiffs        :

        v.                                   :

THE PENNSYLVANIA DEPARTMENT
OF CORRECTIONS, et al.,                     :

                           Defendants        :      No. 02-2687

**PAROLE BOARD DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, defendants Castor,

Descher, Green, Imboden, Lucht, Martinez, Muller, Ryan, Ward, Webster, and White

(collectively, "Parole Board defendants") respectfully move the Court to enter a protective order

and quash plaintiff Jessica Elaine Wolfe's notices of deposition to the Parole Board defendants,

for the following reasons:

        1. In his second amended complaint, Wolfe asserts, among other things, that Parole

Board defendants violated his rights under the Ex Post Facto Clause and denied him parole in

retaliation for his refusal to participate in a sex offender treatment program.  He seeks damages

only.  Wolfe v. Pennsylvania Dep't of Corrections, 334 F.Supp.2d 762, 776 n.10 (E.D.Pa.2004)

("the two remaining counts seek only damages").

        2. On or about March 3, 2005, Wolfe served the undersigned counsel with thirteen

notices of deposition, including a notice of deposition for each Parole Board defendant.  True

and correct copies of the notices of deposition are attached hereto as Exhibit A.

3. In this Circuit it is well-established that the decision to deny parole is an adjudicatory or quasi-judicial duty entitling parole board members to absolute quasi-judicial immunity from damages.

4. Because Parole Board defendants are entitled to absolute immunity from damage claims based on their decision to deny parole, Wolfe's damage claim and related discovery requests are frivolous, violate Rule 11 of the Federal Rules of Civil Procedure, and seek only to oppress, burden and vex the Parole Board defendants.

5. In addition, as high-ranking government officials, Parole Board defendants should not be subjected to deposition absent a showing by Wolfe that their testimony is likely to lead to the discovery of admissible evidence, is essential to Wolfe's case and that this evidence is not available through any alternative source or less burdensome means.

6. In light of Parole defendants' absolute quasi-judicial immunity, and because Wolfe has not shown that Parole Board defendants' deposition testimony is likely to lead to the discovery of admissible evidence, is essential to his case, and is not available through any alternative source or less burdensome means, the Court should enter a protective order that the discovery is not to be had and quash the notices of deposition directed to the Parole Board defendants.

WHEREFORE, the Parole Board defendants respectfully request the Court to enter an order substantially in the form attached hereto, granting this motion for protective order,

2

quashing Wolfe's notices of deposition and granting any such further relief as is proper and just.

THOMAS W. CORBETT, JR.
ATTORNEY GENERAL

BY:    s/ Beth Anne Smith
Beth Anne Smith
Senior Deputy Attorney General
Identification No. 47162

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

## MEMORANDUM OF LAW IN SUPPORT OF PAROLE BOARD DEFENDANTS' MOTION FOR PROTECTIVE ORDER

INTRODUCTION

Plaintiff Jessica Elaine Wolfe, a prisoner in the custody of the Pennsylvania Department of Corrections, pled guilty to and was convicted of rape and is presently serving a state sentence for that crime. In his second amended complaint, Wolfe sued, among others, former and current members of the Pennsylvania Board of Probation and Parole ("Parole Board"), claiming that they violated his rights under the Ex Post Facto Clause and retaliated against him by denying him parole because of his refusal to participate in a sex offender treatment program. He seeks damages only. Wolfe v. Pennsylvania Dep't of Corrections, 334 F.Supp.2d 762, 776 n.10 (E.D.Pa. 2004)("the two remaining counts seek only damages").

Wolfe has now noticed the deposition of each of the eleven Parole Board defendants (Castor, Descher, Green, Imboden, Lucht, Martinez, Muller, Ryan, Ward, Webster, and White). (True and correct copies of the notices of deposition are attached hereto as Exhibit A). For the reasons set forth below, the Parole Board defendants request the Court to enter a protective order and quash Wolfe's notices of deposition.

APPLICABLE STANDARD UNDER FED.R.CIV.P. 26(c)

Rule 26(c) of the Federal Rules of Civil Procedure provides: "Upon motion by a party ... and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Good cause is shown "by demonstrating a particular need for protection." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir.1986). The district court has the discretion to issue a protective order that imposes restrictions on the extent and manner of discovery where necessary to protect a party. Rule 26(c) further provides that such orders may be crafted to create any of a broad range of requirements, including (1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters; [and] (5) that discovery be conducted with no one present except persons designated by the court. Thus, Rule 26(c) provides district courts with the power to formulate a detailed solution that reflects the concerns of particular individual disputes. Pearson v. Miller, 211 F.3d 57, 72-73 (3d Cir. 2000).

Because Parole Board Members Are Entitled to Absolute Immunity From Wolfe's Damage Claims, Their Deposition Testimony Has No Relevance to this Case

In its August 26, 2004 Memorandum and Order, the Court declined to address the issue of absolute immunity given that the matter had not been briefed as well as the "fact-intensive nature of the inquiry." Wolfe, supra, at n.12. In so ruling, the Court relied on Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 428 (3d Cir.2003). Desi's Pizza, however, involved absolute *prosecutorial* immunity, a more factually complex issue than the inquiry involved here,

2

where the Parole defendants have asserted absolute *judicial* or *quasi-judicial* immunity (both at

oral argument and as an affirmative defense set forth in their answer to the second amended

complaint). The court should examine the allegations of the plaintiff's complaint, see Wilson v.

Rackmill, 878 F.2d 772, 775-76 (3d Cir.1989), and, in particular, the nature and function of the

parole defendants' alleged actions. Nellom v. Luber, 2004 WL 816922, *6 (E.D.Pa. 2004)(citing

Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir.1992)).

