**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : : : : : | CIVIL CLASS ACTION |
| Plaintiff | : : | |
| v. | : : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : : : | |
| Defendants. | : | No. 02-2687 |

## <u>ORDER</u>

AND NOW this ____ day of _____, 2005, upon consideration of the Parole Board Defendants' Motion for Protective Order and Plaintiff's response thereto, it is ORDERED that said Motion is DENIED, and,

It is FURTHER ORDERED that Plaintiff may take discovery of the Parole Board Defendants by any method contemplated by the Federal Rules of Civil Procedure. To that end, the discovery deadline is extended by thirty days from the date of this Order.

_____
Eduardo C. Robreno, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : : : : : | CIVIL CLASS ACTION No. 02-2687 |
| Plaintiff | : : | |
| v. | : : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : : : | |
| Defendants. | : | |

**PLAINTIFF'S OPPOSITION TO
THE PAROLE BOARD DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

**I.     Introduction**

In their motion for protective order, the Parole Board Defendants advance a sweeping and unprecedented claim to "absolute litigation immunity."[1]  Not only do they demand that the Court entirely dismiss them from the case on a theory of quasi-judicial immunity, but they ask the Court to rule that they are altogether exempt from discovery of any kind, including depositions. The Defendants' position is without merit.  Defendants enjoy no blanket exemption from

---

[1] On March 3, 2005, Plaintiff's counsel served on Defendants' counsel notices of depositions for eleven defendants, nine of whom are the Parole Board Defendants.  Plaintiff's counsel explained that the Defendants' documents had failed to clarify which of the Parole Board Defendants were involved in evaluating Ms. Wolfe for parole; that Ms. Wolfe's intent was to depose only those of nine Parole Board Defendants who were so involved; and that Plaintiff's counsel would accept Defendants' counsel's representation to that effect, thus limiting the deponents to parties with relevant information.  *See* Letter from Viktoriya Meyerov to Beth Ann Smith dated Mar. 3, 2005 (attached hereto as Ex. A).  Subsequently, Defendants' counsel provided the names of the particular Defendants who were involved in evaluating Ms. Wolfe for parole, limiting the number of the required depositions to five, including Defendant Barbara Descher, Defendant Allen Castor, David Withers, Harold Shalon, and Anthony DiBernardo.  *See* Email from Beth Ann Smith to Viktoriya Meyerov dated Mar. 9, 2005 (attached hereto as Ex. B).

discovery and have no right to any determination of absolute immunity at this stage of these proceedings.

Ms. Wolfe duly alleges in this lawsuit that in evaluating her eligibility for parole, state parole officials used the parole guidelines first adopted after she began to serve her term, and that the officials' retroactive application of these new, harsher guidelines violated the Constitution's *ex post facto* clause. Ms. Wolfe also alleges that the officials have retaliated against her in violation of the First Amendment rights based on her filing of this lawsuit and certain grievances. The Parole Board Defendants sought to dismiss these claims, but their motion was denied with respect to those claims and the Court set the claims for trial. Ms. Wolfe now seeks to gather evidence to show the jury that her claims are well-founded – through depositions and discovery of the Defendants and any other persons who may have information that may lead to relevant evidence.

This discovery is not simply what the rules permit. FED. R. CIV. P. 26. It is precisely what this Court anticipated when it denied the Parole Board Defendants' motion to dismiss. The Defendants' contention that Ms. Wolfe has not shown that "obtaining their deposition testimony is essential to [her] case," Mot. at 7, is preposterous. Who better than the Parole Board Defendants to testify regarding the standards they used in evaluating Ms. Wolfe's eligibility for parole? The discovery sought here is entirely proper. Defendants' motion to avoid it is not.

## I.    The Parole Board Defendants Are Not Immune From Discovery.

Once a lawsuit has been commenced, the "perpetuation of testimony is governed . . .by the interplay of [Federal Rules of Civil Procedure] 30 and 26." *Nineteenth St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 348 (E.D. Pa. 2000) (Robreno, J.). Rule 30(a)(1) clearly states that "[a] Party may take the testimony of any person, *including a party*, by deposition upon oral examination" for the purpose of discovery or for use as evidence in the

action.  FED. R. CIV. P. 30(a)(1) (emphasis added).  "The scope of such a deposition is governed by Rule 26(b)(1)."  *Nineteenth St. Baptist Church*, 190 F.R.D. at 348.  It is well settled that the Federal Rules of Civil Procedure are "liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, as long as it is relevant to the claim or defense of any party, unprivileged, and reasonably calculated to lead to the discovery of admissible evidence."  *McAllister v. Royal Caribbean Cruises*, No. 02-2393, 2004 U.S. Dist. LEXIS 19166, at *4-5 (E.D. Pa. Sept. 14, 2004) (citing FED. R. CIV. P. 26(b)(1)).  If an opposing party moves to prevent a deposition after a lawsuit has begun pursuant to a protective order under Fed. R. Civ. P. 26(c), that party has the burden to demonstrate "good cause" why the discovery should not be held.  *Nineteenth St. Baptist Church*, 190 F.R.D. at 348.

