IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, : : : : : | CIVIL CLASS ACTION No. 02-2687 |
| Plaintiff : : | |
| v. : : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., : : : | |
| Defendants. : | |

## ORDER

AND NOW this ____ day of _____, 2005, upon consideration of plaintiff's Motion for Leave to Amend Second Amended Class Action Complaint Pursuant to Fed. R. Civ. P. 15(a), and the response thereto, if any, it is ORDERED that said Motion is GRANTED;

IT IS FURTHER ORDERED that plaintiff's Second Amended Class Action Complaint is DEEMED TO STATE A DEMAND FOR INJUNCTIVE RELIEF in Counts VII and VIII; and

IT IS FURTHER ORDERED that within fourteen (14) days of this Order, defendants may file a praecipe stating any additional defenses they wish to plead in response to plaintiff's requests for injunctive relief in Counts VII and VIII of the Second Amended Class Action Complaint and that any additional defenses stated in said praecipe shall be DEEMED TO BE STATED in defendants' Answer to plaintiffs' Second Amended Class Action Complaint.

_____
Eduardo C. Robreno, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS,<br><br>　　　　　Plaintiff<br><br>　　　　　v.<br><br>THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | : CIVIL CLASS ACTION No. 02-2687<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND SECOND AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 15(A)**

Plaintiff JESSICA ELAINE WOLFE© ("Ms. Wolfe"), by and through her undersigned counsel, hereby moves for leave to amend her Second Amended Class Action Complaint in this action to add prayers for injunctive relief, pursuant to Federal Rule of Civil Procedure 15(a). In support of this Motion, Ms. Wolfe relies on the accompanying Memorandum of Law, incorporated by reference herein.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　/s/ Viktoriya Meyerov
　　　　　　　　　　　　　　　　Viktoriya Meyerov (Id. 85215)
　　　　　　　　　　　　　　　　DRINKER BIDDLE & REATH LLP
　　　　　　　　　　　　　　　　One Logan Square
　　　　　　　　　　　　　　　　18th and Cherry Streets
　　　　　　　　　　　　　　　　Philadelphia, PA 19103-6996
　　　　　　　　　　　　　　　　(215) 988-2700 (Phone)
　　　　　　　　　　　　　　　　(215) 988-2757 (Fax)

　　　　　　　　　　　　　　　　Attorneys for Plaintiff

Dated: March 15, 2004.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, : : : : : | CIVIL CLASS ACTION No. 02-2687 |
| Plaintiff : : | |
| v. : : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., : : : | |
| Defendants. : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO AMEND SECOND AMENDED CLASS ACTION COMPLAINT
PURSUANT TO FED. R. CIV. P. 15(A)**

Plaintiff Jessica Wolfe ("Ms. Wolfe") seeks to amend her Second Amended Class Action Complaint (the "Second Complaint"), so that, if the Court finds that defendants are engaged in violations of the Constitution, the Court can prevent them from continuing in those violations. This does not require the addition of new causes of action or even new facts, but merely of the request for prospective injunctive relief in two of Ms. Wolfe's claims. So slight are the requested changes to the Second Complaint that there is no need for a new filing – instead, it is only necessary that the Court order that the Second Complaint be deemed to request injunctive relief.[1] Defendants have no basis in law to resist this motion, but nonetheless have refused to consent to the requested amendment.

---

[1] To the extent that defendants feel the need to assert additional defenses in response to the request for injunctive relief, Ms. Wolfe has further requested that the Court grant defendants leave to submit by praecipe a statement of any additional defenses they wish to plead.

**RELEVANT FACTS**

Ms. Wolfe commenced this action on May 1, 2002. On April 12, 2004, Ms. Wolfe Filed her Second Complaint, alleging eight causes of action. Defendants filed a motion to dismiss the Second Complaint, pursuant to Rule 12(b)(6) on May 11, 2004. On August 26, 2004, the Court ruled that six of the counts of the Second Complaint were dismissed, but that counts VII and VIII sufficiently pleaded valid causes of action.

The present motion deals with Second Complaint Counts VII and VIII, both of which request the same five elements of relief. Among these five elements is a specific request that the Court declare that the actions complained of are unconstitutional. Count VII (the "*ex post facto* claim") and Count VIII (the "Retaliation Claim"), however, do not currently request injunctive relief to prevent defendants from continuing to engage in their unconstitutional acts in the future.

