# EXHIBIT 3

LEXSEE 1990 U.S. DIST. LEXIS 13356

THOMAS E. SLADE, Plaintiff, v. WILLIAM H. FAUVER, et al., Defendants

Civil Action No. 90-1417

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

1990 U.S. Dist. LEXIS 13356

September 24, 1990, Decided
September 24, 1990, Filed

NOTICE: [*1]

NOT FOR PUBLICATION

**LexisNexis(R) Headnotes**

**COUNSEL:**

MR. THOMAS E. SLADE, Neptune, New Jersey, Petitioner Pro Se.

RONALD M. BOLLHEIMER, ESQ., Deputy Attorney General, Office of the Attorney General, Trenton, New Jersey, Attorney for Defendants.

**JUDGES:**

Alfred M. Wolin, United States District Judge.

**OPINIONBY:**

WOLIN

**OPINION:**

OPINION

This matter comes to be heard on plaintiff's motion for summary judgment and defendants' cross-motion to amend their answer. For the reasons stated below, plaintiff's motion will be denied and defendants' motion will be granted.

I. BACKGROUND

Plaintiff Thomas E. Slade, who appears pro se, brought this 28 U.S.C. § 1983 action on April 10, 1990. n1 Plaintiff, an inmate at East Jersey State Prison at the time of filing, alleged violations of his Eighth Amendment right against cruel and unusual punishment by defendants William H. Fauver, Commissioner, New Jersey Department of Corrections; Patrick H. Arvonio, Administrator, East Jersey State Prison ("E.J.S.P."); T.M. Power, Director of Professional Services, E.J.S.P.; Dr. Bayer, Chief Physician, E.J.S.P.; Dr. Guirguis, physician, E.J.S.P.; and Pearl Ganze, Head Nurse, E.J.S.P.

n1 On August 18, 1989, plaintiff brought an action on the same general facts against many of the same defendants who are presently before the Court. Slade v. Fauver, No. 89-3550. As in the present case, plaintiff alleged violations of his Eighth Amendment rights. The defendants moved to dismiss for failure to state a claim, and this Court, Ackerman, J., granted defendants' motion on December 6, 1989. The Court of Appeals summarily affirmed the dismissal. Slade v. Fauver, No. 89-6008 (3d Cir. February 22, 1990).

[*2]

Plaintiff made the following numbered allegations, among others, in his Civil Rights Complaint with a Jury Demand (the "Complaint"):

Case 2:02-cv-02687-ER  Document 85-4  Filed 03/15/2005  Page 3 of 5

Page 2
1990 U.S. Dist. LEXIS 13356, *

13. The medical prescription prescribed by the doctor [Dr. Guirguis] was not carried out.

. . .

15. Plaintiff still suffers from the same medical problems [urinary and digestive tract problems] to this very day, and the Department of Corrections and or Medical Staff at East Jersey State Prison still has not carried out the orders of the medical doctors with regard to plaintiff's problems.

16. Plaintiff has never been taken to St. Francis Medical Center, as was ordered by the medical staff at East Jersey State Prison, with regard to his urinary tract problems. Plaintiff's conditon [sic] has worsened with time, and is in a state of limbo as far as his medical condition is concerned.

17. Plaintiff alleges that the actions or in-actions [sic] of the defendants enumerated in paragraphs 4 thru 16 amount to a conspiracy by the defendants by way of failure to act or correct the injustice or wrong that they as defendants jointly and individually continue to inflict upon plaintiff, in violation of his 8th amendment right against cruel and unusual punishment, by [*3] failing to carry out the medical orders of the medical staff of East Jersey State Prison, with regard to the medical conditions of the plaintiff.

18. The defendants, and all of them, have violated plaintiff's 8th amendment right against cruel and unusual punishment being inflicted, by being deliberately indifferent to the medical needs of plaintiff, by failing to carry out the medical course of treatment ordered by the medical staff of East Jersey State Prison, which treatment was ordered almost two years ago.

19. The defendant's [sic] and all of them, have caused plaintiff pain and suffering due to his medical problems, by failing to act or otherwise carry out the course of treatment prescribed by the medical doctors at the East Jersey State Prison, said treatment being prescribed over a year and a half ago.

20. The defendants have caused plaintiff undue medical problems, pain, suffering, and stress, by failing to take him to the St. Francis Medical Center after being ordered to do so by the medical staff at the East Jersey State Prison, for a proper course of treatment that is unable to be performed within the confines of the prison.

(Emphasis in original).

