**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

**ORDER**

AND NOW, this       day of          , 2005, upon consideration of the Parole Board defendants' motion for protective order, plaintiff Wolfe's response, and the Parole Board defendants' reply, and for good cause shown, it is hereby ORDERED that the Parole Board defendants' motion is GRANTED. Plaintiffs' notices for the depositions of Parole Board defendants are hereby QUASHED.

BY THE COURT:

_____
EDUARDO C. ROBRENO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

**PAROLE BOARD DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO MOTION FOR PROTECTIVE ORDER**

Defendants Castor, Descher, Green, Imboden, Lucht, Martinez, Muller, Ryan, Ward, Webster, and White (collectively, "Parole Board defendants") hereby reply to plaintiff Jessica Elaine Wolfe's response to their motion for a protective order quashing Wolfe's notices of deposition. Wolfe makes numerous errors of fact and law which Parole Board defendants now hasten to correct.

First of all, contrary to Wolfe's hyperbolic statement, Parole Board defendants never argued that they are immune from litigation[1] or even discovery. Indeed, as Wolfe is well aware, *the Parole Board defendants have produced a copy of Wolfe's entire parole file* in response to his request for production of documents. Other than document requests, the only other form of discovery attempted by Wolfe is deposition and it is that which Parole Board defendants object to, for reasons set forth in their motion for protective order. Wolfe has not even served interrogatories upon any defendant.

---

[1] Parole Board defendants only argued that they were absolutely immune from Wolfe's damages claim, which at present is the only claim for relief that remains in the case.

Second, Wolfe's argument that Parole Board defendants are not entitled to absolute quasi-judicial immunity from damages is frivolous. Wolfe claims that he is "challenging the Board members' application of new state guidelines in making their decisions", Wolfe response, at 6, and seeks to question them on the "standards they use." Id., at 2. Interestingly, Wolfe never articulates just what factors the Parole Board improperly considered. In his original and amended pleadings, the only factor that appears to have any significance is the Parole Board's consideration of his refusal to participate in the prison's sex offender treatment program. But in any event, parole "guidelines," as their very name reveals, are "for the Board's assessment of a prisoner's parole application, and are purely an aid for the Board's exercise of its discretion." See Finnegan v. Pennsylvania Bd. of Probation and Parole, 838 A.2d 684, 690 (Pa. 2003), *overruled, in part, on other grounds*, Cimaszewski v. Board of Probation and Parole, __ A.2d __ 2005 WL 442157 (Pa. 2005); Stewart v. Pennsylvania Bd. of Probation and Parole, 714 A.2d 502, 509 (Pa.Commw. 1998)("the Parole Board has a statutory mandate to exercise its discretion"). "As long as a factor considered by the parole board is within the discretion vested in the board by the legislature, a parole decision relying upon it is immune from judicial interference." DeVyver v. Warden, U. S. Penitentiary, 388 F.Supp. 1213, 1219 (E.D. Pa. 1974).

Unquestionably, the Parole Board is vested with discretion, by statute, to consider many factors in deciding whether to grant or deny parole. Long before 1996, the pertinent Pennsylvania statute, 61 P.S. § 331.19, expressly provided that the Parole Board should consider the nature and character of the offense for which the prisoner was sentenced; the character, mental characteristics, habits, antecedents, and environment of the prisoner; the conduct of the prisoner while in prison and his physical, mental and behavior condition and history; and the prisoner's complete criminal record, and any recommendation made by the trial judge and the

prison superintendent who has had charge of the prisoner.  See, e.g., Gahagan v. Pennsylvania Bd. of Probation and Parole, 444 F.Supp. 1326, 1333 (E.D. Pa. 1978)(citing 61 P.S. § 331.19).

In this case, Wolfe maintains that in its decision to deny him parole, the Parole Board improperly considered his refusal to participate in the Sex Offender Treatment Program (and apparently, the prison's negative recommendation for parole for the same reason).  Clearly, even before 1996, considering a prisoner's refusal to participate in a prescribed program -- particularly a convicted rapist's refusal to participate in a sex offender program – was well within the discretion vested in the Parole Board by the General Assembly.  See, e.g., Weaver v. Pennsylvania Bd. of Probation and Parole, 688 A.2d 766, 768 (Pa.Commw. 1997)(regarding 1995 Board decision to deny parole to rapist who refused to participate in prison's sex offender treatment program).

