IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

### **ORDER**

AND NOW, this       day of          , 2005, upon consideration of the motion for protective order filed by Parole Board defendants and Hearing Examiners and for good cause shown, it is hereby ORDERED that said motion is GRANTED. Plaintiffs' subpoenas and notices for the depositions of Defendants Allen Castor and Barbara Descher and Parole Board Hearing Examiners David Withers, Harold Shalon and Anthony DiBernardo are hereby QUASHED.

BY THE COURT:

_____
EDUARDO C. ROBRENO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

## PAROLE BOARD DEFENDANTS' AND HEARING EXAMINERS' MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Parole Board defendants Allen Castor and Barbara Descher (retired) and retired Parole Board Hearing Examiners David Withers, Harold Shalon and Anthony DiBernardo move the Court to enter a protective order quashing plaintiff Jessica Elaine Wolfe's subpoenas and notices of deposition. As more fully set forth in the attached memorandum of law, the Court should grant this motion and quash the subpoenas and notices of deposition, for the following reasons:

    1. The decision to deny parole is an adjudicatory or quasi-judicial duty entitling Parole Board members and Hearing Examiners to absolute quasi-judicial immunity from damages.

    2. Wolfe has no viable claim for injunctive relief against movants in their individual or official capacities.

    3. Wolfe has not shown that the testimony of the Parole Board defendants and Hearing Examiners: (a) is likely to lead to the discovery of admissible evidence; (b) is essential to

Wolfe's case; and (c) that this evidence is not available through any alternative source or less burdensome means.

WHEREFORE, Parole Board defendants Castor and Descher and retired Hearing Examiners Withers, Shalon and DiBernardo respectfully request the Court to enter an order substantially in the form attached hereto, granting this motion for protective order, quashing Wolfe's subpoenas and notices of deposition, and granting any such further relief as is proper and just.

        THOMAS W. CORBETT, JR.
        ATTORNEY GENERAL

BY:    s/ Beth Anne Smith
        Beth Anne Smith
        Senior Deputy Attorney General
        Identification No. 47162

        Susan J. Forney
        Chief Deputy Attorney General
        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

**MEMORANDUM OF LAW IN SUPPORT OF PAROLE BOARD DEFENDANTS' AND HEARING EXAMINERS' MOTION FOR PROTECTIVE ORDER**

INTRODUCTION

Plaintiff Jessica Elaine Wolfe, a prisoner in the custody of the Pennsylvania Department of Corrections, pled guilty to and was convicted of the rape of his eight year old stepdaughter and is presently serving a state sentence for that crime. In his third amended complaint, Wolfe sued, among others, former and current members of the Pennsylvania Board of Probation and Parole ("Parole Board"), claiming that they violated his rights under the Ex Post Facto Clause and retaliated against him by denying him parole because of his admitted refusal to participate in the prison's sex offender treatment program. He seeks damages and injunctive relief. The injunctive relief Wolfe seeks is apparently a parole hearing in which the Board members and Hearing Examiners who previously denied Wolfe parole would not consider, or would now give "less weight" to, his refusal to participate in the sex offender program.

In the course of discovery, Wolfe noticed the deposition upon oral examination of every Parole Board defendant (Castor, Descher, Green, Imboden, Lucht, Martinez, Muller, Ryan, Ward, Webster, and White), irrespective of whether he or she is still a member of the Parole

Board or had participated in any of the three decisions to deny Wolfe parole. The Parole Board defendants moved for a protective order quashing the notices of deposition, arguing that Wolfe's requests sought information that was irrelevant and were not reasonably calculated to lead to the discovery of admissible evidence, because Parole Board members are entitled to absolute quasi-judicial immunity from damage claims and their mental and deliberative processes are not subject to discovery. (At the time, Wolfe did not have a claim for injunctive relief.)

On March 9, 2005, the undersigned counsel advised Wolfe's attorney that the following Parole Board members and Hearing Examiners had participated in Wolfe's interviews for parole:

| | |
|---|---|
| March 2001: | David Withers, now retired Hearing Examiner<br>Allen Castor, Board member |
| September 2002: | Harold Shalon, now retired Hearing Examiner<br>Barbara Descher, former Board member |
| July 2004: | Anthony DiBernardo, Hearing Examiner[1]<br>Allen Castor, Board member.[2] |

The Court has since disallowed Wolfe from deposing Parole Board defendants by way of oral examination. Instead, the Court required Wolfe's counsel to submit written deposition questions, and subsequently ordered defendants to file their objections by July 13, 2005.

