**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : : : : : | CIVIL CLASS ACTION |
|---|---|---|
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : : : | |
| Defendants. | : | No. 02-2687 |

## ORDER

AND NOW this ____ day of _____, 2005, upon consideration of the Parole Board Defendants' and Hearing Examiners' Motion for Protective Order and Plaintiff's response thereto, it is ORDERED that said Motion is DENIED.

 

Eduardo C. Robreno, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, : : : : : | CIVIL CLASS ACTION No. 02-2687 |
| Plaintiff : : | |
| v. : : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., : : : | |
| Defendants. : | |

**PLAINTIFF'S OPPOSITION TO**
**THE PAROLE BOARD DEFENDANTS' AND HEARING EXAMINERS'**
**MOTION FOR PROTECTIVE ORDER**

This motion for protective order duplicates, almost word-for-word, the motion for protective order filed by Defendants on March 8, 2005. The only changes are that now Defendants argue – without any authority – that hearing examiners employed by the Commonwealth are "high level executives" who should be immune from deposition, and that neither the Parole Board defendants nor the hearing examiners whom Plaintiff wishes to depose can be ordered to provide injunctive relief.

The Court granted in part and denied in part the Parole Board Defendants' prior motion, holding that Plaintiff could not subject them to cross examination in deposition, but that they would be subject to deposition by written questions if Plaintiff's counsel set forth appropriate questions. Defendants' objections to Plaintiff's proposed written questions are due next week, and the Court will rule on the propriety of those questions after argument in August. As to the

Parole Board Defendants, therefore, the present motion is an improper (and late) motion for reconsideration and should be denied.

As to the hearing examiners that Plaintiff seeks to depose, the motion should be denied in its entirety because there is no authority whatsoever for the proposition that hearing examiners are "high level executives" who are immune from deposition.

Finally, the motion should be denied because the discovery sought is both relevant and irreplaceable. Despite Defendants' repeated references to the Sex Offender Treatment Program, this case is no longer about Plaintiff's refusal to participate in that program and admit guilt for the crime she contends she did not commit. Those claims were dismissed by this Court and Plaintiff cannot – and does not – seek discovery related to them. Instead, Plaintiff seeks discovery relating to her remaining claims, set forth in Counts V and VI of her Third Amended Complaint. In Count V, Plaintiff contends that the Parole Board has improperly failed to apply the parole standards in place at the time of her sentencing and has, instead, denied her parole by assigning undue or exclusive weight to public safety considerations. In Count VI, Plaintiff contends that the Defendants have taken certain actions against her in retaliation for her exercise of her First Amendment rights – specifically, in retaliation for her lawsuits and for her use of the grievance procedure to complain about the requirement that she take the Sex Offenders Program while she is still seeking to obtain a new trial.

Plaintiff seeks to depose the individuals who considered her applications for parole to determine whether, "in practice" Plaintiff's applications for parole were considered under the parole standards in effect when she was convicted. *Mickens-Thomas v. Vaughn*, 321 F.3d 374, 384 (3d Cir.), *cert. denied sub. nom. Gillis v. Hollawell*, 540 U.S. 875 (2003) (*Mickens-Thomas I*). She also needs to determine whether, and to what extent, her legal actions and grievance

regarding the Sex Offender Program were considered against her. Her entitlement to that discovery does not turn on whether she can hold any of the proposed deponents liable in damages for their actions, or even whether they are the persons against whom the Court would order injunctive relief. Plaintiff's entitlement to discovery depends solely on whether the depositions she seeks are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b).

In order to obtain any relief – including injunctive relief – on her remaining claims, Plaintiff must demonstrate that the Parole Board members and hearing examiners who considered her parole applications: (1) relied on public safety factors to the exclusion of other factors; and/or (2) took adverse action against Plaintiff because of her First Amendment activities. Defendants have produced "Parole Guideline" sheets that catalog the safety-related factors considered by the Board and also contain hand-written notes referencing Plaintiff's legal actions and objections to the Sex Offender Treatment Program. None of the documents produced states whether the Parole Board members and hearing examiners considered factors other than the safety-related factors, or what role Plaintiff's First Amendment-protected activities played in their decisions. That is information that Plaintiff cannot obtain from a Rule 30(b)(6) designee of the Parole Board or from the documents. It is information she can obtain only from the individuals who were involved in those decisions. Plaintiff's request for the testimony of the Parole Board members and hearing examiners who considered her applications for parole is, therefore, not only reasonably calculated to lead to the discovery of admissible evidence, but directed to the sole source of the evidence she needs to establish her claims. Defendants' counsel's suggestion that Plaintiff should be denied this discovery and instead should "drop" her claims is not the right answer. The Court denied Defendants' motion to dismiss Counts V and

VI of Plaintiff's complaint. She is entitled to pursue those claims through discovery that is reasonably calculated to lead to the discovery of admissible evidence.

For all the foregoing reasons, the Parole Board Defendants' and Hearing Examiners' Motion for Protective Order should be denied.

Respectfully submitted,

_____
Mary Catherine Roper
American Civil Liberties Union of Pennsylvania
P.O. Box 1161
Philadelphia, PA 19105

Viktoriya Meyerov
Maresa Torregrossa
DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700 (Phone)
(215) 988-2757 (Fax)
Attorneys for Plaintiffs

Dated: July 8, 2005.

CERTIFICATE OF SERVICE

**I certify that on this date I filed the foregoing document using the Court's ECF system and that the following is a ECF user such that she will receive service automatically:**

>Beth Anne Smith
>Office of Attorney General
>21 S. 12th Street, 3rd Floor
>Philadelphia, PA 19107-2130
>(215) 560-2130 (phone)
>Attorney for Defendants

>**/s/ Mary Catherine Roper**
>**Mary Catherine Roper**

Dated: July 8, 2005.