IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

## **ORDER**

AND NOW, this          day of              , 2005, upon consideration of Parole Officials'

Objections to Plaintiff's Written Deposition Questions, it is hereby ORDERED that said

objections are SUSTAINED and defendants' Motion for Protective Order is GRANTED.

Plaintiffs' subpoenas and notices for the depositions of Defendants Allen Castor and Barbara

Descher and Parole Board Hearing Examiners David Withers, Harold Shalon and Anthony

DiBernardo are hereby QUASHED.

BY THE COURT:

_____
EDUARDO C. ROBRENO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INMATES OF THE PENNSYLVANIA              :       CIVIL ACTION
DEPARTMENT OF CORRECTIONS,

                        Plaintiffs        :

            v.                            :

THE PENNSYLVANIA DEPARTMENT
OF CORRECTIONS, et al.,                   :

                        Defendants        :       No. 02-2687

## PAROLE OFFICIALS' OBJECTIONS TO PLAINTIFF'S WRITTEN DEPOSITION QUESTIONS

Pursuant to the Court's Order of June 2, 2005, Parole Board defendants Allen Castor and Barbara Descher and Parole Board Hearing Examiners David Withers, Harold Shalon, and Anthony DiBernardo (collectively, "parole officials") hereby object to Plaintiff Jessica Elaine Wolfe's Written Deposition Questions.

Overview and General Objections

1.      Wolfe's questions seek irrelevant information and are not reasonably calculated to lead to the discovery of admissible evidence.

As the Court is aware, the parole officials have moved for a protective order, asking the Court to quash Wolfe's subpoenas and notices of deposition. That motion is incorporated herein by reference. Essentially, the parole officials argue that the Court should quash Wolfe's subpoenas and notices of deposition (1) because they are entitled to absolute quasi-judicial immunity from Wolfe's damage claims; (2) because none of the parole officials who decided to deny Wolfe parole is still employed by the Parole Board, Wolfe's claims for injunctive relief

against them in their individual capacities are moot; (3) Wolfe's claims for injunctive relief against parole officials in their official capacities cannot succeed, because none of the parole officials' *successors* was involved in any of the decisions to deny Wolfe parole and nothing in Wolfe's third amended complaint suggests that the successors will violate the law; (4) Wolfe cannot properly inquire into the deliberative processes of the parole officials or the reasons for their decisions to deny him parole absent a showing of extraordinary circumstances, which he has failed to do (see also General Objection No. 2, below).

Because Wolfe cannot obtain either damages or injunctive relief against the parole officials, and because he cannot properly inquire as to their deliberative processes, the weight they gave various factors in deciding whether to grant or deny parole, or the reasons underlying their decisions to deny Wolfe parole, Wolfe's written questions seek information that is irrelevant and are not reasonably calculated to lead to the discovery of admissible evidence.

2. Wolfe's written questions seek information that is already in his possession and is therefore unreasonably duplicative or cumulative.

Wolfe's attorneys have long had in their possession a copy of Wolfe's entire parole file. Wolfe's parole file contains, among other things, the parole guidelines, assessments, vote sheets, reports and evaluations used by parole officials in deciding whether to grant or deny Wolfe's application for parole.  It also contains the interview notes made by the parole officials at Wolfe's parole reviews, and the "green sheets" which set forth the reasons the parole officials denied Wolfe parole.

Since obtaining Wolfe's parole file, Wolfe's attorneys have deposed the parole agent who prepared the parole report for Wolfe's most recent parole review (Thomas Ritko) and have

noticed the deposition of the parole agent who prepared the previous report (Mark Youngerman). They have deposed Brenda Wildenstein, once a Unit Manager at the State Correctional Institution at Mahanoy, who voted for a "negative institutional recommendation" (i.e., a recommendation by SCI-Mahanoy to the Parole Board to deny parole).   They have deposed Tamara Boris, Wolfe's former prison counselor at SCI-Mahanoy, who assembled documents to be reviewed by the Parole Board prior to making its decision.  At their depositions, Ritko, Wildenstein and Boris thoroughly explained the reasons for their actions regarding Wolfe.

Consequently, as a result of discovery already asked and answered, Wolfe's counsel have most if not all of the information they seek through their written questions.  Because this information is already in Wolfe's possession, Wolfe's written questions seek information that is unreasonably duplicative and cumulative.  Fed.R.Civ.P. 26(b)(2).


