IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : CIVIL CLASS ACTION No. 02-2687 <br> : <br> : <br> : <br> : |
| Plaintiff | : <br> : |
| v. | : <br> : |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : <br> : |
| Defendants. | : |

**PLAINTIFF'S MOTION TO COMPEL COMPLETE
PRODUCTION OF DOCUMENTS TO PLAINTIFF**

By and through her undersigned attorneys, Plaintiff seeks full access to documents previously marked "confidential" and produced to her attorneys with the agreement that they would not be turned over to Plaintiff until the Court had ruled on Defendants' claim of privilege.

1. During the course of discovery, Defendants conditioned production of many admittedly responsive documents upon the execution of a stipulation that only Plaintiff's counsel, and not Plaintiff herself, would be allowed access to documents the Defendants considered and marked "confidential." The text of the stipulation entered into by Counsel is attached as Exhibit A.

2. In order to proceed promptly with discovery, Plaintiff's counsel entered into the demanded stipulation, but reserved the right to challenge Defendants' assertion that the documents were "in fact privileged or entitled to protection under Rule 26 or otherwise"

and seek full disclosure of the documents through application to this Court. Exhibit A at 3-4.

3. Plaintiff's counsel did not stipulate that the documents were, in fact, "confidential", or otherwise entitled to protection from disclosure to Plaintiff pursuant to Fed. R. Civ. P. 26(c) or otherwise.

4. Defendants marked as "confidential" – and therefore not to be provided to Plaintiff – many pages of documentation concerning Plaintiff's petitions for parole, medical and mental health records.

5. In addition, pursuant to the stipulation of counsel, Defendants designated as "confidential" passages of several discovery depositions. Plaintiff's counsel then provided Plaintiff with redacted copies of the depositions.

6. Fed. R. Civ. P. 26(c) permits the Court to deny or limit a party's access to or use of material otherwise subject to discovery "for good cause shown." The party seeking such protection bears the burden of demonstrating the "good cause" required by Rule 26. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986).

7. This litigation will soon be concluded, either through summary judgment or trial. If the case is to proceed to trial, Plaintiff's counsel will need the full knowledge and assistance of Plaintiff at that time; if Plaintiff's claims are dismissed, Plaintiff will require access to all discovery to determine whether she wishes to appeal. Either way, it is time for Plaintiff to have full access to the documents received in discovery unless Defendants can show "good cause" to withhold them from her.

8. It is appropriate at this time, therefore, for Plaintiff to seek an order from this Court ordering Defendants to make full disclosure of the documents produced in discovery by permitting their transmission to Plaintiff.

WHEREFORE, Plaintiff respectfully asks this Court to order the full production of all discovery materials to her.

                              Respectfully submitted,

                              /s/ Mary Catherine Roper
                              Mary Catherine Roper
                              American Civil Liberties Union of Pennsylvania
                              P.O. Box 40008
                              Philadelphia, PA 19106
                              (215) 592-1513 ext. 116
                              (215)592-1343 (Fax)
                              mroper@aclupa.org

                              Viktoriya Meyerov
                              Maresa Torregrossa
                              DRINKER BIDDLE & REATH LLP
                              One Logan Square
                              18th and Cherry Streets
                              Philadelphia, PA 19103-6996
                              (215) 988-2700 (Phone)
                              (215) 988-2757 (Fax)

                              Attorneys for Plaintiffs

Dated: May 16, 2006.

## CERTIFICATION REQUIRED BY L.R. 26.1(f)

I, Mary Catherine Roper, certify that counsel for the parties in this matter have conferred regarding this discovery dispute and, after reasonable effort, are unable to resolve the dispute without the Court's assistance. Specifically, on May 10, 2006, Plaintiff's counsel Maresa Torregrossa called Defendants' counsel Beth Smith and informed her that they would seek release of the documents to Plaintiff in accordance with the stipulation of counsel and asked if there were any documents that Defendants would agree to release. Defendants' counsel responded in the negative.

