IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

STIPULATION OF CONFIDENTIALITY

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by the undersigned counsel that:

1. This Stipulation governs the handling of all records in the possession, custody and control of the Pennsylvania Department of Corrections ("DOC") and the Pennsylvania Board of Probation and Parole ("Parole Board") deemed by the DOC and/or the Parole Board to be confidential and therefore privileged, which counsel for plaintiff Jessica E. Wolfe ("Plaintiff") has requested in discovery. Such records consist of psychological records, psychiatric records, classification records, parole worksheets, and parole guidelines, and the information contained therein. See privilege log set forth in the December 6, 2004 letter, attached hereto as Exhibit A (identifying documents withheld from production on the basis of confidentiality).

2. The information and documents referred to in paragraph 1. of the Stipulation, and any deposition testimony relating thereto, are hereby designated as "Confidential Materials."

3. Confidential Materials shall be subject to the following restrictions:

a. Confidential Materials shall be used only for the purpose of this litigation and not for any other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except to those to whom it is necessary that such materials be given, shown, made available, or communicated with for the purposes permitted below at subparagraph b.

b. Confidential Materials shall be disclosed, for the purposes set forth in subparagraph a., above, only to:

> i) Counsel of record and other counsel for the parties, and counsel's employees, including paralegals and secretaries;
>
> ii) Expert witnesses;
>
> iii) Defendants, or any other current or former DOC or Parole Board official or employee, for purposes of deposition;
>
> iv.) The Court;
>
> v.) Any person as to whom the Court shall order disclosure after consideration of a motion described in paragraph 5 or 6, below.

c. Confidential Materials shall not be disclosed to Plaintiff or any current or former inmate.

d. All exhibits, pleadings, or other filings with the Court that contain Confidential Information shall be labeled "Confidential" and filed under seal, and shall remain under seal until the Court orders otherwise. To the extent Confidential Materials

are contained only in an Exhibit or Appendix to any Court filing, only such Exhibit or Appendix shall be filed under seal.

e.  Confidential Materials may be shown to deponents (other than Plaintiff or any current or former inmate) at depositions for the purposes set forth in subparagraph a., above; however, Confidential Materials shall not be attached as exhibits to depositions.

f.  Deposition testimony relating to Confidential Materials may be designated as "Confidential" by indicating as such on the record at which the testimony is taken or in writing when the testimony is delivered to a party.

4.  This Stipulation, insofar as it restricts the communication and use of Confidential Materials, shall continue to be binding throughout and after the conclusion of this litigation, including appeals.  At the conclusion of this litigation, all Confidential Materials shall be returned promptly to the disclosing person or destroyed, except that counsel for the parties need not destroy or return any Confidential Materials that become part of the Court record in this action.

5.  This Stipulation is not an agreement by Plaintiff or counsel that any document marked as confidential is in fact privileged or entitled to protection under Rule 26 or otherwise.  This Stipulation is without prejudice to the right of Plaintiff's counsel to move the Court for a determination that materials marked as confidential by Defendants are not, in fact, privileged and

should be made available to Plaintiff. Counsel for Plaintiff shall not file such a motion without first conferring with counsel for Defendants concerning the particular document(s) that counsel for Plaintiff does not believe to be privileged.

6. If a time comes that Plaintiff is no longer represented by counsel in this matter, Plaintiff may petition the Court for access to the documents previously designated as Confidential Materials.