IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

## ORDER

AND NOW, this        day of        , 2006, upon consideration of plaintiff Jessica

Elaine Wolfe's purported "Motion To Compel Complete Production Of Documents To Plaintiff"

and Commonwealth defendants' opposition thereto, it is hereby ORDERED that said motion is

DENIED.

BY THE COURT:

_____
EDUARDO C. ROBRENO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INMATES OF THE PENNSYLVANIA          :          CIVIL ACTION
DEPARTMENT OF CORRECTIONS,

                    Plaintiffs          :

    v.                                  :

THE PENNSYLVANIA DEPARTMENT
OF CORRECTIONS, et al.,                 :

                    Defendants          :          No. 02-2687

### COMMONWEALTH DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S "MOTION TO COMPEL COMPLETE PRODUCTION OF DOCUMENTS TO PLAINTIFF"

Defendants Catherine McVey, Allen Castor, Barbara Descher, Michael Green, Jeffrey Imboden, Gary Lucht, Benjamin Martinez, Nicholas Muller, Sean Ryan, Robert Shannon, William Ward, Michael Webster, Lloyd White, and Brenda Wildenstein (collectively, "Commonwealth defendants"), by their attorney, hereby respond to plaintiff Jessica Elaine Wolfe's so-called "Motion To Compel Complete Production Of Documents To Plaintiff" as follows:

1. Denied as stated. By way of further answer, in February 2005, Wolfe's attorneys and the undersigned counsel entered into a Stipulation of Confidentiality governing the handling of "psychological records, psychiatric records, classification records, parole worksheets, and parole guidelines, and the information contained therein." See Stipulation of Confidentiality, a true and correct copy of which is attached hereto as Exhibit A.

2. Denied as stated. By way of further answer, at no time did Wolfe's attorneys indicate to the undersigned counsel that they were preparing or signing the Stipulation of Confidentiality "[i]n order to proceed promptly with discovery[.]" On the contrary, Wolfe's attorneys appeared

to recognize the sensitive nature of the psychiatric and psychological documents, as well as certain parole documents, and appreciate Commonwealth defendants' position that such documents could be used by an inmate to manipulate the parole process. By way of illustration, Wolfe's attorneys, and not Commonwealth defendants' counsel, subsequently designated as confidential portions of deposition transcripts with the terms of the Stipulation in mind. See August 3, 2005 email from Viktoriya Meyerov to the undersigned counsel, attached hereto as Exhibit B.

3. Denied. The parties included paragraph 5 of the Stipulation of Confidentiality only to provide a way, if necessary, to rectify the situation where a document was wrongly marked "Confidential." Paragraph 5 of the Stipulation was *not* meant to serve as a mechanism for giving Wolfe personal access to the Confidential Materials while he is still represented by counsel. On the contrary, the Stipulation expressly states that "If a time comes that Plaintiff is no longer represented by counsel in this matter, Plaintiff may petition the Court for access to the documents previously designated as Confidential Materials." See Exhibit A, ¶ 6. Because Wolfe is still represented by counsel in this case, he has no right under the Stipulation to petition the Court for personal access to the Confidential Materials.

4. Denied as stated. By way of further answer, Commonwealth defendants provided Wolfe's attorneys with numerous documents from the Parole Board and the Pennsylvania Department of Corrections which were not marked "Confidential" and which therefore could be shared with Wolfe.

5. Denied. On the contrary, *Wolfe's attorneys* designated as "confidential" passages of the depositions. See Exhibit B.

6. Denied. By way of further answer, Fed.R.Civ.P.26(c) pertains to protective orders, not to stipulations of confidentiality. Parties are free to enter into stipulations of confidentiality: they may agree "among themselves to whatever confidentiality they reasonably, lawfully, and ethically conclude is appropriate." In re Aetna Securities Litigation, 1999 WL 624514, *1 (E.D.Pa.1999). A stipulation of confidentiality allows an inmate's attorney to obtain confidential information in discovery which the court would deny to the inmate if he were *pro se*. Jones v. County of Philadelphia, 1990 WL 122958, *1 (E.D.Pa.1990). Failure to adhere to the terms of a stipulation of confidentiality is a breach of contract. See Aetna, 1999 WL 624514, *1.

7. Denied. Whether this case proceeds to trial or is concluded by an order granting summary judgment on all remaining claims, the rationale for the Stipulation of Confidentiality remains: access to the documents at issue could enable Wolfe and other inmates to manipulate the parole process and impede rehabilitation. Accordingly, there is good cause for insisting that Wolfe's counsel continue to adhere to the terms of the Stipulation.

8. Denied. At this time, given the pendency of Commonwealth defendants' motion for summary judgment, there is no need to nullify the Stipulation of Confidentiality. Furthermore, given that Wolfe now claims only that "state parole officials" applied "newer, harsher guidelines" to Wolfe in violation of the Ex Post Facto Clause and retaliated against him by denying him parole on account of his lawsuits and grievances, most if not all of the Confidential Materials no longer have any arguable relevance for trial, assuming they ever did. See Plaintiff's Opposition to Defendants' Motion for Summary Judgment, at 1. Tellingly, neither side submitted any of the Confidential Materials when they filed their memoranda in support of or in opposition to defendants' motion for summary judgment. The fact that Wolfe's counsel saw no reason or need to submit any of the Confidential Materials strongly suggests that none of the

3

Confidential Materials will be used at trial. The fact that Wolfe will be reviewed again for parole in or after *July 2006* suggests that his sudden need for personal access to the Confidential Materials is suspect and unrelated to this litigation. See Motion for Summary Judgment and Martinez Declaration and Exhibit D, Green Sheet dated July 22, 2004.

