IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : : : | CIVIL ACTION NO. 02-2687 |
| Plaintiffs, | : : | |
| v. | : : | |
| THOMAS W. CORBETT, JR., et al., | : : : | |
| Defendants. | : | |

### **O R D E R**

**AND NOW**, this **18th** day of **December 2006**, it is hereby **ORDERED** that Plaintiff's motion to compel complete production of documents to Plaintiff (doc. no. 113) is **DENIED**.[1]

**AND IT IS SO ORDERED.**

        S/Eduardo C. Robreno
        **EDUARDO C. ROBRENO, J.**

---

[1] Plaintiff's motion to compel complete production is more properly read as a motion to void the parties' stipulation of confidentiality. The stipulation, although not formally approved by the Court, was animated by Defendants' concern over the penological implications of releasing parole documents and confidential inmate files to an inmate. Unlike most stipulations of confidentiality in commercial disputes, a stipulation of confidentiality in a prisoner's rights case squarely implicates the public interest. See McGoy v. Ray, 164 Fed. App'x 876, 878 (11th Cir. 2006); Dennison v. Pa. Dep't of Corr., 268 F. Supp. 2d 387, 398 (M.D. Pa. 2003).

In this case, good cause for a protective order is shown, and the parties' stipulation is deemed by the Court as a protective order under Federal Rule of Civil Procedure 26(c).

To the extent there are narrow and discrete documents concerning Plaintiff herself that Plaintiff will need to view in order effectively prosecute this case, Plaintiff may seek a modification of the protective order.