   In this case, Wolfe's allegations point to the absolute immunity of the Parole Board

defendants. Wolfe alleges that the Parole Board defendants "continuously, systematically and

deliberately denied parole to, and retaliated against, Plaintiff...based on [his] refusal to

participate in voluntary sex offender programs that require participants to disclose past sexual

conduct." Second amended complaint, ¶ 2. Wolfe further alleges that Parole Board defendants

"through their retaliation against Plaintiff and their imposition of parole requirements and

standards not applicable to [him], violated the Ex Post Facto Clause[.]" Id., ¶ 3. Plainly, Wolfe

is seeking damages for the denial of parole on the theory that the Parole Board defendants

unlawfully considered improper factors, including his refusal to participate in sex offender

treatment, when making their decision to deny him parole. As a matter of law, Wolfe cannot

recover such damages.

   Since 1977, the Third Circuit has held that parole board officials are entitled to absolute

immunity from damage claims arising out of their performance of adjudicatory duties. Wilson v.

Rackmill, 878 F.2d 772, 775 (3d Cir.1989); Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir.1986);

Thompson v. Burke, 556 F.2d 231, 238 n.13 (3d Cir.1977)(parole board members' adjudicatory

functions include their ability to affect the length or terms of imprisonment, as well as the times

when convicts may be paroled or discharged). The courts of the Eastern District have

3

consistently followed these decisions.  See, e.g., Nellom v. Luber, 2004 WL 816922, *6 (E.D.Pa.

2004) (to the extent plaintiff's claims attack the Parole Board's decisions, the Parole Board

defendants are entitled to absolute immunity); Hayes v. Muller, 1996 WL 583180, *4

(E.D.Pa.1996)(dismissing claims asserted against Parole Board Chairman as barred by doctrine

of absolute immunity); Munyan v. Traister, 1990 WL 135695, *1 (E.D.Pa.1990)(because

decision to revoke parole is adjudicatory in nature, parole officials are entitled to absolute

immunity from § 1983 suits for damages).

    "Our quasi-judicial immunity cases demonstrate that the primary function to be protected

is judicial or quasi-judicial decision making. This is true of cases challenging discretionary

conduct by a quasi-judicial body like a parole board[.]"  Richman v. Sheahan, 270 F.3d 430,

436 (7th Cir. 2001), cert. denied, 535 U.S. 971 (2002).  Adjudicatory acts that entitle a parole

official to absolute immunity include hearing evidence, making recommendations as to whether

to parole a prisoner, and making decisions as to whether to grant, revoke, or deny parole.[1]

Breslin v. Brainard, No. 01-7269, 2002 WL 31513425, at *7 n.10 (E.D.Pa. Nov.1, 2002)(citing

Wilson, 878 F.2d at 776).

    In this case, Wolfe alleges that the Parole Board defendants denied him parole "based

solely on his refusal to participate in the Sex Offender Program."  Second amended complaint, ¶¶

89, 91.  As shown above, it is well-settled in this Circuit, as well as every other Circuit, that

---

[1]Parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole. In contrast, a parole officer is not entitled to absolute immunity for his executive or administrative acts, such as investigations, searches and seizures, preparation of warrants and presentencing reports, or giving information to a parole board. See Breslin v. Brainard, No. 01-7269, 2002 WL 31513425, at *7 n.10 (E.D.Pa. Nov.1, 2002).  In this case, it is clear that Wolfe is challenging the denial of his parole, which he asserts was illegal, and the factors the Parole Board defendants considered in making that decision. See second amended complaint, ¶¶ 2, 3, 89, 91. All of this conduct falls within Parole Board defendants' adjudicatory function, and thereby entitles them to absolute immunity from Wolfe's damage claims.

denial of parole is an adjudicatory or quasi-judicial act entitled to absolute immunity.[2]  Wolfe cannot possibly recover damages from any Parole Board member, regardless of the content of that defendant's deposition testimony.  The depositions will not provide Wolfe with any relevant evidence or even information that is reasonably likely to lead to the discovery of admissible evidence.  While Wolfe, who is unlettered in the law, may be forgiven for asserting a patently frivolous claim while he was *pro se*, his attorneys must comply with Rule 11 and should not be permitted to pursue frivolous claims or take vexatious depositions.  See Munyan v. Traister, 1990 WL 135695, *1-2 (E.D.Pa.1990)(dismissing as frivolous plaintiff's § 1983 damage claims against parole officials).  Clearly, the only conceivable purpose of the depositions is to oppress, harass and vex the Parole Board defendants.

For these reasons, the Court should enter a protective order quashing the notices of deposition directed to the Parole Board members.

<u>Parole Board Defendants Are High Ranking Officials Who Should Not Be Subjected to Deposition</u>

As the Court is aware, each of the Parole Board defendants is a former or present Chairman or member of the Parole Board.  As high ranking government officials, they should not be subjected to deposition, particularly where, as demonstrated above, such depositions have

---

[2] See Johnson v. Rhode Island Parole Bd. Members, 815 F.2d 5, 8 (1st Cir.1987); Montero v. Travis, 171 F.3d 757, 761-62 (2d Cir.1999); Franklin v. Shields, 569 F.2d 784, 798 (4th Cir. 1977), cert.denied, 435 U.S. 1003 (1978); Littles v. Board of Pardons & Paroles Div., 68 F.3d 122, 123 (5th Cir.1995)(per curiam); Tillman v. Price, 113 F.3d 1236, 1997 WL 225993, *1 (6th Cir. 1997); Walrath v. United States, 35 F.3d 277, 281-82 (7th Cir.1994); Anton v. Getty, 78 F.3d 393, 396 (8th Cir.1996); Anderson v. Boyd, 714 F.2d 906, 908-10 (9th Cir.1983); Russ v. Uppah, 972 F.2d 300, 303 (10th Cir.1992); Fuller v. Georgia State Bd. of Pardons & Paroles, 851 F.2d 1307, 1310 (11th Cir.1988).