The Parole Board Defendants are parties to this lawsuit and, as such, are amenable to discovery by deposition.  They cannot escape the clear mandates of the Federal Rules Civil Procedure by claiming some superior status.  Defendants argue they are too important to be required to submit to depositions.  Yet, not one of the seven cases Defendants muster supports their argument.  *See* Mot. at 6-7.  These seven cases involved disputes over the testimony of the United States Presidents Richard Nixon and Bill Clinton, the Mayor of New York City Rudolf Giulianni, the Mayor of Philadelphia Ed Rendell, the U.S. Secretary of Agriculture, the U.S. Solicitor of Labor and the Chief of Staff.  While the Chairman and members of the Commonwealth's Parole Board may be important when it comes to parole in this Commonwealth, their positions are in no way comparable to the high executive officials involved in these cases.

In fact, the Parole Board Defendants do not – and cannot – cite a single case in which a court has ordered that an official in a position comparable to Defendants' could avoid giving testimony solely based on the importance of his or her job.  If that were the law, no public

3

official at any level would have to give deposition testimony. Neither the rules nor sound public policy support such a result. Because the Parole Defendants advance no legitimate basis for any exemption from the rules governing federal discovery, their motion for a protective order should be denied.

## II.    The Parole Board Defendants' Argument Regarding Quasi-Judicial Immunity Is Procedurally Improper and Unsupportable.

In their motion, the Parole Board Defendants try to escape depositions by advancing a procedurally improper and unavailing claim to quasi-judicial immunity.

First, the Defendants' motion for protective order is but an inapt attempt to reargue one facet of the motion to dismiss they filed and lost ten months ago. The Parole Board Defendants specifically sought dismissal of all claims on a theory that they were absolutely immune from liability. *See* Defs.' Mot. to Dismiss [Dkt. No. 58] at 20-22. Although a determination of the existence of absolute immunity might be made at the Rule 12(b)(6) stage, *see, e.g., Nellom v. Luber*, Civ. A. No. 02-2190, 2004 U.S. Dist. LEXIS 7103, at *17-20 (E.D. Pa. Mar. 18, 2004) (attached hereto as Ex. D), this Court declined to do so when it denied the relevant portions of Defendants' Rule 12(b)(6) motion. The Court reasoned that because of the "fact-intensive nature of the inquiry", before any intelligent determination of possible immunity could be made in this case, the parties had to develop a fact record, and accordingly ordered the *ex post facto* and retaliation claims against the Parole Board Defendants to proceed through discovery. *See* Mem. and Order [Dkt. No. 64] at 30 n.12. If at the close of discovery Defendants still believed they had a viable immunity argument, they could then brief it vis-à-vis a summary judgment motion.

The Court's decision was quite sound: the question of immunity involves a careful distinction between the officials performing adjudicatory acts and executive acts. *Simon v. Ward*, No. 99-1554, 2001 WL 41127, at *2 (E.D. Pa. Jan. 16, 2001) ("The Court of Appeals for the Third Circuit has labored mightily to define the distinction between judicial acts and

4

executive/ministerial acts.") (attached hereto as Ex. C).  If Defendants could show that the acts at issue fit within the adjudicatory category, they might claim broad immunity; if they could not, however, they might have limited or no immunity.  *See* Charles Wright & Arthur Miller, 5B Federal Practice and Procedure § 1357 at 375-76 (3d ed. 2004) (noting that in determining whether to grant 12(b)(6) motion, district courts must primarily consider allegations in complaint); *see also Wilson v. Rackmill*, 878 F.2d 772, 775-776 (3d Cir. 1989) (holding that probation and parole officers are entitled to absolute immunity when engaged in adjudicatory duties, but in their executive or administrative capacity, are entitled only to a qualified, good faith immunity) (citing *Harper v. Jefferies*, 808 F.2d 281, 284 (3d. Cir. 1984)); *Nellom*, 2004 U.S. Dist. LEXIS 7103, at *17-20 (same).  Defendants' renewed and as yet untested assertion that their conduct falls within the adjudicatory category is not entitled to any deference at this stage.  Ms. Wolfe has not had a chance to build the record the Court contemplated and the Court has no basis for conducting the fact-specific inquiry it recognized would be necessary to address the issue.