**ARGUMENT**

"[L]eave [to amend a pleading] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject or relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the absence of undue prejudice to the opposing party, undue delay, bad faith or dilatory motive on the part of the movant, repeated failure of previous amendments to cure deficiencies, or futility of the proposed amendment, "the leave sought should, as the rules require, be 'freely given.'" *Id.*

The Third Circuit has, moreover, interpreted the *Foman* factors to emphasize that prejudice to the non-moving party is the "touchstone" for the denial of the amendment. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). Accordingly, to defeat amendment, the non-

moving party must show that it has been "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" that it would have offered "had the amendment been offered timely." *Id.* The *Foman* factors, as well as the teaching of *Bechtel*, all support the granting of Ms. Wolfe's motion to amend.

### A.    Defendants Have Not Suffered Any Prejudice.

The amendment Ms. Wolfe proposes does not prejudice defendants. As is noted above, in this Circuit prejudice is shown only by the inability to present facts that would have been gathered but for the timing of the amendment. *Bechtel,* 886 F.2d at 652. Because the requested amendment only seeks to add requests for injunctive relief and not new facts or causes of action, this consideration is readily resolved: defendants have already developed the facts that they need to defend themselves on these claims regardless of whether Ms. Wolfe requests damages or injunctive relief. In any event, discovery is still ongoing in this case and defendants can take any discovery they need in order to respond to Ms. Wolfe's specific demand for injunctive relief.[2]

### B.    There Has Been No Undue Delay.

Ms. Wolfe has not delayed in requesting leave to amend. Indeed, she always intended to seek injunctive relief on Counts VII and VIII of the Second Complaint, but the request for injunctive relief was omitted through inadvertence. This is obviously so, as without injunctive relief, defendants are free to continue their unconstitutional behavior and Ms. Wolfe will continue to be wronged. Mistakes of inadvertence, however, are regularly repaired through

---

[2] In this regard Ms. Wolfe notes that while discovery is currently scheduled to end on April 6, 2005, defendants have had notice of Ms. Wolfe's intention to seek injunctive relief since at least March 7, 2005 and have had sufficient time to develop any discovery they need. *See* March 7, 2005 Email from Mary Catherine Roper to Beth Ann Smith, attached hereto as Exhibit 1.

motions to amend. *See Homel v. Sun Ins. Office, Ltd.*, No. 92-0442, 1993 U.S. Dist. LEXIS 3580, at *5 (E.D. Pa. Mar. 1, 1993) (granting right to amend answer to attach inadvertently omitted documents) (attached as Exhibit 2); *see also Slade v. Fauver*, No. 90-1417, 1990 U.S. Dist. LEXIS 13356, at *12-13 (D.N.J. Sept. 24, 1990) ("This case should be decided on the merits and not on a word processing error.  Because defendants' admissions were due to inadvertence and not to any improper purpose, and because this case is in such an early stage . . . defendants' motion to amend will be granted and plaintiff's motion for summary judgment will be denied.")(attached as Exhibit 3).

Counsel gave notice to defendants of the intent to amend as soon as the inadvertent omission of the request for injunctive relief was noticed.  That notice came within the discovery period, allows defendants sufficient opportunity to undertake any additional investigation they deem necessary, and will not delay resolution of this case.

C. **The Proposed Amendment States Valid Requests for Injunctive Relief.**

"An amendment is futile if the [pleading], as amended, would not survive a motion to dismiss for failure to state a claim upon which relief could be granted.  In determining whether the amendment would be futile, the district court applies the same standard of legal sufficiency as under Fed. R. Civ. P. 12(b)(6)." *Jackson v. Dana Corp.*, No. 98-5431, 1999 U.S. Dist. LEXIS 17380 at *16-17 (E.D. Pa. Nov. 9, 1999) (attached as Exhibit 4) (citing *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1998)).  For the purposes of considering the futility of a proffered amendment, therefore, the Court must accept as true all factual allegations that the party sets forth in its pleading, as well as all reasonable inferences from those allegations. *Jackson,* 1999 U.S. Dist. LEXIS 17380 at *16-17 (Ex. 4)(citing *Jordan v. Fox, Rothschild, O'Brien, & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994)).  A court should permit amendment of a party's pleading unless it

appears that no relief can be granted under any set of facts that the party can prove consistently with the proffered pleading. *Id.*