On the basis of [*4] these and other allegations, plaintiff alleges that defendants violated his Eighth Amendment rights (first cause of action); failed to abide by New Jersey Department of Corrections standards in violation of the federal and New Jersey Constitutions (second cause of action); failed to train their agents, also in violation of the Eighth Amendment (third cause of action); and failed to comply with various state statutes (fourth cause of action). Complaint paras. 21-24. In plaintiff's fifth and final cause of action,

Plaintiff alleges that to this date he still hasn't received the proper medical treatment that was ordered by the medical staff of the E.J.S.P. almost two years ago. The defendants, by failing to act on the orders of it's [sic] own medical staff, have acted with "deliberate indifference" towards the needs of plaintiff, in violation of his 8th amendment right against cruel and unusual punishment being inflicted.

Complaint para. 25. The Complaint ends with a request for a declaratory judgment stating that defendants violated plaintiff's Eighth Amendment rights; an injunction ordering the New Jersey State Department of Corrections pay for a doctor of plaintiff's choice to diagnose [*5] and treat his alleged medical problems; compensatory damages of $ 100,000 against each defendant; punitive damages of $ 100,000 against each defendant; and attorneys fees.

Defendants served their answer on May 29, 1990, after receiving a 15-day extension in which to do so. In their answer, defendants alleged that "plaintiff has not been denied any right, privilege or immunity granted by the United States Constitution or Act of Congress." Answer and Jury Demand ("Answer") para. 2. Likewise, defendants denied the allegations in plaintiff's first four causes of action. Answer paras. 21-24. However, defendants admitted the allegations set forth in paragraphs 13, 15, 16, 17, 18, 19 and 20, which have been set forth above. Defendants also admitted the allegations of paragraph 25 of the Complaint, which stated plaintiff's fifth cause of action, and which has also been set forth above. In making these admissions, defendants conceded some of the most damning allegations in the Complaint, notably, that the course of treatment presented for plaintiff by prison doctors was never carried out, Complaint paras. 13, 15, 17-19, 25; that defendants conspired to violate plaintiff's Eighth Amendment [*6] rights, id. para. 17; and that defendants' deliberate indifference to plaintiff's medical needs violated plaintiff's Eighth Amendment rights. Id. paras. 18, 25.

On July 9, 1990, plaintiff moved for summary judgment on the issue of liability. Plaintiff supported his motion largely with defendants' admissions. See Brief in Support of Motion for Summary Judgment, Statement of Facts. Plaintiff also submitted an affidavit in which he restated certain material allegations in his Complaint. n2

n2 In addition, plaintiff attached two exhibits which he calls "copies of documents contained in the plaintiffs' [sic] medical records while he was confined" at E.J.S.P. Brief in Support of Motion for Summary Judgment at 3. However, because these documents were not introduced through an affidavit, deposition or other appropriate paper, they will be disregarded. See *Fed. R. Civ. P. 56(e)*.

On July 13, 1990, defendants' counsel submitted a letter brief which stated that defendants' admission of paragraphs 13, 15, 16, 17, [*7] 18, 19, 20 and 25 was due to a word processing error and proofreading oversight by counsel. Letter of Ronald L. Bollheimer, Deputy Attorney General of New Jersey, July 13, 1990, at 1-2. Because this error was due to inadvertence, defendants' counsel argues, the Court should allow defendants to amend their Answer and allow the case to proceed on the merits. Id. at 2. Further, the Court is asked to deny plaintiff's motion for summary judgment because it rests upon defendants' counsel's mistake. Id. at 2-3.

In support of this motion to amend and opposition to plaintiff's motion for summary judgment, Mr. Bollheimer submitted a certification which explains the word processing error (but not the proofreading oversight) which led to defendants' repeated concessions that defendants had committed cruel and unusual punishment. Certification of Ronald L. Bollheimer para. 4. Mr. Bollheimer characterizes the error as "purely an excusable neglect mistake" which in no way prejudices plaintiff. Id. para. 6. Defendants have also submitted a proposed amended answer which denies paragraphs 13, 15-20 and 25 of the Complaint.

II. DISCUSSION

Motions to amend pleadings are governed by *Rule [*8] 15(a) of the Federal Rules of Civil Procedure*, which gives a district court discretion to grant leave to amend at any time after a responsive pleading has been filed. Rule 15(a) provides, in relevant part:

[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

*Fed. R. Civ. P. 15(a)*. The Supreme Court has identified various reasons for denying a motion to amend under Rule 15(a):

In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court. . . .

*Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)*.