Only non-discretionary or ministerial acts can vitiate the Parole Board defendants' entitlement to absolute immunity and can be scrutinized by the Court.  For instance, in Simon v. Ward, 2001 WL 41127, *3 (E.D.Pa. 2001), the Court held that "a failure to properly assess, calculate, report, and process [plaintiff's] credit for time served" were "quintessential administrative and executive functions" and "apparently, mandated by statute."  Id. (citing 61 Pa.C.S. § 331.21a (b)(requiring that parolee who is recommitted for technical parole violation be given credit for time served on parole in good standing). Unlike the use and application of parole guidelines, giving credit for time served does not involve the subjective weighing and consideration of various criteria.  And, unlike credit for time served, the use of parole guidelines and the weight to be given any specific factor is not mandated by statute, regulation or anything else.  On the contrary, the use, or nonuse, of such guidelines is purely discretionary. Pennsylvania parole guidelines are not "laws" for ex post facto purposes.  Johnson v. Lavan,

3

2004 WL 1291973, *4 (E.D. Pa. 2004), *report and recommendation adopted by* Johnson v. Lavan, 2004 WL 1622051 (E.D. Pa. 2004);  Stewart v. Pennsylvania Bd. of Probation and Parole, 714 A.2d 502, 509 (Pa.Commw.1998).  And, should Wolfe argue that it is not within the Board's discretion to retaliate against a prisoner by denying him parole, that argument is unavailing with respect to the Parole Board defendants' entitlement to absolute immunity.  Even an allegation of conspiracy would be insufficient.  Nellom v. Luber, 2004 WL 816922, *7 (E.D.Pa. 2004).  In determining whether Parole Board members are entitled to absolute immunity, the Court must examine the nature and function of the act, not the act itself.  Id. (citing Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir.1992)(public official was absolutely immune from allegations that he conspired with others to deprive the plaintiff of his constitutional rights).  Accordingly, the Parole Board defendants' decisions denying parole, *and their reasons supporting those decisions*, are protected by absolute immunity.  Nellom, 2004 WL 816922, *7.

    Third, even if the Court permits Wolfe to amend his complaint to add a claim for injunctive relief, presumably against every current defendant in his or her official capacity, that claim would not warrant the deposition of every Parole Board member and Hearing Examiner who has ever participated in a decision to deny Wolfe parole, which is what Wolfe now seeks. Commonwealth defendants plan to oppose Wolfe's motion for leave to amend as futile.  But regardless, of all the Parole Board defendants, only one – Allen Castor – is still a member of the Board, and his term expires this year. Castor participated in the most recent Parole Board decision, which is the only one that would have any arguable relevance.  See Johnson v. Lavan, 2004 WL 1291973, *4 n.4 (E.D. Pa. 2004)(holding that any problems with prisoner's first four

4

parole hearings to be moot, as any ex post facto violations in those earlier hearings would be remedied by ordering a new review by the Board).

Fourth, Wolfe has not proffered even one reason as to why the information he seeks regarding the application of the parole guidelines is not available through any other means. He has not served interrogatories upon any defendant, including either Allen Castor or the current Chairman of the Parole Board.

Finally, nothing in Wolfe's parole file even suggests that any Parole Board defendant considered improper factors or "new" factors that he or she would not have considered prior to 1996. The reasons articulated by the Parole Board in its most recent decision (or "green sheet") to deny Wolfe parole, including his failure to participate in sex offender treatment, were factors in cases prior to 1996. See, e.g., Weaver v. Pennsylvania Bd. of Probation and Parole, 688 A.2d 766, 768 (Pa.Commw. 1997) (noting that in *August 1995*, Parole Board refused to grant parole to a convicted rapist based on his assaultive instant offense; very high assaultive behavior potential; victim injury; prisoner's need for treatment; failure to participate in and benefit from a treatment program for sex offenders; and unfavorable recommendation from the Department of Corrections).

5

In conclusion, for all of the reasons set forth in the Parole Board's motion for protective order and this reply brief, Parole Board defendants respectfully request the Court to quash Wolfe's notices of deposition.

                          THOMAS W. CORBETT, JR.
                          ATTORNEY GENERAL

BY:   s/ Beth Anne Smith
        Beth Anne Smith
        Senior Deputy Attorney General
        Identification No. 47162

        Susan J. Forney
        Chief Deputy Attorney General
        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

CERTIFICATE OF SERVICE

      I, Beth Anne Smith, Senior Deputy Attorney General, hereby certify that Parole Board defendants' reply to plaintiff's response to their motion for protective order was filed electronically on March 16, 2005 and is available for viewing and downloading from the ECF system. I further certify that a true and correct copy of said document was served on the same date by electronic mail notification to registered ECF user Andrea D'Ambra, at andrea.d'ambra@dbr.com.

                                              THOMAS W. CORBETT, JR.
                                              ATTORNEY GENERAL

BY:    s/ Beth Anne Smith
         Beth Anne Smith
         Senior Deputy Attorney General
         Identification No. 47162

         Susan J. Forney
         Chief Deputy Attorney General
         Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130