---

[1] Like Withers and Shalon, DiBernardo is also retired. However, since retiring, both DiBernardo and Shalon have worked as annuitants.

[2] Castor's term expired on June 14, 2005, however, Section 2 of the Parole Law provides: "Said board shall consist of nine members who shall be appointed by the Governor, by and with the advice and consent of a majority of all the members of the Senate, and each of whom shall hold office for a term of six years, or until his successor shall have been duly appointed and qualified, but in no event more than ninety days beyond the expiration of his appointed term." 61 P.S. § 331.2. Accordingly, Castor will remain in office until September 12, 2005 unless his successor is duly appointed and qualified in less than 90 days.

On June 13, 2005, Wolfe resubmitted notices of deposition questions to Parole Board members Castor and Descher. Wolfe also submitted subpoenas and notices of deposition upon oral examination to Parole Board Hearing Examiners David Withers (retired), Harold Shalon (retired), and Anthony DiBernardo.

For the reasons set forth below, Parole Board defendants Castor and Descher and retired Hearing Examiners Withers, Shalon and DiBernardo request the Court to enter a protective order, quashing Wolfe's subpoenas and notices of deposition.

APPLICABLE STANDARD UNDER FED.R.CIV.P. 26(c)

Rule 26(c) of the Federal Rules of Civil Procedure provides: "Upon motion by a party ... and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Good cause is shown "by demonstrating a particular need for protection." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir.1986). The district court has the discretion to issue a protective order that imposes restrictions on the extent and manner of discovery where necessary to protect a party. Rule 26(c) further provides that such orders may be crafted to create any of a broad range of requirements, including (1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters; [and] (5) that discovery be conducted with no one present except persons designated by the court. Thus, Rule

3

26(c) provides district courts with the power to formulate a detailed solution that reflects the concerns of particular individual disputes.  Pearson v. Miller, 211 F.3d 57, 72-73 (3d Cir. 2000).

### PAROLE BOARD MEMBERS AND HEARING EXAMINERS HAVE ABSOLUTE QUASI-JUDICIAL IMMUNITY FROM DAMAGES

In its August 26, 2004 Memorandum and Order denying defendants' motion to dismiss, the Court declined to address the issue of absolute immunity given that the matter had not been briefed and the "fact-intensive nature of the inquiry." Wolfe, supra, at n.12.  In so ruling, the Court relied on Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 428 (3d Cir.2003).  Desi's Pizza, however, involved absolute *prosecutorial* immunity, a more factually complex issue than the inquiry involved here, where the Parole defendants have asserted absolute *judicial* or *quasi-judicial* immunity (both at oral argument and as an affirmative defense set forth in their answer to the second amended complaint).  The court should examine the allegations of the plaintiff's complaint, see Wilson v. Rackmill, 878 F.2d 772, 775-76 (3d Cir.1989), and, in particular, the nature and function of the parole defendants' alleged actions.  Nellom v. Luber, 2004 WL 816922, *6 (E.D.Pa. 2004)(citing Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir.1992)).

In this case, Wolfe's allegations demonstrate that the Parole Board defendants, including Castor and Descher, are entitled to absolute quasi-judicial immunity.  Wolfe alleges that the Parole Board defendants "continuously, systematically and deliberately denied parole to, and retaliated against, Plaintiff...based on [his] refusal to participate in voluntary sex offender programs that require participants to disclose past sexual conduct[.]"  Third amended complaint, ¶ 2.  Wolfe further alleges that Parole Board defendants "through their retaliation against Plaintiff and their imposition of parole requirements and standards not applicable to [him],

4

violated the Ex Post Facto Clause and the First Amendment[.]" Id., ¶ 3.  Plainly, Wolfe is seeking damages for the denial of parole on the theory that the Parole Board defendants unlawfully considered improper factors, including his refusal to participate in sex offender treatment, when making their decision to deny him parole.  As a matter of law, Wolfe cannot recover such damages.