3.  <u>Wolfe's written questions seek information that is obtainable from some other source that is more convenient, less burdensome, and less expensive.</u>

Parole officials submit that all of Wolfe's written questions fall within one or both of the foregoing General Objections.  But even if they do not, parole officials object that the information Wolfe seeks is readily obtainable from some other source that is more convenient, less burdensome, or less expensive, including the documents already in Wolfe's counsel's possession.  And, as noted in the parole officials' motion for protective order, this Court has suggested that one way of resolving the parties' discovery dispute would be for Wolfe to notice a Rule 30(b)(6) witness from the Parole Board.  The deposition of a 30(b)(6) witness would be more convenient, less burdensome, and less expensive than depositions of all five parole officials who participated in decisions to deny him parole.  The deposition would allow Wolfe to obtain

3

information relating to the Parole Board's policies, practices, and procedures, and at the same time protect the parole officials' deliberative processes leading to their decisions to deny Wolfe parole (see General Objection No. 4, below).

4.   Wolfe's questions are an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.

As the parole officials argued in their motion for protective order, Wolfe is not entitled to question their deliberative process unless he can show that their answer is likely to lead to the discovery of admissible evidence, and that such evidence is essential to his case and is not available through any alternative source or less burdensome means.  Hankins v. City of Philadelphia, 1996 WL 524334, *1 (E.D.Pa.1996).  The last part of this test is strictly imposed: the court should allow the deposition (whether oral or written) only if the high ranking government official has unique, personal knowledge that cannot be obtained elsewhere.  Marisol v. Giuliani, 1998 WL 132810, *2 (S.D.N.Y. 1998).  This limited immunity ensures that high-ranking government officials have the necessary time to dedicate to the performance of their governmental duties and also "protect[s] the mental processes of executive and administrative officers in order [to] promote open channels of communication within government."  Id.  See also United States v. Morgan, 313 U.S. 409, 422 (1941)(absent extraordinary circumstances, top officials should not be called to testify regarding their reasons for taking official actions); Simplex Time Recorder Co. v. Sec'y of Labor, 766 F.2d 575, 586-87 (D.C.Cir.1985)(same); Ernest and Mary Hayward Weir Found. v. United States, 508 F.2d 894, 895 (2d Cir.1974)(per curiam)(noting that pure deliberative processes of government officials are protected from

discovery).   Nearly all of Wolfe's written questions go to the heart of the deliberative process, and therefore should not be allowed.

The undersigned counsel is mindful that the Court has ordered defendants to "file detailed objections, paragraph by paragraph" to each of Wolfe's written questions.  What follows is an attempt to comply with the Court's order while avoiding unnecessary repetition.

Specific Objections

1. *Please state your name and business address for the record.*

Objection.  Information regarding parole officials' names and business addresses is already in Wolfe's possession.  Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Even if such information were not in Wolfe's possession, such questions would be objectionable, because the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive.  Fed.R.Civ.P. 26(b)(2).

2. *Please state the date(s) on which you participated in parole review(s) for Plaintiff.*

Objection.  This information is already in Wolfe's possession, custody, and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).

3. *For each occasion on which you considered Plaintiff's applications for parole, please identify each written report, evaluation, form or other submission concerning Plaintiff that you reviewed and, to the extent the information is available, who prepared it.*

Objection.  This information is already in Wolfe's possession, custody, and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  <u>See</u> General Objection No. 4, above.

4. *For each written submission identified in response to Question 3, please explain what purpose it served in evaluating the risk to public safety if Plaintiff were to be paroled.*

Objection.  This information is already in Wolfe's possession, custody, and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  <u>See</u> General Objection No. 4, above.

5. *For each written submission identified in response to Question 3, please explain any purpose it served other than the assessment of the risk to public safety if Plaintiff were to be paroled.*

Objection. This information is already in Wolfe's possession, custody, and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative. Fed.R.Civ.P. 26(b)(2). Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2). Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity. See General Objection No. 4, above.

6. *For each occasion on which you considered Plaintiff's application(s) for parole, please state whether there were written reports or other submissions available to you (including medical records) that you did not review in full. For any such submissions, please explain how much you reviewed and why you did not review the entire submission.*

Objection. This information is already in Wolfe's possession, custody, and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative. Fed.R.Civ.P. 26(b)(2). Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2). Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity. See General Objection No. 4, above.

*7. For each occasion on which you considered Plaintiff's application(s) for parole, please identify each oral report concerning Plaintiff that you received, the person(s) who provided such report(s), and whether the oral report was recorded in any way.*

Objection.  This information is already in Wolfe's possession, custody, and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  <u>See</u> General Objection No. 4, above.

*8. This question and its subparts refers to the first two pages of Exhibit A, labeled PA Board of Probation and Parole form PPBP-361.*

*a. What role did this form play in your deliberations?*

Objection.  This question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  <u>See</u> General Objection No. 4, above.