/s/ Mary Catherine Roper
Mary Catherine Roper

CERTIFICATE OF SERVICE

I certify that on this date I filed the foregoing Motion, attached brief, Exhibit and proposed order using the Court's ECF system and that the following is a ECF user such that she will receive service automatically:

>Beth Anne Smith
>Office of Attorney General
>21 S. 12th Street, 3rd Floor
>Philadelphia, PA 19107-2130
>(215) 560-2130 (phone)
>Attorney for Defendants

>/s/ Mary Catherine Roper
>Mary Catherine Roper

Dated: May 16, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, : : : : : : Plaintiff : : v. : : THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., : : : Defendants. : | CIVIL CLASS ACTION No. 02-2687 |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL COMPLETE
PRODUCTION OF DOCUMENTS TO PLAINTIFF**

During the course of discovery, Defendants conditioned production of many admittedly responsive documents on the execution of a stipulation that only Plaintiff's counsel, and not Plaintiff herself, would be allowed access to documents the Defendants considered and marked "confidential." *See* Exhibit A. In order to proceed promptly with discovery, Plaintiff's counsel entered into the demanded stipulation, but reserved the right to challenge Defendants' assertion that the documents were "in fact privileged or entitled to protection under Rule 26 or otherwise" and seek full disclosure of the documents through application to this Court. Exhibit A at 3-4.

This litigation will soon be concluded, either through summary judgment or trial. If the case is to proceed to trial, Plaintiff's counsel will need the full knowledge and assistance of Plaintiff at that time; if Plaintiff's claims are dismissed, Plaintiff will require access to all discovery to determine whether she wishes to appeal. It is appropriate at this time, therefore, for Plaintiff to seek an order from this Court ordering Defendants to make full disclosure of the documents produced in discovery by permitting their transmission to Plaintiff.

Fed. R. Civ. P. 26(c) permits the Court to deny or limit a party's access to or use of material otherwise subject to discovery "for good cause shown." The party seeking such protection bears the burden of demonstrating the "good cause" required by Rule 26. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986). A party can establish good cause by "showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994). It is essential that the injury to be prevented be shown with specificity. *Constand v. Cosby*, 229 F.R.D. 472, 479 (E.D. Pa. 2005 (citing *Pansy*, 23 F.3d at 786). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." *Pansy*, 23 F.3d at 786. (citing *Cipollone*, 785 F.2d at 1121). "broad" and "conclusory" allegations of harm that could accompany disclosure are not sufficient. *Great West Life Assur. Co. v. Levithan*, 152 F.R.D. 494, 496 (E.D. Pa. 1994).

Defendants have asserted a need for confidentiality as to a broad range of documents, including: "[Plaintiff's] psychological records, [Plaintiff's] psychiatric records, [Plaintiff's] classification records, parole worksheets, and parole guidelines, and the information contained therein." Exhibit A at 1. None of these materials pertain to any inmate other than Plaintiff, yet Defendants contend that she is not entitled to view them. Without demonstrating a "clearly defined and serious injury," however, Defendants may not to limit Plaintiff's access to the records produced in discovery. To date, Defendants have failed to articulate any "clearly defined and serious injury" that would result from the release of Plaintiff's documents to her.

For these reasons, Plaintiff's Motion to Compel should be granted.

>Respectfully submitted,
>
>/s/ Mary Catherine Roper
>Mary Catherine Roper
>American Civil Liberties Union of Pennsylvania
>P.O. Box 40008
>Philadelphia, PA 19106
>(215) 592-1513 ext. 116
>(215)592-1343 (Fax)
>mroper@aclupa.org
>
>Viktoriya Meyerov
>Maresa Torregrossa
>DRINKER BIDDLE & REATH LLP
>One Logan Square
>18th and Cherry Streets
>Philadelphia, PA 19103-6996
>(215) 988-2700 (Phone)
>(215) 988-2757 (Fax)
>
>Attorneys for Plaintiffs

Dated: May 16, 2006.