This response is supported by the attached memorandum of law.

WHEREFORE, defendants request the Court to enter an order substantially in the form attached hereto, denying plaintiff's motion.

THOMAS W. CORBETT, JR.
ATTORNEY GENERAL

BY:   s/ Beth Anne Smith
Beth Anne Smith
Senior Deputy Attorney General
Identification No. 47162

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

**MEMORANDUM OF LAW IN SUPPORT OF COMMONWEALTH DEFENDANTS'
RESPONSE IN OPPOSITION TO PLAINTIFF'S "MOTION TO COMPEL
COMPLETE PRODUCTION OF DOCUMENTS TO PLAINTIFF"**

INTRODUCTION

Plaintiff Jessica Elaine Wolfe's so-called "Motion To Compel Complete Production Of

Documents To Plaintiff" is more accurately described as a motion to nullify the Stipulation of

Confidentiality between the parties' respective counsel (see Exhibit A). As more fully discussed

below, Wolfe has not presented any legitimate reason why the Court should void the Stipulation.

Indeed, because the documents marked "Confidential" contain sensitive information which,

among other things, an inmate could use to manipulate the parole process, the documents should

remain out of Wolfe's hands. Accordingly, Wolfe's motion should be denied.

BACKGROUND

Plaintiff Jessica Elaine Wolfe, also known as James Elliott Wolfe, is a prisoner in the

custody of the Pennsylvania Department of Corrections ("DOC") serving a five to fifteen year

sentence for rape. Pursuant to 42 U.S.C. § 1983, Wolfe has sued members of the Pennsylvania Board of Probation and Parole[1] ("Parole Board"), among others.

By Memorandum and Order entered August 30, 2004, the Court granted in part and denied in part Commonwealth defendants' motion to dismiss Wolfe's second amended complaint. Specifically, the Court allowed Wolfe to proceed for the time being with his (1) ex post facto claim against the Parole Board defendants, and (2) his First Amendment retaliation claim against defendants Brenda Wildenstein and Robert Shannon ("DOC defendants") and the members of the Parole Board in their individual capacities. See Wolfe v. Pennsylvania Dep't of Corrections, 334 F.Supp.2d 762 (E.D.Pa. 2004).

On December 6, 2004, after responding to Wolfe's request for production of documents, the undersigned counsel provided Wolfe's attorneys with a privilege log at their request. A true and correct copy of the privilege log is attached hereto as Exhibit C.

Subsequently, both sides negotiated the terms of a Stipulation of Confidentiality which would govern the handling of the documents listed in the privilege log. See email correspondence between the parties' respective counsel, collectively attached hereto as Exhibit D. The Stipulation was finalized and fully executed in February 2005. In accordance with the Stipulation, the parties' counsel agreed that all of the documents listed in the privilege log would be marked "Confidential" and turned over to Wolfe's attorneys, but would not be divulged to Wolfe himself. See Exhibit A.

On or about August 3, 2005, one of Wolfe's attorneys, Viktoriya Meyerov, wrote that she was forwarding copies of several deposition transcripts to the undersigned counsel, in which

---

[1] The present Chairman of the Parole Board is Catherine McVey, the successor to Green in his official capacity. The current members of the Parole Board are Michael Green, Jeffrey Imboden, Benjamin Martinez, Gerard Massaro, Sean Ryan, Michael Webster, and Lloyd White. See www.pbpp.state.pa.us.

portions of the text were designated as confidential. Wolfe's attorneys would then redact the designated text and forward the transcripts to Wolfe himself. See Exhibit B.

At this stage, Wolfe's only remaining claims are (1) that Parole Board officials applied "newer, harsher guidelines" to Wolfe in violation of the Ex Post Facto Clause, and (2) that the Parole Board officials retaliated against him in violation of the First Amendment by denying him parole on account of his lawsuits and grievances. He seeks injunctive relief only. He apparently has dropped all of his claims against the DOC defendants. See Plaintiff's Opposition to Defendants' Motion for Summary Judgment, at 1.

ARGUMENT

Applicable Standards

Parties are free to enter into stipulations of confidentiality: they may agree "among themselves to whatever confidentiality they reasonably, lawfully, and ethically conclude is appropriate." In re Aetna Securities Litigation, 1999 WL 624514, *1 (E.D.Pa.1999). A stipulation of confidentiality allows an inmate's attorney to obtain confidential information in discovery which the court would deny to the inmate if he were *pro se*. Jones v. County of Philadelphia, 1990 WL 122958, *1 (E.D.Pa.1990).

Failure to adhere to the terms of a stipulation of confidentiality is a breach of contract. See Aetna, 1999 WL 624514, *1.