5

no conceivable value given the defendants' entitlement to absolute quasi-judicial immunity and the need to protect the deliberative process of Parole Board decisionmaking, absent extraordinary circumstances.

High-ranking government officials are "generally entitled to limited immunity from being deposed." Hankins v. City of Philadelphia, 1996 WL 524334, *1 (E.D.Pa.)(suppressing deposition of Mayor of Philadelphia). A request to depose a high-ranking government official is subject to a heightened standard of review. See Jones v. Hirschfield, 219 F.R.D. 71 (S.D.N.Y.2003); Marisol v. Giuliani, 1998 WL 132810, *2 (S.D.N.Y.). This is so even though a protective order is the exception rather than the rule. Marisol, 1998 WL 132810, at *2. "A party seeking the deposition of a high ranking government official must demonstrate that his testimony is likely to lead to the discovery of admissible evidence, is essential to that party's case and that this evidence is not available through any alternative source or less burdensome means." Hankins v. City of Philadelphia, 1996 WL 524334, *1 (E.D.Pa.1996). The last part of this test is strictly imposed: the court should allow the deposition only if the high ranking government official has unique, personal knowledge that cannot be obtained elsewhere. Marisol, 1998 WL 132810, *2. This limited immunity ensures that high-ranking government officials have the necessary time to dedicate to the performance of their governmental duties and also "protect[s] the mental processes of executive and administrative officers in order [to] promote open channels of communication within government." Id. See also United States v. Morgan, 313 U.S. 409, 422 (1941)(absent extraordinary circumstances, top officials should not be called to testify regarding their reasons for taking official actions); Simplex Time Recorder Co. v. Sec'y of Labor, 766 F.2d 575, 586-87 (D.C.Cir.1985)(same); Ernest and Mary Hayward Weir Found. v.

United States, 508 F.2d 894, 895 (2d Cir.1974)(per curiam)(noting that pure deliberative processes of government officials are protected from discovery).

In this case, the undersigned counsel has provided Wolfe's counsel with copies of Parole Board actions (or "green sheets") which set forth, in each instance, the Parole Board's reasons for denying Wolfe parole. Wolfe has not shown that obtaining the Parole Board defendants' deposition testimony is essential to his case. He also has not shown that any of the Parole Board defendants has "unique, personal knowledge" that cannot be obtained by any means other than deposition. Indeed, Wolfe testified at his own deposition that some of the Parole Board defendants did not participate in any decision to deny him parole. See Wolfe deposition, at pp. 14-20, attached hereto as Exhibit B (admitting that he has no knowledge that defendants Green, Lucht, Muller, Ryan, Ward, and Webster were personally involved in any decision to deny him parole). Further, while a disruption of the duties of even the President of the United States may be necessary under some circumstances, United States v. Nixon, 418 U.S. 683, 707 (1974), no such circumstances exist here, given the Parole Board defendants' unquestionable entitlement to absolute immunity from Wolfe's damage claims. Finally, Wolfe has not shown the existence of "extraordinary circumstances" which would allow him to question Parole Board defendants' about their deliberative processes concerning the decision to grant or deny parole. Accordingly, the Parole Board defendants request the Court to enter a protective order quashing Wolfe's notices of deposition to the Parole Board defendants.

CONCLUSION

For all of the foregoing reasons, the Parole Board defendants request the Court to enter a

protective order quashing Wolfe's notices of deposition.

THOMAS W. CORBETT, JR.
ATTORNEY GENERAL

BY:     s/ Beth Anne Smith
Beth Anne Smith
Senior Deputy Attorney General
Identification No. 47162

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

<u>CERTIFICATION OF COUNSEL</u>

I, Beth Anne Smith, Senior Deputy Attorney General, hereby certify that the parties, after reasonable effort, have been unable to resolve the discovery dispute that is the subject of this motion for protective order.

<u>s/ Beth Anne Smith</u>
Beth Anne Smith
Senior Deputy Attorney General

FROM                                          (THU) 3. 3' 05 16:56/ST. 16:55/NO. 4864940364 P 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

"JESSICA ELAINE WOLFE©" on behalf of     :
herself and all similarly situated INMATES OF     :
THE PENNSYLVANIA DEPARTMENT OF     :
CORRECTIONS,     :
    :
        Plaintiff     :
    :
        v.     :    CIVIL CLASS ACTION No. 02-2687
    :
THE PENNSYLVANIA DEPARTMENT OF     :
CORRECTIONS, et al.,     :
    :
    :
        Defendants.     :

## NOTICE OF DEPOSITION

TO:    Defendant Michael M. Webster
        c/o Law Dept.
        Beth Anne Smith
        Office of Attorney General
        21 S. 12th Street, 3rd Floor
        Philadelphia, PA 19107-2130

       PLEASE TAKE NOTICE that counsel for Plaintiff Jessica Elaine Wolfe©, *et al.*

will take the deposition of Defendant Michael M. Webster, upon oral examination, on

Monday, **March 14, 2005, at 2:00 p.m.,** at the offices of Drinker Biddle & Reath LLP,

One Logan Square, 18th and Cherry Streets, 23rd Floor, Philadelphia, PA 19103, before an

officer authorized by law to administer oaths.  The deposition will continue from day to

day thereafter until completed.