Moreover, the case law suggests that the Parole Board Defendants' function of carrying out state policy is ***not*** adjudicatory and, therefore, cannot lead to judicial or quasi-judicial immunity.  *See Harper*, 808 F.2d at 284 (holding that in carrying out State policy in their executive capacity, parole board members are not entitled to absolute immunity).  As the Third Circuit noted in *Harper*:

> The work of a Pennsylvania State Parole Board member certainly includes facets of quasi-judicial duties in affecting the length of sentences***, nonetheless they are not judicial officers.  They are in reality executive officers carrying out the policy of the State in respect to probation and parole.***

*Id.* at 284 (quoting *Thompson v. Burke,* 556 F.2d 231, 237-38 (3d Cir. 1977).

Viewing Ms. Wolfe's allegations in the Complaint, it is clear that she is not challenging the decisions of the Parole Board per se, but rather challenging the Board members' application of new state guidelines in making their decisions.[2] As Judge Surrick stated in *Nellom v. Luber*, a case cited by the Defendants:

> a claim is cognizable under § 1983 to the extent that a plaintiff is neither seeking an earlier parole eligibility date nor challenging the parole board's decision with regard to parole . . .[and] when a dispute goes only to the manner in which the Board has considered plaintiff's parole, and [when] plaintiff does not claim that the review process must actually lead to his parole or to an earlier parole eligibility date, plaintiff's claim may proceed under 42 U.S.C. § 1983.

2004 U.S. Dist. LEXIS 7103 at *25-27 (E.D. Pa. 2004) (citations and quotations omitted). Similarly, Ms. Wolfe's retaliation claim does not focus on the Parole Board's decision. Rather it centers around the conduct of Defendants in retaliation for filing grievances and the instant lawsuit. Therefore, even if the issue were ripe for determination (which it is not), the Parole Board Defendants could not assert any quasi-judicial immunity.

Finally, any immunity that Parole Board Defendants might have would insulate them solely from ***damages*** liability. They would each still be subject to suit – and discovery – on claims for prospective injunctive relief. *Wilkinson v. Dotson,* No. 03-287, 2005 U.S. LEXIS 2204 (U.S. Mar. 7, 2005) (holding that state prisoners may challenge the constitutionality of state parole procedures under a section 1983 action for injunctive relief) (attached hereto as Ex. E). Ms. Wolfe has recently sought the Parole Board Defendants' consent to amend her *ex post facto* and retaliation claims to include a prayer for injunctive relief, but the Defendants rebuffed that request. Ms. Wolfe, therefore, has filed a motion for leave to amend the Complaint in

---

[2] It is also clear, in light of Plaintiff's pending motion for leave to amend the Complaint to include a prayer for injunctive relief, that Plaintiff's *ex post facto* and retaliation claims challenge the application of guidelines and not the ultimate decisions.

accordance with Rule 15(a).  Assuming the Court allows that amendment, each of the

Defendants would remain as parties, notwithstanding any quasi-judicial immunity they might

enjoy from a damages verdict.

      The end of discovery in this case is less a month away – it is due to close on April 6,

2005.  Ms. Wolfe has timely sought depositions of the Parole Board Defendants.  Since the

Court's August 26, 2004 opinion, Defendants have had seven months to file a substantive motion

if they believed the record ripe for it.  They have not done so.  Defendants' use of a discovery

motion to substitute for a motion for summary judgment is entirely inappropriate and can be

viewed only as yet one more effort by Defendants to deprive Ms. Wolfe of her due process

rights.

## III.   Conclusion

      For all the foregoing reasons, the Parole Board Defendants' Motion for Protective Order

should be denied.

                             Respectfully submitted,

                             /s/ Viktoriya Meyerov
                             Viktoriya Meyerov
                             DRINKER BIDDLE & REATH LLP
                             One Logan Square
                             18th and Cherry Streets
                             Philadelphia, PA 19103-6996
                             (215) 988-2700 (Phone)
                             (215) 988-2757 (Fax)

                             Attorneys for Plaintiffs

Dated:  March 15, 2005

## CERTIFICATE OF SERVICE

I, Maresa Torregrossa, hereby certify that on this date I caused a true and correct copy of the foregoing Plaintiff's Opposition to the Parole Board Defendants' Motion for Protective Order to be served upon counsel by U.S. Mail, first-class, postage prepaid, to the following:

> Beth Anne Smith
> Office of Attorney General
> 21 S. 12th Street, 3rd Floor
> Philadelphia, PA 19107-2130
> (215) 560-2130 (Phone)
> Attorney for Defendants

Dated: March 15, 2005

/s/ Maresa Torregrossa
Maresa Torregrossa
DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700 (Phone)
(215) 988-2757 (Fax)
Attorney for Plaintiff