Ms. Wolfe is entitled to challenge parole board procedures and to seek prospective injunctive relief to prevent improper procedures. *See* Plaintiff's Opposition to the Parole Board Defendants' Motion for Protective Order filed March 15, 2005 (Dkt. No. 83), at 6-7. Indeed, barely one week ago, the Supreme Court held that state prisoners may challenge the constitutionality of parole board procedures under § 1983 and seek prospective injunctive relief. *Wilkinson v. Dotson*, No. 03-287, 2005 U.S. LEXIS 2204, at *15-16 (U.S. Mar. 7, 2005) (attached as Exhibit 5). Thus, defendants cannot argue that the proposed amendment is futile for requesting injunctive relief.

We understand that defendants may also argue that the proposed amendment is futile in light of the Pennsylvania Supreme Court's decision in *Winklespecht v. Pennsylvania Board of Probation and Parole*, 813 A.2d 688 (Pa. 2002), in which the court held that the 1996 change in the parole statute that is the basis of the *ex post facto* claim did not actually change the standard for parole. The Third Circuit has acknowledged that once *Winklespecht* was decided, the Parole Board was on notice that it was to apply all of the same factors that it applied before the 1996 change in the law. *Mickens-Thomas v. Vaughn*, 321 F.3d 374, 391 (3d Cir. 2003). For that reason, since *Winklespecht*, the federal courts that have considered an *ex post fact* challenge to a parole decision have mentioned the Pennsylvania Supreme Court's opinion and the Third Circuit's observation and have refused to assume that the Parole Board applied the incorrect criteria in any given parole decision. Instead, as the Third Circuit did in *Mickens-Thomas* after it had directed the Parole Board to apply the correct criteria, those courts have reviewed the facts of each case to determine whether the Parole Board actually applied the proper standard of

review. *See, e.g. Jackson v. Wynder*, No. 04-4223, 2005 U.S. Dist. LEXIS 453, at *8 (E.D. Pa. Jan. 6, 2005) (finding, after review of facts, "no indication that the Parole Board placed unnecessary weight on the issue of public safety")(attached as Exhibit 6); *Obst v. Patrick*, No. 04-1510, 2004 U.S. Dist. LEXIS 21221, at *18 (E.D. Pa. Oct. 15, 2004) (same)(attached as Exhibit 7).[3]  Plaintiff is entitled to the same factual review and, if she demonstrates that the Parole Board did not use the proper standard of review, to all relief that flows from that violation, including injunctive relief. *Adams v. Kelcher*, No. 3:04-cv-799, 2004 U.S. Dist. LEXIS 23179, at *28 (M.D. Pa. Nov. 12, 2004) (requiring "the Pennsylvania Board of Probation and Parole to re-adjudicate Petitioner's parole application applying the pre-1996 statute and corresponding rules") (attached as Exhibit 8).

## CONCLUSION

For all the foregoing reasons, Ms. Wolfe respectfully submits that her Motion for Leave to Amend Second Class Action Complaint Pursuant to Fed. R. Civ. P. 15(a) should be granted.

Respectfully submitted,

/s/ Viktoriya Meyerov
Viktoriya Meyerov (Id. 85215)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700 (Phone)
(215) 988-2757 (Fax)

Attorneys for Plaintiff

Dated:  March 15, 2004.

---

[3]  These *ex post facto* claims were all raised in habeas corpus proceedings, which require a particularly deferential review of the state proceedings at issue because they seek actual release, not merely a demand for an application of the proper standard.

**CERTIFICATE OF SERVICE**

I, Maresa Torregrossa, hereby certify that on this date I caused a true and correct copy of the foregoing Plaintiff's Motion for Leave to Amend Her Second Amended Class Action Complaint Pursuant to Fed. R. Civ. P. 15(a) to be served upon counsel by U.S. Mail, first-class, postage prepaid, to the following:

> Beth Anne Smith
> Office of Attorney General
> 21 S. 12th Street, 3rd Floor
> Philadelphia, PA 19107-2130
> (215) 560-2130 (Phone)
> Attorney for Defendants

Dated: March 15, 2005.                    /s/ Maresa Torregrossa