The single most important criterion in deciding a motion to amend under Rule 15(a) is prejudice to the non-moving party. *Bechtel v. Robinson,* [*9] *886 F.2d 644, 652 (3d Cir. 1989)*. As a reason to deny a motion to amend, prejudice to the non-moving party must be such that the party was "'unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" Id. (quoting *Heyl & Patterson Int'l v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981)*). In this case, plaintiff would not be prejudiced by defendants' proposed amendment. He clearly has not lost any opportunity to present evidence. This case is in its early stages, and neither side has begun discovery, let alone presented evidence. In terms of presenting evidence, plaintiff's position after defendants' proposed amended answer is the same as if defendants had originally filed such an answer.

Aside from prejudice, other reasons to deny an amendment include bad faith or dilatory motive, undue delay, previous amendments which failed to cure the deficiency, or futility of amendment. *Foman, 371 U.S. at 182, 83 S. Ct. at 230; Bechtel, 886 F.2d at 652-53* (citing *Heyl, 663 F.2d at 425*). Ineffective previous amendments cannot be a reason to deny amendment in this case; defendants [*10] have not made any previous amendments. Futility of amendment is likewise not a reason to disallow amendment here, because defendants' proposed amendments are critical to the viability of their defense.

Improper motive and undue delay are also absent from this case as reasons to deny defendants' motion to amend. When a defendant admits an allegation through inadvertence and promptly moves to amend, that motion will be granted. See *Lanahan v. Kawasaki, 93 F.R.D. 397 (D. Nev. 1982)*. In Lanahan, Kawasaki, the defendant, impleaded the United States and alleged that a "lawful cause of action existed against" the United States under the Federal Tort Claim Act. *Id. at 398*. The United States admitted this allegation. Id. One month later, the United States moved to amend its answer on the ground that the admission was an oversight and the defendant had not been prejudiced. *Id. at 399*. The court concurred and granted the motion to amend. Id.

In the present case, as in Lanahan, defendants seek to undo their mistaken admission of liability. It is clear that defendants' purpose in moving to amend is made in good faith. The inadvertence of defendants' admissions in paragraphs [*11] 13, 15-20 and 25 becomes apparent in light of their contention, in paragraph 2 of their Answer, that "plaintiff has not been denied any right, privilege or immunity granted by the United States Constitution." Furthermore, defendants denied that they deprived plaintiff of his right to be free from cruel and unusual punishment, Answer, para. 21; that they were deliberately indifferent toward plaintiff's medical needs, id. para. 22; that they violated plaintiff's Eighth Amendment rights, id. para. 23; and that they violated state law. Id. para. 24. As defendants' counsel has certified, inadvertence explains the contradictions between the Answer's admissions and denials. Inadvertence also explains why defendants admitted violating plaintiff's Eighth Amendment rights in this action but sought, and received, a dismissal in plaintiff's earlier case on the grounds that plaintiff had failed to state a claim that defendants had violated those same rights. See supra note 1.

The promptness of defendants' motion to amend, as well as its purpose, should also be considered in deciding whether to allow the amendment. In Lanahan, the motion to amend was filed approximately one [*12] month after the original answer. *93 F.R.D. at 399.* In the present case, defendants moved to amend within a month and a half of their original answer and within days of plaintiff's motion for summary judgment. Such promptness in moving to amend supports granting the motion.

This Court faced a similar situation in Kronfeld v. First Jersey Nat'l Bank, where plaintiffs sought to amend their complaint after they became aware of new evidence. *638 F. Supp. 1454, 1460 (D.N.J. 1986).* Because the proposed amendments had no dilatory purpose and no significant discovery or pretrial preparation had taken place, the Court permitted the plaintiffs to amend their complaint, even though some of the defendants had already answered. Id. In the present case, likewise, discovery has not yet begun and pretrial preparation would be premature.

This case should be decided on the merits and not on a word processing error. Because defendants' admissions were due to inadvertence and not to any improper purpose, and because this case is in such an early stage that amendment of the answer will not prejudice plaintiff's case in any way, defendants' motion to amend will be granted and plaintiff's motion for [*13] summary judgment will be denied.

III. CONCLUSION

For the foregoing reasons, the Court will deny plaintiff's motion for summary judgment and grant defendants' cross-motion to amend their Answer.

An appropriate order is attached.

ORDER

In accordance with the Court's opinion filed herewith,

It is on this 24th day of September, 1990,

ORDERED that plaintiff's motion for summary judgment is denied; and it is further

ORDERED that defendants' cross-motion to amend their Answer is granted.