Since 1977, the Third Circuit has held that parole board officials are entitled to absolute immunity from damage claims arising out of their performance of adjudicatory duties.  Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir.1989); Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir.1986); Thompson v. Burke, 556 F.2d 231, 238 n.13 (3d Cir.1977)(parole board members' adjudicatory functions include their ability to affect the length or terms of imprisonment, as well as the times when convicts may be paroled or discharged).  The courts of the Eastern District have consistently followed these decisions.  See, e.g., Nellom v. Luber, 2004 WL 816922, *6 (E.D.Pa. 2004) (to the extent plaintiff's claims attack the Parole Board's decisions, the Parole Board defendants are entitled to absolute immunity); Hayes v. Muller, 1996 WL 583180, *4 (E.D.Pa.1996)(dismissing claims asserted against Parole Board Chairman as barred by doctrine of absolute immunity); Munyan v. Traister, 1990 WL 135695, *1 (E.D.Pa.1990)(because decision to revoke parole is adjudicatory in nature, parole officials are entitled to absolute immunity from § 1983 suits for damages).

"Our quasi-judicial immunity cases demonstrate that the primary function to be protected is judicial or quasi-judicial decision making. This is true of cases challenging discretionary conduct by a quasi-judicial body like a parole board[.]"  Richman v. Sheahan, 270 F.3d 430, 436 (7th Cir. 2001), cert. denied, 535 U.S. 971 (2002).  Adjudicatory acts that entitle a parole official to absolute immunity include hearing evidence, making recommendations as to whether

5

to parole a prisoner, and making decisions as to whether to grant, revoke, or deny parole.[3] Breslin v. Brainard, No. 01-7269, 2002 WL 31513425, at *7 n.10 (E.D.Pa. Nov.1, 2002)(citing Wilson, 878 F.2d at 776).

In this case, Wolfe alleges that the Parole Board defendants denied him parole "based solely on his refusal to participate in the Sex Offender Program." Third amended complaint, ¶¶ 87, 89. As shown above, it is well-settled in this Circuit, as well as every other Circuit, that denial of parole is an adjudicatory or quasi-judicial act entitled to absolute immunity.[4] Wolfe cannot possibly recover damages from any Parole Board member, regardless of the content of that defendant's deposition testimony. The depositions will not provide Wolfe with any relevant evidence or even information that is reasonably likely to lead to the discovery of admissible evidence. While Wolfe, who is unlettered in the law, may be forgiven for asserting a patently

---

[3] Parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole. In contrast, a parole officer is not entitled to absolute immunity for his executive or administrative acts, such as investigations, searches and seizures, preparation of warrants and presentencing reports, or giving information to a parole board. See Breslin v. Brainard, No. 01-7269, 2002 WL 31513425, at *7 n.10 (E.D.Pa. Nov.1, 2002). In this case, it is clear that Wolfe is challenging the denial of his parole, which he asserts was illegal, and the factors the Parole Board defendants considered in making that decision. See third amended complaint, ¶¶ 2, 3, 87, 89. All of this conduct falls within Parole Board defendants' adjudicatory function, and thereby entitles them to absolute immunity from Wolfe's damage claims.

[4] See Johnson v. Rhode Island Parole Bd. Members, 815 F.2d 5, 8 (1st Cir.1987); Montero v. Travis, 171 F.3d 757, 761-62 (2d Cir.1999); Franklin v. Shields, 569 F.2d 784, 798 (4th Cir. 1977), cert.denied, 435 U.S. 1003 (1978); Littles v. Board of Pardons & Paroles Div., 68 F.3d 122, 123 (5th Cir.1995)(per curiam); Tillman v. Price, 113 F.3d 1236, 1997 WL 225993, *1 (6th Cir. 1997); Walrath v. United States, 35 F.3d 277, 281-82 (7th Cir.1994); Anton v. Getty, 78 F.3d 393, 396 (8th Cir.1996); Anderson v. Boyd, 714 F.2d 906, 908-10 (9th Cir.1983); Russ v. Uppah, 972 F.2d 300, 303 (10th Cir.1992); Fuller v. Georgia State Bd. of Pardons & Paroles, 851 F.2d 1307, 1310 (11th Cir.1988).

frivolous claim while he was *pro se*, his attorneys must comply with Rule 11 and should not be permitted to pursue frivolous claims or take vexatious depositions.  See Munyan v. Traister, 1990 WL 135695, *1-2 (E.D.Pa.1990)(dismissing as frivolous plaintiff's § 1983 damage claims against parole officials).  Clearly, the only conceivable purpose of the depositions is to oppress, harass and vex the Parole Board defendants.