*b. Who fills it out?*

Objection.  This information is already in Wolfe's possession, custody, and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is

obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).

*c. There are several references in this document to a "risk assessment" and "risk evaluation."  What is the risk being assessed or evaluated?  In other words, risk of what?*

Objection.  This information is already in Wolfe's possession, custody, and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  <u>See</u> General Objection No. 4, above.

*d. In column 1 on the first page, what is your understanding of the relevance of the inmate's age?*

Objection.  This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  <u>See</u> General Objection No. 4, above.

*e. In column 1 on the first page, what is your understanding of the relevance of the total number of convictions?*

Objection. This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative. Fed.R.Civ.P. 26(b)(2). Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2). Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity. See General Objection No. 4, above.

*f. In column 1 on the first page, what is your understanding of the relevance of the inmate's parole or probation revocation history?*

Objection. This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative. Fed.R.Civ.P. 26(b)(2). Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2). Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity. See General Objection No. 4, above.

*g. Under the table on the first page, what is your understanding of the term "medium risk"?*

Objection.  This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  See General Objection No. 4, above.

*h. In Section II, what is your understanding of the relevance of question 2 to the decision whether to parole an inmate?*

Objection.  This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  See General Objection No. 4, above.

*i.  On page 2, there is a table listing 11 possible "unfavorable factors" for parole.  Please explain why each of the listed factors counsels against parole.*

Objection.  This information is already in Wolfe's possession, custody, and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  See General Objection No. 4, above.

*j.  At the bottom of the chart on page 2 it states that the Parole Policy Guideline recommends refusal of parole if sufficient unfavorable factors are present, correct?*

Objection.  The Parole Policy Guideline speaks for itself.  Furthermore, because this information is already in Wolfe's possession, custody, and control, parole officials object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2). Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive.  Fed.R.Civ.P. 26(b)(2).

*k. Assuming that Plaintiff's score exceeded the number at the bottom of the chart (indicating a recommendation to refuse parole), what other factors, if any, did you consider each time you decided whether to grant or deny parole to Plaintiff?*

Objection.  This question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  See General Objection No. 4, above.

*9. Are the next twelve pages of Exhibit A, titled "Parole Decision Making Guidelines", part of Form PBPP-361?*

Objection.  The discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive.  Fed.R.Civ.P. 26(b)(2).  See also General Objection No. 3, above.

*a. When are those pages prepared in relation to the parole decision, and by whom?*

Objection.  The discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive.  Fed.R.Civ.P. 26(b)(2).  See also General Objection No. 3, above.

*b. What is your understanding of the role of the "violence indicator" (number 1) in the parole decision?*

Objection.  The discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive.  Fed.R.Civ.P. 26(b)(2).  See also General

Objection No. 3, above.  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  <u>See</u> General Objection No. 4, above.

> *c.  Part 2 refers to levels of "risk" – risk of what?*

Objection.  This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  <u>See</u> General Objection No. 4, above.

> *d.  What is your understanding of the importance of "institutional adjustment," as referenced in parts 3 and 4 of this form, in the parole decision?*

Objection.  This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  <u>See</u> General Objection No. 4, above.

*e. This form concludes with a "Guideline Recommendation."  Assuming that Plaintiff was rated "unlikely to parole" on this form, what other factors, if any, did you consider before deciding whether to grant or deny parole each time you considered Plaintiff's application(s) for parole?*

Objection.  This question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  <u>See</u> General Objection No. 4, above.

*f. What is the purpose of the inmate interview?  What were you looking for each time you interviewed Plaintiff and why were those things important to you in your decision?*

Objection.  The discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive.  Fed.R.Civ.P. 26(b)(2).  <u>See also</u> General Objection No. 3, above.  Parole officials further object that the second part of this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  <u>See</u> General Objection No. 4, above.

*g. Page 5 of this form (seventh page of Exhibit A) lists "countervailing factors".  Is it your understanding that these are factors that could be used to justify a departure from the guideline recommendation for or against parole?*

Objection.  The discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive.  Fed.R.Civ.P. 26(b)(2).  <u>See also</u> General Objection No. 3, above.

*h. Did you consider whether to depart from the guideline recommendation in Plaintiff's case? If so, what factors did you consider important to that question and why?*

Objection. These questions are an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity. <u>See</u> General Objection No. 4, above.

*i. On page 7 of the form (ninth page of Exhibit A), it lists things that the Board will consider at Plaintiff's next parole interview. Why is it important to the Board whether Plaintiff participates in the sex offender treatment program?*

Objection. This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative. Fed.R.Civ.P. 26(b)(2). Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2). Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity. <u>See</u> General Objection No. 4, above.