Wolfe Presents No Valid Reason to Nullify the Stipulation of Confidentiality

Wolfe asks the Court to void the Stipulation of Confidentiality and gain personal access to the Confidential Materials in the hands of his lawyers, arguing that such access is now

3

"appropriate" given that the case will either be tried or disposed of by an order granting

Commonwealth defendants' motion for summary judgment (now pending). But nothing has

changed since the execution of the Stipulation: once the Court denied, in part, Commonwealth

defendants' motion to dismiss plaintiff's second amended complaint, this case could *only* have

been resolved via trial, dispositive motion, or voluntary dismissal. The Court's Order was

entered on August 30, 2004. See Memorandum and Order granting in part and denying in part

defendants' motion to dismiss. The Stipulation was finalized and executed in February 2005.

Exhibit A. Given the absence of any change of circumstances, it is evident that either Wolfe's

counsel entered into the Stipulation in bad faith, with no intention of adhering to its terms later

on, or Wolfe does not accept his lawyers' decision to enter into the Stipulation.[2]   Neither is a

legitimate reason to void the Stipulation.

Furthermore, as noted above, neither side submitted to the Court any of the Confidential

Materials when they filed their memoranda in support of, or in opposition to, defendants' motion

for summary judgment. That fact strongly suggests that the Confidential Materials have no

arguable relevance at this point. Compare Williams v. Ward, 556 F.2d 1143, 1160, 1162 (2d

Cir.1977) (directing dismissal of prisoner's complaint where prisoner made no showing that he

suffered any prejudice from lack of access to confidential information in parole file). The record

shows that the Parole Board denied Wolfe parole not because of his psychological or psychiatric

history, but because, among other things, of his need to participate in sex offender

---

[2]If Wolfe's lawyers entered into the Stipulation in good faith but Wolfe disagreed with that
decision, Wolfe's grievance is with his own lawyers, not with Commonwealth defendants or the
undersigned counsel. Seymour/Jones v. Vaughn, 1992 WL 102752, *5 n. 5 (E.D.Pa.1992).

programming.[3]  The Confidential Materials – i.e., the psychological records, psychiatric records, classification records, parole worksheets, and parole guidelines, and the information contained therein – have no apparent bearing on Wolfe's ex post facto or retaliation claims.  No good reason exists to disturb the Stipulation.

There *is* good cause for requiring Wolfe's attorneys to adhere to the terms of the Stipulation of Confidentiality.  The First Amendment does not guarantee access to all sources of information within the government's control.  Houchins v. KQED, Inc., 438 U.S. 1, 9 (1978)(plurality opinion).  The Confidential Materials provided to Wolfe's counsel include parole decisionmaking guidelines and a parole scoring sheet – documents which, if given to Wolfe, could be used by him and other inmates to manipulate, and thereby undermine, the parole process.  See, e.g., McGoy v. Ray, 2006 WL 177577, *2 (11th Cir. 2006)(no abuse of discretion where district court found that facts did not overcome state's interest in maintaining the confidentiality of parole records).  **As Commonwealth defendants indicated in their motion for summary judgment, Wolfe is due to be reviewed against for parole in or after July 2006**.  See Motion for Summary Judgment and Martinez Declaration and Exhibit D, Green Sheet dated July 22, 2004.  The fact that Wolfe will soon be considered for parole suggests that his real reason for petitioning the Court for access to the Confidential Materials is not his possible appeal or trial, but to attempt to manipulate the parole process.  Regardless, even if Wolfe's intentions are good, once he is given copies of the Confidential Materials, there would be no way to

---

[3] On July 22, 2004, when the Parole Board refused to parole Wolfe, it indicated that the reasons for its decision included Wolfe's refusal to accept responsibility for the offense committed, his lack of remorse for the offense committed, the [negative] recommendation by the Department of Corrections, and Wolfe's need to participate in additional institutional programs.  See Motion for Summary Judgment, Martinez Declaration, Exhibit D, Green Sheet dated July 22, 2004.

guarantee that the documents would not fall into the hands of other inmates, who could use them for their own ends.

Other Confidential Materials provided to Wolfe's counsel include classification, psychiatric, and psychological evaluations. See Exhibit C. Such documents also could be used by Wolfe to manipulate the parole process; furthermore, his access to the documents could impede his rehabilitation. As Judge Munley, sitting in the Middle District of Pennsylvania, has noted, state officials have "an overriding interest in keeping inmate psychological reports confidential. …[C]ommon sense dictates that such records contain highly personal and sensitive information that is designated confidential for a number of valid reasons. Not the least of these reasons, we presume, is that such reports are generated as a result of psychological care that is designed to both treat inmates and evaluate their potential for rehabilitation and possible parole. If psychological evaluations are not kept confidential, inmates may be less likely to frankly discuss their problems, hampering any possibility they may have for rehabilitation. Similarly, prison psychologists may be less likely to record their conclusions with necessary candor out of fear that they could become public. Consequently, the release of confidential, psychological records of inmates has a detrimental and possibly profoundly negative effect on important aspects of [a state correctional institution's] public responsibilities." Dennison v. Pennsylvania Dept. of Corrections, 268 F.Supp.2d 387, 398 (M.D.Pa.2003).