FROM                                    (THU) 3. 3'05 16:56/ST. 16:55/NO. 4864940364 P  4

Dated: March 3, 2005.

Viktorya Meyerov
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : <br> : <br> : <br> : <br> : |
| Plaintiff | : <br> : |
| v. | :      CIVIL CLASS ACTION No. 02-2687 |
| | : <br> : |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : <br> : |
| | : |
| Defendants. | : |

## NOTICE OF DEPOSITION

TO:   Defendant Benjamin Martinez
      c/o Law Dept.
      Beth Anne Smith
      Office of Attorney General
      21 S. 12th Street, 3rd Floor
      Philadelphia, PA 19107-2130

PLEASE TAKE NOTICE that counsel for Plaintiff Jessica Elaine Wolfe©, *et al.*

will take the deposition of Defendant Benjamin Martinez, upon oral examination, on

Monday, **March 28, 2005, at 2:00 p.m.,** at the offices of Drinker Biddle & Reath LLP,

One Logan Square, 18th and Cherry Streets, 23rd Floor, Philadelphia, PA 19103, before an

officer authorized by law to administer oaths. The deposition will continue from day to

day thereafter until completed.

FROM                                    (THU) 3. 3'05 16:57/ST. 16:55/NO. 4864940364 P  6

Dated: March 3, 2005.

Viktoriya Meyerov
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA  19103-6996

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

"JESSICA ELAINE WOLFE©" on behalf of          :
herself and all similarly situated INMATES OF  :
THE PENNSYLVANIA DEPARTMENT OF                 :
CORRECTIONS,                                   :
                                               :
                Plaintiff                      :
                                               :
            v.                                 :          CIVIL CLASS ACTION No. 02-2687
                                               :
THE PENNSYLVANIA DEPARTMENT OF                 :
CORRECTIONS, et al.,                           :
                                               :
                                               :
                Defendants.                    :

## NOTICE OF DEPOSITION

TO:    Defendant Sean R. Ryan
       c/o Law Dept.
       Beth Anne Smith
       Office of Attorney General
       21 S. 12th Street, 3rd Floor
       Philadelphia, PA 19107-2130

       PLEASE TAKE NOTICE that counsel for Plaintiff Jessica Elaine Wolfe©, *et al.*

will take the deposition of Defendant Sean R. Ryan, upon oral examination, on Monday,

**March 14, 2005, at 10:00 a.m.,** at the offices of Drinker Biddle & Reath LLP, One

Logan Square, 18th and Cherry Streets, 23rd Floor, Philadelphia, PA 19103, before an

officer authorized by law to administer oaths. The deposition will continue from day to

day thereafter until completed.

Dated: March 3, 2005.

Viktoriya Meyerov
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

"JESSICA ELAINE WOLFE©" on behalf of     :
herself and all similarly situated INMATES OF     :
THE PENNSYLVANIA DEPARTMENT OF     :
CORRECTIONS,     :
    :
        Plaintiff     :
    :
        v.     :    CIVIL CLASS ACTION No. 02-2687
    :
THE PENNSYLVANIA DEPARTMENT OF     :
CORRECTIONS, et al.,     :
    :
        Defendants.     :

**NOTICE OF DEPOSITION**

TO:    Defendant William Ward
      c/o Law Dept.
      Beth Anne Smith
      Office of Attorney General
      21 S. 12th Street, 3rd Floor
      Philadelphia, PA 19107-2130

     PLEASE TAKE NOTICE that counsel for Plaintiff Jessica Elaine Wolfe©, *et al.*

will take the deposition of Defendant William Ward, upon oral examination, on Monday,

**March 28, 2005, at 10:00 a.m.,** at the offices of Drinker Biddle & Reath LLP, One

Logan Square, 18th and Cherry Streets, 23rd Floor, Philadelphia, PA 19103, before an

officer authorized by law to administer oaths.  The deposition will continue from day to

day thereafter until completed.

Dated: March 3, 2005.

Viktoriya Meyerov
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA  19103-6996

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

"JESSICA ELAINE WOLFE©" on behalf of　　　:
herself and all similarly situated INMATES OF　:
THE PENNSYLVANIA DEPARTMENT OF　　　:
CORRECTIONS,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiff　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　　　　　　:　　CIVIL CLASS ACTION No. 02-2687
　　　　　　　　　　　　　　　　　　　　　　:
THE PENNSYLVANIA DEPARTMENT OF　　　:
CORRECTIONS, et al.,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Defendants.　　　　　　　　　　:

### NOTICE OF DEPOSITION

TO:　　Defendant Lloyd A. White
　　　　c/o Law Dept.
　　　　Beth Anne Smith
　　　　Office of Attorney General
　　　　21 S. 12th Street, 3rd Floor
　　　　Philadelphia, PA 19107-2130

　　　　PLEASE TAKE NOTICE that counsel for Plaintiff Jessica Elaine Wolfe©, *et al.*

will take the deposition of Defendant Lloyd A. White, upon oral examination, on

Wednesday, **March 30, 2005, at 10:00 a.m.,** at the offices of Drinker Biddle & Reath

LLP, One Logan Square, 18th and Cherry Streets, 23rd Floor, Philadelphia, PA 19103,

before an officer authorized by law to administer oaths. The deposition will continue

from day to day thereafter until completed.