      The Hearing Examiners are just as entitled to a protective order, if not more so (as none of them is presently a defendant in this case).  As a past or current Hearing Examiner, each would be just as entitled to absolute quasi-judicial immunity as a Parole Board defendant.  See, e.g., Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)(noting that Supreme Court has extended absolute immunity to those who perform functions closely associated with the judicial process, *including hearing examiners* and administrative law judges).  Wolfe apparently wishes to probe the Hearing Examiners' own deliberative processes in deciding to deny Wolfe parole, and also to circumvent the Court's disallowance of oral examination of the Parole Board defendants by questioning the Hearing Examiners as to the Parole Board defendants' reasons for the denial of parole.  The Court should not permit Wolfe to do so.

      For these reasons, the Court should enter a protective order quashing the notices of deposition directed to the Parole Board members Castor and Descher and the subpoenas and notices of deposition directed to the Hearing Examiners.

Wolfe Cannot Obtain Injunctive Relief Against the Proposed Deponents

      As indicated above, of the six persons who participated in Wolfe's parole decisions, only one – Castor – is still with the Parole Board, and Castor's term ended on June 14, 2005.  Because Withers, Shalon, DiBernardo and Descher have retired, and Castor will have a successor on or

7

before September 12, 2005, any injunctive claims against them in their individual capacities are (or would be) moot.

To the extent Withers, Shalon, DiBernardo, Descher, and soon Castor are sued in their official capacities for injunctive relief, their successors in office are automatically substituted as parties by operation of Federal Rule of Civil Procedure 25(d)(1). However, none of these successors participated in Wolfe's parole, and nothing in the record suggests that they have any information – at all – that relates to Wolfe's claims. Accordingly, Wolfe could not prevail in any claim for injunctive relief against any successor in his or her official capacity.

<u>Parole Board Defendants and Hearing Examiners Are High Ranking Officials Who Should Not Be Subjected to Deposition Upon Oral Examination</u>

As noted above, each of the Parole Board defendants, including Castor and Descher, is a former or present Chairman or member of the Parole Board; similarly, Withers, Shalon, and DiBernardo served as Hearing Examiners for the Parole Board. As high ranking government officials, they should not be subjected to deposition, particularly where, as demonstrated above, such depositions have no conceivable value given the defendants' entitlement to absolute quasi-judicial immunity, the absence of possible injunctive relief against them in either their individual or official capacities, and the need to protect the deliberative process of Parole Board decisionmaking, absent extraordinary circumstances.

High-ranking government officials are "generally entitled to limited immunity from being deposed." <u>Hankins v. City of Philadelphia</u>, 1996 WL 524334, *1 (E.D.Pa.)(suppressing deposition of Mayor of Philadelphia). A request to depose a high-ranking government official is subject to a heightened standard of review. See <u>Jones v. Hirschfield</u>, 219 F.R.D. 71 (S.D.N.Y.2003); <u>Marisol v. Giuliani</u>, 1998 WL 132810, *2 (S.D.N.Y.). This is so even though a

protective order is the exception rather than the rule. Marisol, 1998 WL 132810, at *2. "A party seeking the deposition of a high ranking government official must demonstrate that his testimony is likely to lead to the discovery of admissible evidence, is essential to that party's case and that this evidence is not available through any alternative source or less burdensome means." Hankins v. City of Philadelphia, 1996 WL 524334, *1 (E.D.Pa.1996). The last part of this test is strictly imposed: the court should allow the deposition only if the high ranking government official has unique, personal knowledge that cannot be obtained elsewhere. Marisol, 1998 WL 132810, *2. This limited immunity ensures that high-ranking government officials have the necessary time to dedicate to the performance of their governmental duties and also "protect[s] the mental processes of executive and administrative officers in order [to] promote open channels of communication within government." Id. See also United States v. Morgan, 313 U.S. 409, 422 (1941)(absent extraordinary circumstances, top officials should not be called to testify regarding their reasons for taking official actions); Simplex Time Recorder Co. v. Sec'y of Labor, 766 F.2d 575, 586-87 (D.C.Cir.1985)(same); Ernest and Mary Hayward Weir Found. v. United States, 508 F.2d 894, 895 (2d Cir.1974)(per curiam)(noting that pure deliberative processes of government officials are protected from discovery).