*j. Referring to the same page, why is it important to the Board whether Plaintiff obtains a favorable recommendation from the Department of Corrections?*

Objection. This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative. Fed.R.Civ.P. 26(b)(2). Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive.

Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  See General Objection No. 4, above.

*k.  Is it your understanding that the unfavorable recommendation from the DOC for Plaintiff was based solely on Plaintiff's failure to complete the sex offender treatment program? If the answer is no, please explain.*

Objection.  This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  See General Objection No. 4, above.

*l.  Referring to page 7 again, why is it important to the Board whether Plaintiff maintains a clear conduct record?*

Objection.  This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  See General Objection No. 4, above.

10. *The last two pages of Exhibit A are a form titled "Static 99" and instructions for its completion.*

a. *What does this form assess?  At the bottom it refers to low, medium and high risk – risk of what?*

Objection.  This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  See General Objection No. 4, above.

b. *Who fills out this form?*

Objection.  This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).

c. *What part did this form play in your decision whether to parole Plaintiff?*

Objection.  This question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  See General Objection No. 4, above.

*d. For each "risk factor" listed on the left side of the table on the first page of this form, please state your understanding of the importance of that factor.*

Objection. This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative. Fed.R.Civ.P. 26(b)(2). Parole officials further object that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2). Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity. See General Objection No. 4, above.

*11. For each occasion on which you considered Plaintiff's application(s) for parole, please state whether you voted to parole[...]*

Objection. This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative. Fed.R.Civ.P. 26(b)(2).

*[Question no. 11, continued]*

*[...] and list the factors you believed to counsel for and against parole.*

Objection. This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative. Fed.R.Civ.P. 26(b)(2). Parole officials further object that the discovery sought is

obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  See General Objection No. 4, above.

*12.  For each occasion on which you considered Plaintiff's application(s) for parole, please identify the factors for and against parole that you discussed with other members of the parole board.*

Objection.  This question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  See General Objection No. 4, above.

*13.  For each occasion on which you considered Plaintiff's application(s) for parole, please state whether you were aware that Plaintiff had filed a lawsuit against the employees of the Department of Corrections and/or the Parole Board.*

Objection.  This information is already in Wolfe's possession, custody and control. Parole officials therefore object that Wolfe seeks information that is unreasonably duplicative or cumulative.  Fed.R.Civ.P. 26(b)(2).  Parole officials further object that this question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  See General Objection No. 4, above.  To the extent Plaintiff asks whether the parole official was aware "that Plaintiff had filed a lawsuit against...the Parole

Board", parole officials further object that plaintiff seeks information that is irrelevant to this case and that such question is not reasonably calculated to lead to the discovery of admissible evidence. Wolfe clarified in his deposition testimony that his alleged "protected activity" in this case was not the instant civil action, but his previous lawsuit against Department of Corrections officials (not the Parole Board or any parole officials).

*14. Were Plaintiff's lawsuits ever discussed by you with anyone? If so, please identify the other party or parties to the conversation(s), where and when each conversation took place, and who said what to the best of your recollection.*

Objection. This question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity. <u>See</u> General Objection No. 4, above.

*15. For each occasion on which you considered Plaintiff's application(s) for parole, please state whether you were aware that Plaintiff had filed a grievance stating that she did not want to take the sex offender treatment because of her pending appeal.*

Objection. This question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity. <u>See</u> General Objection No. 4, above.

*16.  Was Plaintiff's grievance about the sex offender program ever discussed by you with anyone?  If so, please identify the other party or parties to the conversation(s), where and when each conversation took place, and who said what to the best of your recollection.*

Objection.  This question is an impermissible inquiry into the deliberative processes of high ranking government officials acting within their quasi-judicial capacity.  <u>See</u> General Objection No. 4, above.

<div style="margin-left: 50%;">

THOMAS W. CORBETT, JR.
ATTORNEY GENERAL

BY:     <u>s/ Beth Anne Smith</u>
Beth Anne Smith
Senior Deputy Attorney General
Identification No. 47162

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

</div>

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

**MEMORANDUM OF LAW IN SUPPORT OF PAROLE BOARD OFFICIALS'
OBJECTIONS TO PLAINTIFF'S WRITTEN DEPOSITION QUESTIONS**

INTRODUCTION

Plaintiff Jessica Elaine Wolfe, a prisoner in the custody of the Pennsylvania Department

of Corrections, pled guilty to and was convicted of the rape of his eight year old stepdaughter

and is presently serving a state sentence for that crime.  In his third amended complaint, Wolfe

sued, among others, former and current members of the Pennsylvania Board of Probation and

Parole ("Parole Board"), claiming that they violated his rights under the Ex Post Facto Clause

and retaliated against him by denying him parole because of his admitted refusal to participate in

the prison's sex offender treatment program.  He seeks damages and injunctive relief.  The

injunctive relief Wolfe seeks is apparently a parole hearing in which the Board members and

Hearing Examiners who previously denied Wolfe parole would not consider, or would now give

"less weight" to, his refusal to participate in the sex offender program.