Finally, even if Wolfe were *pro se*, he still would not be entitled to access to the Confidential Materials. As Judge VanArtsdalen wrote, a stipulation of confidentiality allows an inmate's attorney to obtain confidential information in discovery which the court would deny to the inmate if he were *pro se*. Jones v. County of Philadelphia, 1990 WL 122958, *1 (E.D.Pa.1990).

6

Because Wolfe has not demonstrated any legitimate need for the Confidential Materials long in the possession of his lawyers, and because Commonwealth defendants have good cause to maintain the confidentiality of the documents at issue, the Court should deny Wolfe's motion.


CONCLUSION

For all the reasons stated above, Wolfe's motion should be denied.


THOMAS W. CORBETT, JR.
ATTORNEY GENERAL

BY:     s/ Beth Anne Smith
        Beth Anne Smith
        Senior Deputy Attorney General
        Identification No. 47162

        Susan J. Forney
        Chief Deputy Attorney General
        Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INMATES OF THE PENNSYLVANIA          :          CIVIL ACTION
DEPARTMENT OF CORRECTIONS,

              Plaintiffs          :

    v.          :

THE PENNSYLVANIA DEPARTMENT
OF CORRECTIONS, et al.,          :

           Defendants          :          No. 02-2687

## STIPULATION OF CONFIDENTIALITY

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by the undersigned counsel that:

1. This Stipulation governs the handling of all records in the possession, custody and control of the Pennsylvania Department of Corrections ("DOC") and the Pennsylvania Board of Probation and Parole ("Parole Board") deemed by the DOC and/or the Parole Board to be confidential and therefore privileged, which counsel for plaintiff Jessica E. Wolfe ("Plaintiff") has requested in discovery. Such records consist of psychological records, psychiatric records, classification records, parole worksheets, and parole guidelines, and the information contained therein. See privilege log set forth in the December 6, 2004 letter, attached hereto as Exhibit A (identifying documents withheld from production on the basis of confidentiality).

2. The information and documents referred to in paragraph 1. of the Stipulation, and any deposition testimony relating thereto, are hereby designated as "Confidential Materials."

3. Confidential Materials shall be subject to the following restrictions:



DEFENDANT'S
EXHIBIT
A
PENGAD-Bayonne, N. J.

a. Confidential Materials shall be used only for the purpose of this litigation and not for any other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except to those to whom it is necessary that such materials be given, shown, made available, or communicated with for the purposes permitted below at subparagraph b.

b. Confidential Materials shall be disclosed, for the purposes set forth in subparagraph a., above, only to:

> i) Counsel of record and other counsel for the parties, and counsel's employees, including paralegals and secretaries;
>
> ii) Expert witnesses;
>
> iii) Defendants, or any other current or former DOC or Parole Board official or employee, for purposes of deposition;
>
> iv.) The Court;
>
> v.) Any person as to whom the Court shall order disclosure after consideration of a motion described in paragraph 5 or 6, below.

c. Confidential Materials shall not be disclosed to Plaintiff or any current or former inmate.

d. All exhibits, pleadings, or other filings with the Court that contain Confidential Information shall be labeled "Confidential" and filed under seal, and shall remain under seal until the Court orders otherwise. To the extent Confidential Materials

are contained only in an Exhibit or Appendix to any Court filing, only such Exhibit or Appendix shall be filed under seal..

e.  Confidential Materials may be shown to deponents (other than Plaintiff or any current or former inmate) at depositions for the purposes set forth in subparagraph a., above; however, Confidential Materials shall not be attached as exhibits to depositions.

f.  Deposition testimony relating to Confidential Materials may be designated as "Confidential" by indicating as such on the record at which the testimony is taken or in writing when the testimony is delivered to a party.

4.  This Stipulation, insofar as it restricts the communication and use of Confidential Materials, shall continue to be binding throughout and after the conclusion of this litigation, including appeals.  At the conclusion of this litigation, all Confidential Materials shall be returned promptly to the disclosing person or destroyed, except that counsel for the parties need not destroy or return any Confidential Materials that become part of the Court record in this action.

5.  This Stipulation is not an agreement by Plaintiff or counsel that any document marked as confidential is in fact privileged or entitled to protection under Rule 26 or otherwise.  This Stipulation is without prejudice to the right of Plaintiff's counsel to move the Court for a determination that materials marked as confidential by Defendants are not, in fact, privileged and

3

should be made available to Plaintiff. Counsel for Plaintiff shall not file such a motion without first conferring with counsel for Defendants concerning the particular document(s) that counsel for Plaintiff does not believe to be privileged.

6. If a time comes that Plaintiff is no longer represented by counsel in this matter, Plaintiff may petition the Court for access to the documents previously designated as Confidential Materials.