Dated: March 3, 2005.

Viktoriya Meyerov
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA  19103-6996

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

"JESSICA ELAINE WOLFE©" on behalf of :
herself and all similarly situated INMATES OF :
THE PENNSYLVANIA DEPARTMENT OF :
CORRECTIONS, :
 :
   Plaintiff :
 :
    v. :  CIVIL CLASS ACTION No. 02-2687
 :
THE PENNSYLVANIA DEPARTMENT OF :
CORRECTIONS, et al., :
 :
 :
   Defendants. :

### NOTICE OF DEPOSITION

TO: Defendant Gary R. Lucht
  c/o Law Dept.
  Beth Anne Smith
  Office of Attorney General
  21 S. 12th Street, 3rd Floor
  Philadelphia, PA 19107-2130

   PLEASE TAKE NOTICE that counsel for Plaintiff Jessica Elaine Wolfe©, *et al.*

will take the deposition of Defendant Gary R. Lucht, upon oral examination, on Friday,

**March 25, 2005, at 2:00 p.m.,** at the offices of Drinker Biddle & Reath LLP, One Logan

Square, 18th and Cherry Streets, 23rd Floor, Philadelphia, PA 19103, before an officer

authorized by law to administer oaths. The deposition will continue from day to day

thereafter until completed.

FROM                                    (THU) 3. 3' 05 16:58/ST. 16:55/NO. 4864940364 P 16

Dated: March 3, 2005.

Viktoriya Meyerov
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

"JESSICA ELAINE WOLFE©" on behalf of          :
herself and all similarly situated INMATES OF  :
THE PENNSYLVANIA DEPARTMENT OF                 :
CORRECTIONS,                                   :
                                               :
        Plaintiff          :
                                               :
        v.                 :    CIVIL CLASS ACTION No. 02-2687
                                               :
THE PENNSYLVANIA DEPARTMENT OF                 :
CORRECTIONS, et al.,                           :
                                               :
                                               :
        Defendants.        :

## NOTICE OF DEPOSITION

TO:    Defendant Jeffrey R. Imboden
        c/o Law Dept.
        Beth Anne Smith
        Office of Attorney General
        21 S. 12th Street, 3rd Floor
        Philadelphia, PA 19107-2130

PLEASE TAKE NOTICE that counsel for Plaintiff Jessica Elaine Wolfe©, *et al.*

will take the deposition of Defendant Jeffrey R. Imboden, upon oral examination, on

Friday, **March 25, 2005, at 10:00 a.m.,** at the offices of Drinker Biddle & Reath LLP,

One Logan Square, 18th and Cherry Streets, 23rd Floor, Philadelphia, PA 19103, before an

officer authorized by law to administer oaths.  The deposition will continue from day to

day thereafter until completed.

Dated: March 3, 2005.

Viktoriya Meyerov
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA  19103-6996

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of<br>herself and all similarly situated INMATES OF<br>THE PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL CLASS ACTION No. 02-2687 |
| | : | |
| THE PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF DEPOSITION

TO:    Defendant Nicholas Miller
c/o Law Dept.
Beth Anne Smith
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-2130

PLEASE TAKE NOTICE that counsel for Plaintiff Jessica Elaine Wolfe©, *et al.*

will take the deposition of Defendant Nicholas Muller, upon oral examination, on

Wednesday, **March 23, 2005, at 2:00 p.m.,** at the offices of Drinker Biddle & Reath

LLP, One Logan Square, 18th and Cherry Streets, 23rd Floor, Philadelphia, PA 19103,

before an officer authorized by law to administer oaths.  The deposition will continue

from day to day thereafter until completed.

Dated: March 3, 2005.

Viktorlya Meyerov
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA  19103-6996

Attorneys for Plaintiffs

FROM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

"JESSICA ELAINE WOLFE©" on behalf of       :
herself and all similarly situated INMATES OF   :
THE PENNSYLVANIA DEPARTMENT OF    :
CORRECTIONS,                             :
                                     :
          Plaintiff             :
                                     :
        v.                  :     CIVIL CLASS ACTION No. 02-2687
                                     :
THE PENNSYLVANIA DEPARTMENT OF    :
CORRECTIONS, et al.,                 :
                                     :
                                     :
        Defendants.         :

## NOTICE OF DEPOSITION

TO:    Defendant Michael L. Green
       c/o Law Dept.
       Beth Anne Smith
       Office of Attorney General
       21 S. 12th Street, 3rd Floor
       Philadelphia, PA 19107-2130

      PLEASE TAKE NOTICE that counsel for Plaintiff Jessica Elaine Wolfe©, *et al.*

will take the deposition of Defendant Michael L. Green, upon oral examination, on

Wednesday, **March 23, 2005, at 10:00 a.m.,** at the offices of Drinker Biddle & Reath

LLP, One Logan Square, 18th and Cherry Streets, 23rd Floor, Philadelphia, PA 19103,

before an officer authorized by law to administer oaths. The deposition will continue

from day to day thereafter until completed.

Dated: March 3, 2005.