In this case, the undersigned counsel has provided Wolfe's counsel with copies of Parole Board actions (or "green sheets") which set forth the Parole Board's reasons for denying Wolfe parole. The reasons include Wolfe's refusal to participate in sex offender treatment. The undersigned counsel has also produced copies of documents prepared by prison officials and staff and parole agents, including but not limited to vote sheets, assessments, and parole decisionmaking guidelines. Indeed, Wolfe's counsel was provided with a complete copy of Wolfe's parole file.

9

Wolfe has not shown that obtaining the Parole Board defendants' or Hearing Examiners' deposition testimony is essential to his case. He also has not shown that any of the Parole Board defendants or Hearing Examiners has "unique, personal knowledge" that cannot be obtained by any means other than deposition. Further, while a disruption of the duties of even the President of the United States may be necessary under some circumstances, <u>United States v. Nixon</u>, 418 U.S. 683, 707 (1974), no such circumstances exist here, given the Parole Board defendants' and Hearing Examiners' unquestionable entitlement to absolute immunity from Wolfe's damage claims. Finally, Wolfe has not shown the existence of "extraordinary circumstances" which would allow him to question Parole Board defendants and Hearing Examiners about their deliberative processes concerning their decisions to deny Wolfe parole. Accordingly, the Parole Board defendants request the Court to enter a protective order quashing Wolfe's notices of deposition to the Parole Board defendants.

<u>CONCLUSION</u>

At the most recent hearing in this case, the Court suggested a possible solution to the parties' discovery dispute: that Wolfe notice a Rule 30(b)(6) witness from the Parole Board. Commonwealth defendants agree that the Court's proposed solution would allow Wolfe to obtain pertinent information regarding the Parole Board's policies, practices, and procedures. At the same time, it would protect the deliberative processes of individual Board members' and Hearing Examiners. As noted above, the Court has the power under Rule 26(c) to formulate a detailed solution that reflects the concerns of particular individual disputes. <u>Pearson v. Miller</u>, 211 F.3d 57, 72-73 (3d Cir. 2000).

     For this reason and for all of the reasons stated above, Parole Board defendants Castor and Descher and Hearing Examiners Withers, Descher and DiBernardo request the Court to enter a protective order quashing Wolfe's notices of deposition.

                                            Respectfully submitted,

                                            THOMAS W. CORBETT, JR.
                                            ATTORNEY GENERAL

BY:    s/ Beth Anne Smith
         Beth Anne Smith
         Senior Deputy Attorney General
         Identification No. 47162

         Susan J. Forney
         Chief Deputy Attorney General
         Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

CERTIFICATE OF SERVICE

I, Beth Anne Smith, Senior Deputy Attorney General, hereby certify that the foregoing motion to quash subpoenas and for protective order was filed electronically on June 24, 2005 and is available for viewing and downloading from the ECF system. I further certify that a true and correct copy of said document was served on the same date by electronic mail notification to registered ECF users Mary Catherine Roper, Esquire at Mroper@ACLUPA.ORG and Viktoriya Meyerov, Esquire at Viktoriya.Meyerov@dbr.com.

              THOMAS W. CORBETT, JR.
              ATTORNEY GENERAL

       BY: s/ Beth Anne Smith
          Beth Anne Smith
          Senior Deputy Attorney General
          Identification No. 47162

          Susan J. Forney
          Chief Deputy Attorney General
          Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

13

CERTIFICATION OF COUNSEL

I, Beth Anne Smith, Senior Deputy Attorney General, hereby certify that the parties, after reasonable effort, have been unable to resolve the discovery dispute that is the subject of this motion for protective order, which is directly related to the discovery matters presently pending before the Court.

                                            s/ Beth Anne Smith
                                            Beth Anne Smith
                                            Senior Deputy Attorney General