In the course of discovery, Wolfe noticed the deposition upon oral examination of every

Parole Board defendant (Castor, Descher, Green, Imboden, Lucht, Martinez, Muller, Ryan,

Ward, Webster, and White), irrespective of whether he or she is still a member of the Parole

Board or had participated in any of the three decisions to deny Wolfe parole. The Parole Board defendants moved for a protective order quashing the notices of deposition, arguing that Wolfe's requests sought information that was irrelevant and were not reasonably calculated to lead to the discovery of admissible evidence, because Parole Board members are entitled to absolute quasi-judicial immunity from damage claims and their mental and deliberative processes are not subject to discovery. (At the time, Wolfe did not have a claim for injunctive relief.)

On March 9, 2005, the undersigned counsel advised Wolfe's attorney via email that the following Parole Board members and Hearing Examiners had participated in Wolfe's interviews for parole:

| | |
|---|---|
| March 2001: | David Withers, now retired Hearing Examiner<br>Allen Castor, Board member |
| September 2002: | Harold Shalon, now retired Hearing Examiner<br>Barbara Descher, former Board member |
| July 2004: | Anthony DiBernardo, Hearing Examiner[1]<br>Allen Castor, Board member.[2] |

---

[1] Like Withers and Shalon, DiBernardo is also retired. However, since retiring, both DiBernardo and Shalon have worked as annuitants.

[2] Castor's term expired on June 14, 2005, however, Section 2 of the Parole Law provides: "Said board shall consist of nine members who shall be appointed by the Governor, by and with the advice and consent of a majority of all the members of the Senate, and each of whom shall hold office for a term of six years, or until his successor shall have been duly appointed and qualified, but in no event more than ninety days beyond the expiration of his appointed term." 61 P.S. § 331.2. Accordingly, Castor will remain in office until September 12, 2005 unless his successor is duly appointed and qualified in less than 90 days.

The Court has since disallowed Wolfe from deposing Parole Board defendants by way of oral examination. Instead, the Court required Wolfe's counsel to submit written deposition questions, and subsequently ordered defendants to file their objections by July 13, 2005.

On June 13, 2005, Wolfe resubmitted notices of deposition questions to Parole Board members Castor and Descher. Wolfe also submitted subpoenas and notices of deposition upon oral examination to Parole Board Hearing Examiners David Withers (retired), Harold Shalon (retired), and Anthony DiBernardo.

For the reasons set forth below, Parole Board defendants Castor and Descher and retired Hearing Examiners Withers, Shalon and DiBernardo request the Court to enter a protective order, quashing Wolfe's subpoenas and notices of deposition.

APPLICABLE STANDARD UNDER FED.R.CIV.P. 26(c)

Rule 26(c) of the Federal Rules of Civil Procedure provides: "Upon motion by a party ... and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Good cause is shown "by demonstrating a particular need for protection." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir.1986). The district court has the discretion to issue a protective order that imposes restrictions on the extent and manner of discovery where necessary to protect a party. Rule 26(c) further provides that such orders may be crafted to create any of a broad range of requirements, including (1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired

into, or that the scope of the disclosure or discovery be limited to certain matters; [and] (5) that discovery be conducted with no one present except persons designated by the court. Thus, Rule 26(c) provides district courts with the power to formulate a detailed solution that reflects the concerns of particular individual disputes. Pearson v. Miller, 211 F.3d 57, 72-73 (3d Cir. 2000).


PAROLE BOARD MEMBERS AND HEARING EXAMINERS HAVE ABSOLUTE
QUASI-JUDICIAL IMMUNITY FROM DAMAGES

In its August 26, 2004 Memorandum and Order denying defendants' motion to dismiss, the Court declined to address the issue of absolute immunity given that the matter had not been briefed and the "fact-intensive nature of the inquiry." Wolfe, supra, at n.12. In so ruling, the Court relied on Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 428 (3d Cir.2003). Desi's Pizza, however, involved absolute *prosecutorial* immunity, a more factually complex issue than the inquiry involved here, where the Parole defendants have asserted absolute *judicial* or *quasi-judicial* immunity (both at oral argument and as an affirmative defense set forth in their answer to the second amended complaint). The court should examine the allegations of the plaintiff's complaint, see Wilson v. Rackmill, 878 F.2d 772, 775-76 (3d Cir.1989), and, in particular, the nature and function of the parole defendants' alleged actions. Nellom v. Luber, 2004 WL 816922, *6 (E.D.Pa. 2004)(citing Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir.1992)).