Viktoriya Meyerov, Esquire
Attorney I.D. No. 85215
DRINKER BIDDLE & REATH, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-1136

Attorney for Plaintiff

Dated: __February 15, 2005__

Beth Anne Smith, Senior Deputy Attorney General
Attorney I.D. No. 47162
OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3d Floor
Philadelphia, PA 19107
(215) 560-2130

Attorney for Commonwealth Defendants

Dated: __2-16-05__

## Smith, Beth

| | |
|---|---|
| **From:** | Viktoriya.Meyerov@dbr.com |
| **Sent:** | Wednesday, August 03, 2005 12:59 PM |
| **To:** | Smith, Beth |
| **Cc:** | Maresa.Torregrossa@dbr.com; Mroper@ACLUPA.ORG; MaryCatherine.Roper@dbr.com |
| **Subject:** | Redacted depo transcripts |

Beth,

I'm sending over the transcripts of Ritko, Boris and Wildenstein depositions redacted to abide by the parties' Confidentiality Stipulation. For your convenience, I have highlighted the portions that will be be redacted after I hear from you. Thanks.

Viktoriya Meyerov   DrinkerBiddle | One Logan Square | Philadelphia, PA 19103 · t:215.988.1136 · f:215.988.2757 | viktoriya.meyerov@dbr.com

Privileged and Confidential Attorney-Client Communication

Disclaimer Required by IRS Rules of Practice

Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used,

for the purpose of avoiding any penalties that may be imposed under Federal tax laws.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message contains information which may be confidential and privileged.

Unless you are the intended addressee (or authorized to receive for the intended addressee),

you may not use, copy or disclose to anyone the message or any information

contained in the message. If you have received the message in error,

please advise the sender by reply e-mail@dbr.com, and delete the message.



Thank you very much.



COMMONWEALTH OF PENNSYLVANIA
December 6, 2004
OFFICE OF ATTORNEY GENERAL

**Gerald J. Pappert**
Attorney General

21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130
Telecopier: (215) 560-1031
bsmith@attorneygeneral.gov

Andrea L. D'Ambra
Drinker Biddle & Reath
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

        Re:    Inmates v. DOC
               Civil Action No. 02-2687 (E.D. Pa.)

Dear Andrea:

        In response to your letter of December 2, 2004 requesting a privilege log, please be advised that I have withheld the following documents from production. Question marks indicate uncertainty as to dates or authorship.

*From Exhibit 1:*

        Page 4 of DOC Classification Summary, containing Counselor Evaluation
        Parole Decision Making Guidelines dated 3/14/01
        Parole Decision Making Guidelines dated 9/4/2002
        Initial Assessment dated 7/6/04
        Page 4 of DOC Classification Summary, containing psychiatric and psychological
                reports, including analysis of personality makeup.
        Parole scoring sheet dated 7/6/04
        DOC Reclassification Summary dated 5/20/04
        SCI-Graterford Psychological Evaluation for Parole, dated 6/7/04
        Level of Service Inventory – Revised / Profile Report dated 9/3/02
        Parole Decision Making Guidelines (dated 9/3/02?)
        Parole Evaluation by N.E. Holland-Hull, M.D., dated 7/17/02
        Treatment Plan by N.E. Holland-Hull, M.D., dated 2/6/02
        Psychiatric Z-Code Evaluation, dated 3/16/00



DEFENDANT'S
EXHIBIT
*C*

Andrea L. D'Ambra
December 6, 2004
Page 2

*From Exhibit 2:*

> Psychiatric Review Team/Special Needs Unit Support Team/Meeting Summary Forms
> (forms dating from 1998 to 2001)
> Psychiatric notes from Louis Martin, M.D. (1997-98)
> Psychiatric notes from Jeffrey Sarnoff, M.D. (dated May 5, 1997?)
> Page 4 of DOC Classification Summary, containing psychiatric and psychological
> reports, including analysis of personality makeup.
> Memorandum dated 11/19/96 to Michael R. Youron, M.A., Director, Psychology
> Department from W.N. Wall, re: information regarding Wolfe for Mental Health/
> Mental Retardation Data Base
> Psychology Progress Notes (forms dating from 2001)
> Parole Evaluation (psychiatric evaluation) by Bela Bochkarev, M.D., dated 10/8/01
> Consultation Record re: Parole Evaluation
> Cumulative Adjustment Record by Andrea Chapman, M.Ed., Psychologist (forms dating
> from 2001)
> Consultation Record re: Parole Report
> Psychiatric Parole Evaluation dated 10/20/00
> Handwritten notes (by Andrea Chapman, M.Ed.?) dated 2/28/01
> Psychiatric Z-Code Evaluation, dated 3/16/00
> Personality Assessment Inventory dated 12/12/00
> Cumulative Adjustment Record by Harold Madder, Jr., M.A., Psychological Services
> Specialist – Corrections (forms dating from 2000)
> Cumulative Adjustment Record (by Mr. Dennison?) dated 9/15/97
> Cumulative Adjustment Record by David R. Bailey, M.S., Psychological Services
> Associate – Corrections (forms dating from 1997)
> Psychiatric Notes by Harold Heckman, M.D. (dating from 1996-97)
> Cumulative Adjustment Record by Winifred M. Fracalossi, M.A., Psychological Services
> Associate (undated)
> Cumulative Adjustment Record by Larissa M. Verta, M.S., dated 11/20/96, entitled
> Psychology – Initial Interview
> Psychiatric Notes by A.D. Boxer, M.D., dated 11/21/96
> Letter from Stephanie G. Coleman, Esquire to the undersigned counsel re:
> Wolfe's psychiatric and psychological care at SCI-Graterford, dated 2/6/01
> CDCC Individual Treatment Plan dated 8/6/96

Very truly yours,

Beth Anne Smith
Senior Deputy Attorney General

BAS/ac

**Smith, Beth**

| | |
|---|---|
| **From:** | Smith, Beth |
| **Sent:** | Wednesday, January 26, 2005 3:35 PM |
| **To:** | 'Andrea.D'Ambra@dbr.com' |
| **Subject:** | RE: stipulation and protective order.pdf |

Andrea,


        With respect to 3(b)(v) – I assume this applies only if Plaintiff is no longer represented by counsel.  If so, we should include language to that effect.  Otherwise, I object to this provision.