Viktoriya Meyerov
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

"JESSICA ELAINE WOLFE©" on behalf of      :
herself and all similarly situated INMATES OF      :
THE PENNSYLVANIA DEPARTMENT OF      :
CORRECTIONS,      :
     :
            Plaintiff      :
     :
            v.      :      CIVIL CLASS ACTION No. 02-2687
     :
THE PENNSYLVANIA DEPARTMENT OF      :
CORRECTIONS, et al.,      :
     :
     :
            Defendants.      :

## NOTICE OF DEPOSITION

TO:    Defendant Barbara Descher
       c/o Law Dept.
       Beth Anne Smith
       Office of Attorney General
       21 S. 12th Street, 3rd Floor
       Philadelphia, PA 19107-2130

PLEASE TAKE NOTICE that counsel for Plaintiff Jessica Elaine Wolfe©, *et al.*

will take the deposition of Defendant Barbara Descher, upon oral examination, on

Tuesday, **March 15, 2005, at 2:00 p.m.,** at the offices of Drinker Biddle & Reath LLP,

One Logan Square, 18th and Cherry Streets, 23rd Floor, Philadelphia, PA 19103, before an

officer authorized by law to administer oaths. The deposition will continue from day to

day thereafter until completed.

FROM

(THU) 3. 3'05 16:59/ST. 16:55/NO. 4864940364 P 24

Dated: March 3, 2005.

Viktoriya Meyerov
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA  19103-6996

Attorneys for Plaintiffs

FROM

(THU) 3. 3' 05 16:59/ST. 16:55/NO. 4864940364 P 25

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

"JESSICA ELAINE WOLFE©" on behalf of       :
herself and all similarly situated INMATES OF    :
THE PENNSYLVANIA DEPARTMENT OF         :
CORRECTIONS,                               :
                                           :
                 Plaintiff                 :
                                           :
           v.                              :      CIVIL CLASS ACTION No. 02-2687
                                           :
THE PENNSYLVANIA DEPARTMENT OF         :
CORRECTIONS, et al.,                       :
                                           :
                                           :
                 Defendants.               :

## NOTICE OF DEPOSITION

TO:    Defendant Allen Castor
       c/o Law Dept.
       Beth Anne Smith
       Office of Attorney General
       21 S. 12th Street, 3rd Floor
       Philadelphia, PA 19107-2130

       PLEASE TAKE NOTICE that counsel for Plaintiff Jessica Elaine Wolfe©, *et al.*

will take the deposition of Defendant Allen Castor, upon oral examination, on Tuesday,

**March 15, 2005, at 10:00 a.m.,** at the offices of Drinker Biddle & Reath LLP, One

Logan Square, 18th and Cherry Streets, 23rd Floor, Philadelphia, PA 19103, before an

officer authorized by law to administer oaths. The deposition will continue from day to

day thereafter until completed.

Dated: March 3, 2005.

_____

Viktoriya Meyerov
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

"JESSICA ELAINE WOLFE©" on behalf of   :
herself and all similarly situated INMATES OF   :
THE PENNSYLVANIA DEPARTMENT OF   :
CORRECTIONS,   :
  :
         Plaintiff   :
  :
         v.   :     CIVIL CLASS ACTION No. 02-2687
  :
THE PENNSYLVANIA DEPARTMENT OF   :
CORRECTIONS, et al.,   :
  :
  :
         Defendants.   :

## NOTICE OF DEPOSITION

TO:   Defendant Tamara Boris
      c/o Law Dept.
      Beth Anne Smith
      Office of Attorney General
      21 S. 12th Street, 3rd Floor
      Philadelphia, PA 19107-2130

PLEASE TAKE NOTICE that counsel for Plaintiff Jessica Elaine Wolfe©, *et al.*

will take the deposition of Defendant Tamara Boris, upon oral examination, on Thursday,

**March 31, 2005, at 10:00 a.m.,** at the offices of Drinker Biddle & Reath LLP, One

Logan Square, 18th and Cherry Streets, 23rd Floor, Philadelphia, PA 19103, before an

officer authorized by law to administer oaths.  The deposition will continue from day to

day thereafter until completed.

Dated: March 3, 2005.

_____
Viktoriya Meyerov
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA  19103-6996

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Viktoriya Meyerov, hereby certify that on this date I caused a true and correct

copy of the foregoing Notices of Depositions of Tamara Boris; Brenda Wildenstein;

Lloyd A. White; Michael M. Webster; Sean R. Ryan; Gary R. Lucht; Jeffrey R. Imboden;

Nicholas Muller; Michael L. Green; Barbara Descher; Allen Castor; Benjamin Martinez

and William Ward to be served upon counsel by facsimile and U.S. Mail, first-class,

postage prepaid, to the following:

> Beth Anne Smith
> Office of Attorney General
> 21 S. 12th Street, 3rd Floor
> Philadelphia, PA 19107-2130
> (215) 560-2130 (Phone)
> (215) 560-2494 (Fax)
> Attorney for Defendants

Dated: March 3, 2005.

> Viktoriya Meyerov
> Attorney I.D. No. 85215
> DRINKER BIDDLE & REATH LLP
> One Logan Square
> 18th and Cherry Streets
> Philadelphia, PA 19103-6996
> (215) 988-2700 (Phone)
> (215) 988-2757 (Fax)
> Attorney for Plaintiffs

**ORIGINAL**

1

1          UNITED STATES DISTRICT COURT
    FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2                    * * *

3
    INMATES OF THE          :  CIVIL ACTION
4   PENNSYLVANIA DEPARTMENT OF:
    CORRECTIONS,            :
5           Plaintiffs     :
                           :
6        vs.               :
                           :
7   THE PENNSYLVANIA        :
    DEPARTMENT OF CORRECTIONS,:
8   et al.,                 :
            Defendants     :  NO. 02-2687
9
                    * * *