In this case, Wolfe's allegations demonstrate that the Parole Board defendants, including Castor and Descher, are entitled to absolute quasi-judicial immunity. Wolfe alleges that the Parole Board defendants "continuously, systematically and deliberately denied parole to, and retaliated against, Plaintiff...based on [his] refusal to participate in voluntary sex offender programs that require participants to disclose past sexual conduct[.]" Third amended complaint,

4

¶ 2.  Wolfe further alleges that Parole Board defendants "through their retaliation against Plaintiff and their imposition of parole requirements and standards not applicable to [him], violated the Ex Post Facto Clause and the First Amendment[.]"  Id., ¶ 3.  Plainly, Wolfe is seeking damages for the denial of parole on the theory that the Parole Board defendants unlawfully considered improper factors, including his refusal to participate in sex offender treatment, when making their decision to deny him parole.  As a matter of law, Wolfe cannot recover such damages.

Since 1977, the Third Circuit has held that parole board officials are entitled to absolute immunity from damage claims arising out of their performance of adjudicatory duties.  Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir.1989); Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir.1986); Thompson v. Burke, 556 F.2d 231, 238 n.13 (3d Cir.1977)(parole board members' adjudicatory functions include their ability to affect the length or terms of imprisonment, as well as the times when convicts may be paroled or discharged).  The courts of the Eastern District have consistently followed these decisions.  See, e.g., Nellom v. Luber, 2004 WL 816922, *6 (E.D.Pa. 2004) (to the extent plaintiff's claims attack the Parole Board's decisions, the Parole Board defendants are entitled to absolute immunity); Hayes v. Muller, 1996 WL 583180, *4 (E.D.Pa.1996)(dismissing claims asserted against Parole Board Chairman as barred by doctrine of absolute immunity); Munyan v. Traister,  1990 WL 135695, *1 (E.D.Pa.1990)(because decision to revoke parole is adjudicatory in nature, parole officials are entitled to absolute immunity from § 1983 suits for damages).

"Our quasi-judicial immunity cases demonstrate that the primary function to be protected is judicial or quasi-judicial decision making. This is true of cases challenging discretionary conduct by a quasi-judicial body like a parole board[.]"  Richman v. Sheahan, 270 F.3d 430,

436 (7th Cir. 2001), cert. denied, 535 U.S. 971 (2002).  Adjudicatory acts that entitle a parole

official to absolute immunity include hearing evidence, making recommendations as to whether

to parole a prisoner, and making decisions as to whether to grant, revoke, or deny parole.[3]

Breslin v. Brainard, No. 01-7269, 2002 WL 31513425, at *7 n.10 (E.D.Pa. Nov.1, 2002)(citing

Wilson, 878 F.2d at 776).

In this case, Wolfe alleges that the Parole Board defendants denied him parole "based

solely on his refusal to participate in the Sex Offender Program."  Third amended complaint,

¶¶ 87, 89.  As shown above, it is well-settled in this Circuit, as well as every other Circuit, that

denial of parole is an adjudicatory or quasi-judicial act entitled to absolute immunity.[4]  Wolfe

cannot possibly recover damages from any Parole Board member, regardless of the content of

that defendant's deposition testimony.  The depositions will not provide Wolfe with any relevant

---

[3]Parole board officials, like judges, are entitled to absolute immunity from suit for damages when
they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole. In
contrast, a parole officer is not entitled to absolute immunity for his executive or administrative
acts, such as investigations, searches and seizures, preparation of warrants and presentencing
reports, or giving information to a parole board.  See Breslin v. Brainard, No. 01-7269, 2002 WL
31513425, at *7 n.10 (E.D.Pa. Nov.1, 2002).  In this case, it is clear that Wolfe is challenging the
denial of his parole, which he asserts was illegal, and the factors the Parole Board defendants
considered in making that decision.  See third amended complaint, ¶¶ 2, 3, 87, 89.  All of this
conduct falls within Parole Board defendants' adjudicatory function, and thereby entitles them to
absolute immunity from Wolfe's damage claims.