        With respect to 5, let's insert language that should there be a question as to whether a document is privileged, counsel shall attempt to resolve the matter informally before resorting to the Court.


Beth


-----Original Message-----
**From:** Andrea.D'Ambra@dbr.com [mailto:Andrea.D'Ambra@dbr.com]
**Sent:** Wednesday, January 26, 2005 3:05 PM
**To:** Smith, Beth
**Cc:** Wilson.Brown@dbr.com; MaryCatherine.Roper@dbr.com; Mroper@ACLUPA.ORG; Viktoriya.Meyerov@dbr.com
**Subject:** RE: stipulation and protective order.pdf



Hi Beth,

We've looked over the stipulation and have just a few things we'd like to add:


3. (b) Confidential materials shall be disclosed, for the purposes set forth in subparagraph a., above, only to:

*  *  *

    (v) Upon a showing of good cause and order of the Court, Plaintiff and/or any other person whom the Court determines should have access to the documents.


5. This Stipulation is not an agreement by the Plaintiff or counsel that any document marked as confidential is in fact privileged or entitled to protection under Rule 26 or otherwise. This Stipulation is without prejudice to the right of Plaintiff's counsel to move the Court for a determination that materials marked as confidential by Defendants are not, in fact, privileged and should be made available to Plaintiff.

6. In the event Plaintiff is no longer represented by counsel, this Stipulation will not prejudice the right of Plaintiff to petition the Court for access to the documents previously designated as confidential.

Please let me know if these additional provisions are amenable.

Thanks,

Andrea

-----Original Message-----
**From:** Smith, Beth [mailto:bsmith@attorneygeneral.gov]
**Sent:** Thursday, January 20, 2005 4:47 PM
**To:** D'Ambra, Andrea
**Subject:** stipulation and protective order.pdf

Andrea, I have attached a draft stipulation.  Despite the working title, I have intentionally omitted the Protective Order component from the draft.  Confidentiality stipulations prepared by other attorneys in this office (who are more senior than me) are just that.  Also, the Order component presented difficulties that I could not resolve, such as: what happens if you do not represent Wolfe on appeal; and the court's retention of jurisdiction in order to resolve confidentiality issues (the tail wagging the dog in my view).

Why don't we do it this way, and if after reviewing the documents you still see the need for a Protective Order, we can discuss it further.  There is no reason to duke this out in court when we basically agree that you should see the documents.

-Beth

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
SYBARI ANTIGEN Version: 8.00.1470 has scanned this file and certifies that No Virus or Worm has been detected.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message contains information which may be confidential and privileged.

Unless you are the addressee (or authorized to receive for the addressee),

you may not use, copy or disclose to anyone the message or any information

contained in the message. If you have received the message in error,

please advise the sender by reply e-mail@dbr.com, and delete the message.

Thank you very much.

**Smith, Beth**

| | |
|---|---|
| **From:** | Smith, Beth |
| **Sent:** | Thursday, January 20, 2005 4:47 PM |
| **To:** | 'Andrea.D'Ambra@dbr.com' |
| **Subject:** | stipulation and protective order.pdf |

**Attachments:**  stipulation and protective order.pdf



stipulation and
protective ord...

      Andrea, I have attached a draft stipulation.  Despite the working title, I have intentionally omitted the Protective Order component from the draft.  Confidentiality stipulations prepared by other attorneys in this office (who are more senior than me) are just that.  Also, the Order component presented difficulties that I could not resolve, such as: what happens if you do not represent Wolfe on appeal; and the court's retention of jurisdiction in order to resolve confidentiality issues (the tail wagging the dog in my view).

Why don't we do it this way, and if after reviewing the documents you still see the need for a Protective Order, we can discuss it further.  There is no reason to duke this out in court when we basically agree that you should see the documents.

-Beth

**Smith, Beth**

| | |
|---|---|
| **From:** | Smith, Beth |
| **Sent:** | Thursday, January 20, 2005 10:22 AM |
| **To:** | 'Andrea.D'Ambra@dbr.com' |
| **Subject:** | RE: Proposed Stipulated Protective order |

Andrea, let me take a stab at drafting a stipulation. I should have it for you by the end of today.

Re: your comments – I gather you think that Wolfe, a convicted rapist (and initially a confessed one), should be paroled, despite the fact that he refuses sex offender treatment, and that defendants' negative recommendations and/or denials of parole are pretextual. If that is how you see the case, then yes, anything the Parole Board members considered is relevant to your claim. However, because they are still entitled to absolute immunity (and I do think you have an ethical obligation to research this before pursuing your claims against the Parole Board defendants), I don't see where that gets you. Regardless, I am willing to include said records in the stipulation. My primary concern is that Wolfe isn't given the information contained therein.