10

11              Video conference deposition of

12  JESSICA WOLFE, taken at the FEDERAL

13  COURTHOUSE, 6th and Market Streets,

14  Courtroom 3I, Philadelphia, Pennsylvania,

15  19106, on Thursday, February 10, 2005,

16  beginning at approximately 11:00 a.m.,

17  before Michele Matteo, RPR, Certified

18  Shorthand Reporter, License Number XI01712.

19
                    * * *
20
              PRECISION REPORTING, INC.
21      230 South Broad Street - 11th Floor
              Philadelphia, PA  19102
22                (215) 731-9847
                 1-800-528-3060
23  2149 Galloway Road          1134 Parliament Way
    Bensalem, PA  19020         Thorofare, NJ  08086
24  (215) 731-9847              (856) 848-4978


PRECISION REPORTING, INC. (215) 731-9847



DEFENDANT'S
EXHIBIT
B

```
 1       A P P E A R A N C E S :

 2

 3            VIKTORIYA MEYEROV, ESQUIRE
              ANDREA L. D'AMBRA, ESQUIRE
              DRINKER, BIDDLE & REATH, LLP
 4            One Logan Square
              18th & Cherry Streets
 5            Philadelphia, Pennsylvania  19103

 6            -- Representing the Plaintiffs

 7


 8
              BETH A. SMITH, ESQUIRE
 9            DEPUTY ATTORNEY GENERAL
              OFFICE OF ATTORNEY GENERAL
10            21 South 12th Street, 3rd Floor
              Philadelphia, Pennsylvania  19107
11
              -- Representing the Defendants
12                        *  *  *
13

14

15

16

17

18

19

20

21

22

23

24
```

PRECISION REPORTING, INC. (215) 731-9847

1    on it.

2    Q.      Now, you talked about signatures of

3    Ritko and I believe Mark Yunkerman and Garth

4    Walls or Walls, but you did not mention any

5    of the current defendants in this lawsuit.

6             And my question to you is, do

7    you have any reason to believe that the

8    current parole individuals who are named as

9    defendants in this lawsuit, that they saw

10   that report?

11   A.      Yes.

12   Q.      What is your reason for believing

13   that?

14   A.      Well, they're the ones that

15   prepared it to submit to the parole board.

16   Q.      The agents that you've mentioned,

17   those three agents?

18   A.      Right.

19   Q.   Okay.

20   A.      There's pre-parole people that

21   you see prior to seeing the parole board.

22   Q.      Of the individual parole board

23   members that you've named in this case, the

24   defendants, which ones have you actually

JESSICA WOLFE                                                    15

1      seen?

2              A.      Well, up until the lawsuit was

3      filed, I had never seen -- well, there's a

4      few that I haven't seen, but I've seen

5      Sherry Moore -- well, I really -- do you

6      have a list of -- because they're --

7      Q.      I do have a list, actually.   I'll

8      just go down the list of last names.   Okay?

9              A.      All right.

10     Q.      Castor?

11             A.      Yes.

12     Q.      And when did you see Castor?

13             A.      I seen him in 2001 at Mahanoy.

14     Q.      And what was the reason for your

15     seeing him at Mahanoy?   Was that some sort

16     of parole hearing?

17             A.      Yes.

18     Q.      Have you seen Castor on any other

19     occasions?

20             A.      No.

21     Q.      What about Descher?

22             A.      Yes.

23     Q.      When did you see Descher?

24             A.      I seen her here for my -- I

PRECISION REPORTING, INC. (215) 731-9847

1       think it was September of 2002 or -- yeah,

2       2002.

3       Q.      That was for a parole hearing?

4               A.      Yeah.

5       Q.      Green?

6               A.      I don't remember Green.

7       Q.      Imboden?

8               A.      I'm not familiar with that

9       individual.

10      Q.      Lucht?

11              A.      I ain't familiar with that

12      one, either.

13      Q.      Martinez?

14              A.      That sounds familiar.

15      Q.      Do you recall meeting with Martinez?

16              A.      There was a guy that I seen

17      just this last -- over the summer.  I think

18      that might have been who I seen.

19      Q.      Was that in July of 2004?

20              A.      Yeah.

21      Q.      That was for a parole hearing at

22      Graterford?

23              A.      Yes.

24      Q.      What about Muller?

```
 1          A.      I don't -- it don't sound
 2    familiar.
 3    Q.      Ryan?
 4          A.      I don't remember that one,
 5    neither.
 6    Q.      Ward?
 7          A.      Well, that's the commissioner,
 8    right, or the chairman?
 9    Q.      The former chairman.  I'm asking you,
10    have you had any dealings with him?
11              MS. MEYEROV:  Objection.  You
12          may answer.
13              THE WITNESS:  Other than
14          filing for relief, no.
15    BY MS. SMITH:
16    Q.      Webster?
17          A.      No, it don't sound familiar.
18    Q.      And White?
19          A.      Yes.
20    Q.      When did you see white?
21          A.      He was at Mahanoy with Castor.
22    Q.      At the parole hearings, is there
23    usually one or two parole board members
24    present?
```

1                    MS. MEYEROV:  Objection.

2    BY MS. SMITH:

3    Q.       In your experience.

4            A.       Well, it's been different

5    numbers.  At Mahanoy I had two, and then the

6    second time I came here, there was three,

7    and then this last time, there was one.

8    Q.       Okay.  Now, other than the documents

9    that you've indicated, do you have any

10   reason to believe that Castor, Descher,

11   Martinez, and White were aware of your

12   settlement or anything to do, really, with

13   the previous lawsuit?

14                   MS. MEYEROV:  Objection.

15   BY MS. SMITH:

16   Q.       Do you understand the question?

17           A.       Yes.

18                   MS. MEYEROV:  My objection

19           still stands, by the way.