[4] See Johnson v. Rhode Island Parole Bd. Members, 815 F.2d 5, 8 (1st Cir.1987); Montero v.
Travis, 171 F.3d 757, 761-62 (2d Cir.1999); Franklin v. Shields, 569 F.2d 784, 798 (4th Cir.
1977), cert.denied, 435 U.S. 1003 (1978); Littles v. Board of Pardons & Paroles Div., 68 F.3d
122, 123 (5th Cir.1995)(per curiam);  Tillman v. Price, 113 F.3d 1236, 1997 WL 225993, *1 (6th
Cir. 1997); Walrath v. United States, 35 F.3d 277, 281-82 (7th Cir.1994); Anton v. Getty, 78
F.3d 393, 396 (8th Cir.1996); Anderson v. Boyd, 714 F.2d 906, 908-10 (9th Cir.1983); Russ v.
Uppah, 972 F.2d 300, 303 (10th Cir.1992); Fuller v. Georgia State Bd. of Pardons & Paroles,
851 F.2d 1307, 1310 (11th Cir.1988).

evidence or even information that is reasonably likely to lead to the discovery of admissible evidence.  While Wolfe, who is unlettered in the law, may be forgiven for asserting a patently frivolous claim while he was *pro se*, his attorneys must comply with Rule 11 and should not be permitted to pursue frivolous claims or take vexatious depositions.  See Munyan v. Traister, 1990 WL 135695, *1-2 (E.D.Pa.1990)(dismissing as frivolous plaintiff's § 1983 damage claims against parole officials).  Clearly, the only conceivable purpose of the depositions is to oppress, harass and vex the Parole Board defendants.

The Hearing Examiners are just as entitled to a protective order, if not more so (as none of them is presently a defendant in this case).  As a past or current Hearing Examiner, each would be just as entitled to absolute quasi-judicial immunity as a Parole Board defendant.  See, e.g., Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)(noting that Supreme Court has extended absolute immunity to those who perform functions closely associated with the judicial process, *including hearing examiners* and administrative law judges).  Wolfe apparently wishes to probe the Hearing Examiners' own deliberative processes in deciding to deny Wolfe parole, and also to circumvent the Court's disallowance of oral examination of the Parole Board defendants by questioning the Hearing Examiners as to the Parole Board defendants' reasons for the denial of parole.  The Court should not permit Wolfe to do so.

For these reasons, the Court should enter a protective order quashing the notices of deposition directed to the Parole Board members Castor and Descher and the subpoenas and notices of deposition directed to the Hearing Examiners.

<u>Wolfe Cannot Obtain Injunctive Relief Against the Proposed Deponents</u>

As indicated above, of the six persons who participated in Wolfe's parole decisions, only one – Castor – is still with the Parole Board, and Castor's term ended on June 14, 2005.  Because Withers, Shalon, DiBernardo and Descher have retired, and Castor will have a successor on or before September 12, 2005, any injunctive claims against them in their individual capacities are (or would be) moot.

To the extent Withers, Shalon, DiBernardo, Descher, and soon Castor are sued in their official capacities for injunctive relief, their successors in office are automatically substituted as parties by operation of Federal Rule of Civil Procedure 25(d)(1).  To date, however, none of these successors participated in Wolfe's parole, and nothing in the record suggests that they have any information – at all – that relates to Wolfe's claims.  Accordingly, Wolfe could not prevail in any claim for injunctive relief against any successor in his or her official capacity.

<u>Parole Board Defendants and Hearing Examiners Are High Ranking Officials Who Should Not Be Subjected to Deposition Upon Oral Examination</u>

As noted above, each of the Parole Board defendants, including Castor and Descher, is a former or present Chairman or member of the Parole Board; similarly, Withers, Shalon, and DiBernardo served as Hearing Examiners for the Parole Board.  As high ranking government officials, they should not be subjected to deposition, particularly where, as demonstrated above, such depositions have no conceivable value given the defendants' entitlement to absolute quasi-judicial immunity, the absence of possible injunctive relief against them in either their individual or official capacities, and the need to protect the deliberative process of Parole Board decisionmaking, absent extraordinary circumstances.