Re: Vaughn index – I gave you all the identifying information that I could give. For instance, I gave no date only where the document was undated. You are no worse off than if I turned the documents over as they are. In any event, since YOU will see the documents, I don't understand the difficulty. After you see them, if there is something you wish to add to the index that will not disclose substantive information, I will be happy to consider adding that information to the log.

-----Original Message-----
**From:** Andrea.D'Ambra@dbr.com [mailto:Andrea.D'Ambra@dbr.com]
**Sent:** Monday, January 17, 2005 11:06 AM
**To:** Smith, Beth
**Subject:** RE: Proposed Stipulated Protective order

Beth,

Thanks for getting back to me about the proposed stipulated protective order. Let me address some of your comments.

1. I'm sorry if you feel we have mischaracterized the documents you have withheld. I'm sure that we can craft the proper wording to address this. I can change the wording of paragraph B to state:

Defendants have objected to producing certain documents that are responsive to these requests because of concern

for the security of the persons who generated the documents. The documents withheld by Defendants are:

> 1) All medical records of Plaintiff, including but not limited to her psychiatric     records.
>
> 2) All psychological evaluations and notes contained in Plaintiff's parole and inmate file.

As for "all Parole Board proceeding records" we want to make sure that it is Defendants' contention that the only documents (as defined by the document production request) Defendants have concerning Plaintiffs parole board proceedings are Plaintiff's Parole Board worksheets. In other words, it is our understanding from your statements that Defendants do not have any notes, recordings, or other records related to Plaintiff's parole board proceedings. If Defendants do indeed affirmatively state that the parole board worksheets are the sole documents related to Plaintiff's parole board proceedings, then we will agree to change the wording. Otherwise, there is good reason believe there are other documents that are relevant that should be produced relating to this request, and that Defendants have not yet produced them.

2. Regarding your assertion that the psychiatric and psychological records are not relevant. First and foremost, both the psychiatric and psychological records are relevant to Plaintiff's claims because the Parole Board itself stated in its May 10, 2001 letter to Plaintiff that it considers the inmate's "physical, mental and behavioral state and history." As such, any information contained in Plaintiff's medical, psychological or psychiatric and conduct files that the Parole Board considered or should have considered during their deliberations would be relevant and discoverable. This is why both Plaintiff's medical and psychiatric/psychological records are relevant and discoverable in this case. Moreover, as I am sure you are aware, in connection with each DOC evaluation of Jessica's eligibility for Parole there is a psychiatric/psychological evaluation and recommendation submitted. At least one of those evaluations completed by Dr. Holland-Hull contains a _favorable_ recommendation for Parole that is highly relevant to our case.

3. Although we appreciate your letter that you provided us listing some of the materials held back from production on the basis of security concerns, the listing contained in the letter does not contain sufficient detail such that Plaintiff would be able to challenge the assertion of privilege based upon the information disclosed. Several of the entries lack dates, names of authors and other basic information (e.g. the first entry "Page 4 of DOC Classification Summary, containing Counselor Evaluation").

We are not asking for anything burdensome, simply basic identification information to include name of the creator of the document (if known), the name of any persons to whom the document is addressed, any signatories of the document, a brief, but clear description of the document, the date on which the document was created, and the date on which the document was executed (if different from the creation date). It would also be helpful, although we did not include it in the original protective order wording, to know how many pages comprise each document. Nothing in this request is overly burdensome, but rather comprises the basic identification information Plaintiff would need to mount a challenge to a privilege claim in the event we were no longer her counsel.

Your refusal to allow the forwarding of the privilege log to our client in the even we cease representation of her in this case comes as a shock given that you had agreed to this compromise during our telephone conference with you on December 14, 2004. As we explained to you during that call, we must protect the interests of our client and her ability to challenge privilege assertions, should we later cease to represent her. Moreover, we are not asking

for anything you would not normally be required to provide a Plaintiff representing themselves *pro se*, in a case where privilege was asserted. The law requires that when privilege is asserted in any case, that the party asserting the privilege list all documents for which privilege is asserted in sufficient detail such that the other party may challenge any document he/she feels is inappropriately designated as such. There is no exception for prisoner cases. Although it is our sincere hope that we can resolve this amicably, we must insist on this provision in the protective order.

4. Regarding our retention of experts and consultants. At this stage, prior to any substantive discovery, we have not determined whether any expert would be needed. If the need arises, we must have the flexibility to disclose any such documents that might be necessary for the expert to render an opinion in this case. Retaining the expert/consultant language within the protective order avoids the hassle of involving the court unnecessarily to allow such disclosure if it is required at a later date. Any experts or consultants retained would be bound not to use or disclose any information provided under the stipulated protective order. Thus, the paragraphs addressing experts and consultants as written would protect the subject material from disclosure, which we understand is your primary concern.