20                   MS. SMITH:  Sure, I

21           understand.

22                   MS. MEYEROV:  I want to make

23           sure that she understands.

24                   MS. SMITH:  Correct.


PRECISION REPORTING, INC. (215) 731-9847

```
 1              THE WITNESS:  Let me -- let me
 2         say, whenever I seen Castor and
 3         White, okay, when I went into there
 4         -- in there to see them, I was only
 5         in there for just a couple minutes.
 6         Mr. Castor impressed me on how much
 7         he knew or -- of me -- my whole
 8         life.  And he said that he had to
 9         deny me -- his opinion at that time,
10         because I had pending criminal
11         matters in the court, and therefore,
12         he couldn't -- he couldn't give me an
13         opinion at that time.
14    BY MS. SMITH:
15    Q.    Did he make any mention of your
16    refusal to take sex offender treatment?
17         A.    He told me that I should try
18    to comply with the program that the DOC
19    refers to.
20    Q.    Now, you mentioned that whenever you
21    saw Castor and White -- was that more than
22    once?
23         A.    No, I just seen them once.
24    Q.    Okay.  What about the other
```

JESSICA WOLFE

20

1    individuals that you mentioned having seen,

2    for example, Descher, do you have any reason

3    to believe, other than the documents that

4    you referred to earlier, that they had any

5    knowledge of your previous lawsuit and the

6    settlement?

7         A.    No, but what I do -- when I

8    seen her, she seemed pretty critical of the

9    nature of the alleged offense.

10   Q.    And we might as well get that out of

11   the way.

12              What was the alleged offense?

13        A.    Well, I'm alleged to have

14   raped my ex's daughter.

15   Q.    And are you presently incarcerated

16   for having pled guilty to that offense?

17        A.    Yeah.

18   Q.    Are there any other counts that

19   you're currently serving time for, in

20   addition to rape?

21        A.    No.

22   Q.    Not for corruption of minors or

23   assault?

24        A.    No.

PRECISION REPORTING, INC. (215) 731-9847

1      Q.      Did Descher indicate to you that she

2      felt you should receive sex offender

3      treatment?

4              A.      Yeah.

5      Q.      I know you're not sure you saw

6      Martinez, but assuming it was Martinez that

7      you saw back in July of 2004, what reason,

8      other than those documents you mentioned, do

9      you have to believe that he's aware of the

10     previous lawsuit and settlement?

11             MS. MEYEROV:  Objection.

12     BY MS. SMITH:

13     Q.      You can answer.

14             A.      Well, I'm not aware of him

15     knowing.  I'm assuming that he -- that he

16     is, because he seemed very thorough, but he

17     wasn't very fair at all.  He was actually

18     mean.  You know, he said a whole lot of

19     improper -- improper stuff, at least I

20     thought it was improper.  I mean, he went

21     into the gender aspect and all different

22     stuff, and there was a whole audience behind

23     me.  I don't even know who the whole

24     audience was.  And, you know, he was trying

JESSICA WOLFE

22

1    to get some chuckles, and he did.

2    Q.       Can you identify -- I mean, give me

3    an example of what was a mean thing that he

4    said?

5           A.       Well, he said, "Well, why are

6    you in here?"  And I explained to him, just

7    like I explained to you, and he said, "Watch

8    it, Mr., I know exactly why you're in here.

9    You don't try to pull nothing over on me.  I

10   know.  So be careful.  Now, let me ask you

11   this."  I'm like, man.  I didn't -- I didn't

12   expect to be talked to like that.

13   Q.       Did he say anything else that you

14   consider mean?

15          A.       Well, you know, whenever I

16   tried to explain any of the questions that

17   he asked, he said, "Well, how old was your

18   said victim?"  And I said, "Well, I believe

19   that she was around 11."  And he said,

20   "Look, I told you I know.  She was eight."

21   I was like, wow, was you there or what, you

22   know?  It was -- it really was -- it wasn't

23   too nice.

24   Q.       Anything else that he said that you

1      consider mean?

2           A.     No, that's pretty much, you

3      know -- I can't remember the whole thing,

4      but there was -- that was pretty much what

5      basis I can give you.

6      Q.     Did this person that we're assuming

7      right now was Martinez, did he indicate your

8      need for sex offender treatment?

9           A.     Yeah.

10               MS. MEYEROV:  Let me just

11          clarify, when you say, "sex offender

12          treatment," that you're referring to

13          the sex offender program or some

14          other generalized treatment?  What is

15          it that you mean when you say "sex

16          offender treatment"?

17     BY MS. SMITH:

18     Q.     Well, I'm assuming that you've been

19     offered sex offender treatment at the

20     various prisons that you've been

21     incarcerated in, correct?

22          A.     Yes.

23               MS. SMITH:  That's the sex

24          offender treatment that I'm referring

<u>CERTIFICATE OF SERVICE</u>

I, Beth Anne Smith, Senior Deputy Attorney General, hereby certify that Parole Board

defendants' motion for protective order was filed electronically on March 8, 2005 and is

available for viewing and downloading from the ECF system.  I further certify that a true and

correct copy of said document was served on the same date by electronic mail notification to

registered ECF user Andrea D'Ambra, at andrea.d'ambra@dbr.com.

> THOMAS W. CORBETT, JR.
> ATTORNEY GENERAL
>
> BY:     s/ Beth Anne Smith
>         Beth Anne Smith
>         Senior Deputy Attorney General
>         Identification No. 47162
>
>         Susan J. Forney
>         Chief Deputy Attorney General
>         Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130