8

High-ranking government officials are "generally entitled to limited immunity from being deposed." Hankins v. City of Philadelphia, 1996 WL 524334, *1 (E.D.Pa.)(suppressing deposition of Mayor of Philadelphia). A request to depose a high-ranking government official is subject to a heightened standard of review. See Jones v. Hirschfield, 219 F.R.D. 71 (S.D.N.Y.2003); Marisol v. Giuliani, 1998 WL 132810, *2 (S.D.N.Y.). This is so even though a protective order is the exception rather than the rule. Marisol, 1998 WL 132810, at *2. "A party seeking the deposition of a high ranking government official must demonstrate that his testimony is likely to lead to the discovery of admissible evidence, is essential to that party's case and that this evidence is not available through any alternative source or less burdensome means." Hankins v. City of Philadelphia, 1996 WL 524334, *1 (E.D.Pa.1996). The last part of this test is strictly imposed: the court should allow the deposition only if the high ranking government official has unique, personal knowledge that cannot be obtained elsewhere. Marisol, 1998 WL 132810, *2. This limited immunity ensures that high-ranking government officials have the necessary time to dedicate to the performance of their governmental duties and also "protect[s] the mental processes of executive and administrative officers in order [to] promote open channels of communication within government." Id. See also United States v. Morgan, 313 U.S. 409, 422 (1941)(absent extraordinary circumstances, top officials should not be called to testify regarding their reasons for taking official actions); Simplex Time Recorder Co. v. Sec'y of Labor, 766 F.2d 575, 586-87 (D.C.Cir.1985)(same); Ernest and Mary Hayward Weir Found. v. United States, 508 F.2d 894, 895 (2d Cir.1974)(per curiam)(noting that pure deliberative processes of government officials are protected from discovery).

In this case, the undersigned counsel has provided Wolfe's counsel with copies of Parole Board actions (or "green sheets") which set forth the Parole Board's reasons for denying Wolfe

9

parole.  The reasons include Wolfe's refusal to participate in sex offender treatment.  The undersigned counsel has also produced copies of documents prepared by prison officials and staff and parole agents, including but not limited to vote sheets, assessments, and parole decisionmaking guidelines.  Indeed, Wolfe's counsel was provided with a complete copy of Wolfe's parole file.

Wolfe has not shown that obtaining the Parole Board defendants' or Hearing Examiners' deposition testimony is essential to his case.  He also has not shown that any of the Parole Board defendants or Hearing Examiners has "unique, personal knowledge" that cannot be obtained by any means other than deposition.  Further, while a disruption of the duties of even the President of the United States may be necessary under some circumstances, United States v. Nixon, 418 U.S. 683, 707 (1974), no such circumstances exist here, given the Parole Board defendants' and Hearing Examiners' unquestionable entitlement to absolute immunity from Wolfe's damage claims.  Finally, Wolfe has not shown the existence of "extraordinary circumstances" which would allow him to question Parole Board defendants and Hearing Examiners about their deliberative processes concerning their decisions to deny Wolfe parole.  Accordingly, the Parole Board defendants request the Court to enter a protective order quashing Wolfe's notices of deposition to the Parole Board defendants.


CONCLUSION

At the most recent hearing in this case, the Court suggested a possible solution to the parties' discovery dispute: that Wolfe notice a Rule 30(b)(6) witness from the Parole Board. Commonwealth defendants agree that the Court's proposed solution would allow Wolfe to obtain

pertinent information regarding the Parole Board's policies, practices, and procedures.  At the

same time, it would protect the deliberative processes of individual Board members' and Hearing

Examiners.  As noted above, the Court has the power under Rule 26(c) to formulate a detailed

solution that reflects the concerns of particular individual disputes.  Pearson v. Miller, 211 F.3d

57, 72-73 (3d Cir. 2000).

      For this reason and for all of the reasons stated above, Parole Board defendants Castor

and Descher and Hearing Examiners Withers, Descher and DiBernardo request the Court to enter

a protective order quashing Wolfe's notices of deposition.

                    Respectfully submitted,

                    THOMAS W. CORBETT, JR.
                    ATTORNEY GENERAL


BY:    s/ Beth Anne Smith
            Beth Anne Smith
            Senior Deputy Attorney General
            Identification No. 47162

            Susan J. Forney
            Chief Deputy Attorney General
            Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

<u>CERTIFICATE OF SERVICE</u>

I, Beth Anne Smith, Senior Deputy Attorney General, hereby certify that the foregoing objections to written deposition questions was filed electronically on July 11, 2005 and is available for viewing and downloading from the ECF system.  I further certify that a true and correct copy of said document was served on the same date by electronic mail notification to registered ECF users Mary Catherine Roper, Esquire at Mroper@ACLUPA.ORG and Viktoriya Meyerov, Esquire at Viktoriya.Meyerov@dbr.com.

THOMAS W. CORBETT, JR.
ATTORNEY GENERAL

BY:     s/ Beth Anne Smith_____
        Beth Anne Smith
        Senior Deputy Attorney General
        Identification No. 47162

        Susan J. Forney
        Chief Deputy Attorney General
        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

12