5. We are unclear about your concerns with Paragraph 8 and 9, but will attempt to address them as best we can. Regarding paragraph 8, this paragraph allows Judge Robreno's court to retain jurisdiction over any subsequent motions made by Plaintiff regarding the disclosure of privileged and/or confidential material. This is intended to facilitate any appeals Plaintiff might wish to make regarding the claims in Plaintiff's Second Amended Complaint. We are happy to add language limiting the jurisdiction of the court to motions from Plaintiff on the disclosure of privileged and/or confidential documents as required in connection with this case only. Please let us know if this adequately addresses your concerns.

With regard to paragraph 9, this paragraph outlines procedures to be used in connection with any experts or consultants retained in connection with the litigation. As stated above, such a provision lays out protections for the confidential information that may need to be shared with such individuals. Deleting the provisions relating to such further burdens the Court with a motion to disclose the designated confidential material should that eventuality arise. Keeping the provision does not in any way compromise the security of the information, as it will either not be used or only be used for legitimate purposes stated and will not be disclosed to the Plaintiff or the general public without a prior court order.

6. We are amenable to deleting the last sentence of paragraph 13, which reads "To the extent any party desires to have the confidential material contained in such documents placed in the public record, the Defendants shall be afforded reasonable opportunity to seek additional protection of the confidential material prior to the documents being placed in the public record." Although we do point out, that if the Court determines on motion or *sua sponte* that some material does not merit the confidentiality designation, it would then fall outside the scope of this agreement and be susceptible to inclusion in the public record.

Please let me know your thoughts on this, we'd really like to work this out and get the stipulation into the court as soon as possible. If you think that we're not going to be able to come to some agreement on this, please let me know that too---by the end of the week if possible, so that we can timely file a motion to compel.

Thanks,

Andrea

-----Original Message-----
**From:** Smith, Beth [mailto:bsmith@attorneygeneral.gov]
**Sent:** Tuesday, January 11, 2005 3:46 PM
**To:** D'Ambra, Andrea
**Subject:** RE: Proposed Stipulated Protective order

Andrea, here are my thoughts on the stipulation:

1.  You have mischaracterized the documents I've withheld. I withheld all medical records, including but not limited to the psychiatric records. I also withheld psychological evaluations and notes contained in Wolfe's inmate file. I did not withhold "all Parole Board proceeding records relating to Plaintiff"; rather, I withheld all parole worksheets. The letter I sent you (with the Vaughn index) specifically describes the documents I've withheld.

2.  Of the documents you seek - parole worksheets and psychiatric records (and presumably psychological records, although you don't include this) - only the worksheets have any arguable relevance. (Even that is questionable given the absolute immunity of the parole board defendants.) Unless you can explain why the psychiatric/psychological records are discoverable, I will not agree to their disclosure.

3.  Again, I have already sent you a letter which I consider a "detailed log" of the documents withheld and for your purposes, that should suffice. I will not agree to a more specific log.

4.  Because you have not given any indication of hiring an expert, I suggest deleting all references to experts and consultants. Also, while I understand that you and co-counsel and staff might have need to see the records, there is no need for the records to be disclosed to anyone outside of your law firm.

5.  I will not agree to your forwarding the log to Wolfe (paragraph 7).

6.  Paragraphs 8 and 9 are unacceptable. Any disclosure will be made for this case only, not for any extraneous purpose.

7.  The last sentence of paragraph 13 is unacceptable. Nothing confidential is to be made a matter of public record.

These are my major concerns. I also have minor changes, but let's resolve these issues first.

-Beth


-----Original Message-----
**From:** Andrea.D'Ambra@dbr.com [mailto:Andrea.D'Ambra@dbr.com]
**Sent:** Monday, January 10, 2005 3:47 PM
**To:** Smith, Beth
**Subject:** Proposed Stipulated Protective order


Beth,

I was wondering if you had any proposed changes to the protective order I sent you last week.  Please drop me a line and let me know your thoughts.

Andrea


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message contains information which may be confidential and privileged.
Unless you are the addressee (or authorized to receive for the addressee),
you may not use, copy or disclose to anyone the message or any information
contained in the message. If you have received the message in error,
please advise the sender by reply e-mail@dbr.com, and delete the message.

Thank you very much.


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
SYBARI ANTIGEN Version: 8.00.1470 has scanned this file and certifies
that No Virus or Worm has been detected.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


This message contains information which may be confidential and privileged.

Unless you are the addressee (or authorized to receive for the addressee),

you may not use, copy or disclose to anyone the message or any information

contained in the message. If you have received the message in error,

please advise the sender by reply e-mail@dbr.com, and delete the message.


Thank you very much.

CERTIFICATE OF SERVICE

I, Beth Anne Smith, Senior Deputy Attorney General, hereby certify that defendants' response in opposition to plaintiff's "motion to compel complete production of documents to plaintiff" was filed electronically on May 24, 2006 and is available for viewing and downloading from the ECF system. I further certify that a true and correct copy of said document was served on the same date by electronic mail notification to registered ECF users Mary Catherine Roper, Esquire at Mroper@ACLUPA.ORG and Viktoriya Meyerov, Esquire at Viktoriya.Meyerov@dbr.com.

<div style="margin-left:40%">

THOMAS W. CORBETT, JR.
ATTORNEY GENERAL

BY:   s/ Beth Anne Smith
Beth Anne Smith
Senior Deputy Attorney General
Identification No. 47162

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

</div>

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130