IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : : : : : | CIVIL CLASS ACTION |
| Plaintiff | : : | |
| v. | : : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : : : | |
| Defendants. | : | No. 02-2687 |

## **ORDER**

AND NOW this ____ day of _____, 2007, upon consideration of the Motion of Drinker Biddle &Reath LLP to Withdraw as Counsel to Jessica Elaine Wolfe©, filed on April 6, 2007, it is ORDERED that said Motion is GRANTED and that Drinker Biddle & Reath LLP is relieved of its appointment, and attorneys Wilson Brown, Andrea D'Ambra, Viktoriya Meyerov and Maresa Torregrosa and the firm of Drinker Biddle & Reath LLP shall withdraw as counsel for plaintiff.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Eduardo C. Robreno, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS,<br><br>        Plaintiff<br><br>        v.<br><br>THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | : CIVIL CLASS ACTION No. 02-2687<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DRINKER BIDDLE & REATH LLP'S
MOTION TO WITHDRAW AS APPOINTED COUNSEL**

**I.   INTRODUCTION**

The Court recently received a Motion to Stay Proceedings filed by Jessica Elaine Wolfe©, *pro se*. Ms. Wolfe's motion advises the Court that she has, on various grounds, fired Drinker Biddle & Reath LLP ("DB&R") as her appointed counsel. DB&R has done nothing wrong. However, because Ms. Wolfe has by her own account lost all confidence in the firm's further representation of her in this matter, it is appropriate that the Court grant the firm leave to withdraw as her counsel.

A Motion to Withdraw as Appointed Counsel also is being filed concurrently by Mary Catherine Roper of the American Civil Liberties Union of Pennsylvania.

**II.   BACKGROUND**

Plaintiff Jessica Elaine Wolfe© filed this lawsuit on May 1, 2002. In her *pro se* complaint, she sued persons within the Pennsylvania Department of Corrections ("DOC") on behalf of herself and as representative of a putative class. Ms. Wolfe thereafter moved for an

attorney to be appointed in the case, and on October 20, 2003, the Court appointed Mary Catherine Roper and the law firm of DB&R to represent her.[1]

On January 9, 2004, appointed counsel filed Plaintiff's First Amended Class Action Complaint.  Shortly thereafter, Plaintiff moved to fire appointed counsel due to a dispute regarding the scope of representation.[2]  Subsequently, Plaintiff agreed that appointed counsel would represent Plaintiff only on certain claims, but that Plaintiff might proceed *pro se* on other claims.

On April 12, 2004, appointed counsel filed Plaintiff's Second Amended Class Action Complaint in accordance with the agreement regarding the scope of appointed counsel's representation.[3]  The Second Amended Complaint consisted of six counts:  Counts I and II alleged putative class claims for constitutional violations under the Fifth and Fourteenth Amendments and sought injunctive relief; Counts III and IV advanced individual claims of the Plaintiff for constitutional violations under the Fifth and Fourteenth Amendments and sought damages; and Counts VII and VIII pleaded individual claims of the Plaintiff relating to the *Ex Post Facto* clause and First Amendment retaliation and also sought damages.[4]

---

[1] Ms. Roper has since left DB&R and now works for the American Civil Liberties Union of Pennsylvania, but has continued as co-counsel for Ms. Wolfe.  Four DB&R attorneys – Wilson Brown, Andrea D'Ambra, Viktoriya Meyerov and Maresa Torregrossa – have appeared in the case for Plaintiff.

[2] The dispute involved certain common-law copyright claims proposed by Plaintiff.

[3] At Plaintiff's insistence, appointed counsel included a footnote in the Second Amended Complaint referencing the copyright issue and incorporating Plaintiff's complete statement and reservation of her rights under the law of copyright and secured parties as an exhibit.  Plaintiff continues to raise these same copyright issues as a point of contention even though she has agreed that they are outside the scope of appointed counsel's representation.

[4] The Second Amended Complaint skipped Counts V and VI.

In a Memorandum Order dated August 27, 2004, the Court dismissed Counts I, II, III, and IV. This ruling disposed of all claims brought on behalf of the putative class as well as Plaintiff's parallel individual claims for damages; because all of the class claims were dismissed, no class was ever certified. Thus, the only claims remaining in suit are Plaintiff's individual claims embodied in Counts VII and VIII. Appointed counsel filed a Third Amended Complaint on April 7, 2005 to add a demand for injunctive relief on these individual claims.[5]

In the course of discovery, the Commonwealth refused to provide certain documents to Plaintiff citing security and other concerns. To obtain these documents, appointed counsel negotiated and entered into a Stipulation of Confidentiality with the Attorney General on February 16, 2005. The Stipulation of Confidentiality permitted appointed counsel to review certain allegedly sensitive documents on the condition that such documents would not be shared with Plaintiff. Appointed counsel fully apprised Plaintiff of the negotiations and of the effect of this agreement. Plaintiff agreed that appointed counsel should enter into the Stipulation of Confidentiality, with the understanding that counsel would later file motions challenging the continued confidentiality of any documents that appeared to be improperly withheld from Plaintiff.

After receiving and reviewing the allegedly sensitive documents, appointed counsel filed a Motion on May 16, 2006 to Compel Complete Production of Documents to Plaintiff, so that Plaintiff could see what the Commonwealth was withholding. In an Order dated December 18, 2006, the Court denied this motion, and refused to allow production of the materials in question to Plaintiff. Appointed counsel advised Plaintiff of this decision.

---

[5] Former Counts VII and VIII were renumbered in the Third Amended Complaint as Counts V and VI, respectively.

**III.     RESPONSE TO PLAINTIFF'S ALLEGATIONS**

Plaintiff has fired DB&R as her court-appointed counsel, alleging broadly that the firm has provided ineffective assistance, has disassociated Plaintiff from the action, and has carried out its own interests rather than its client's.

These allegations are false. Appointed counsel has zealously represented Plaintiff throughout. Appointed counsel has maintained reasonable contact with Plaintiff, providing her with case status updates and consulting with her on important substantive issues. And counsel has throughout acted in Plaintiff's best interests, and not for itself. The firm has complied fully with its obligations under the Rules of Professional Conduct. *See* Pa. Rules of Professional Conduct, R. 1.1 (requiring a lawyer to "provide competent representation to a client"); R. 1.2 (governing the "scope of representation and allocation of authority between client and lawyer"); R. 1.3 (requiring a lawyer to "act with reasonable diligence and promptness in representing a client"); R. 1.4 (establishing the nature and extent of communication reasonably required between lawyer and client).

Ms. Wolfe complains that appointed counsel has withheld documents from her. But appointed counsel has provided Plaintiff all of the documents in the case that the Court has permitted her to receive. The discovery documents Plaintiff demands from counsel are those provided under the Stipulation of Confidentiality of February 16, 2005 (deemed a Protective Order as of December 18, 2006). Appointed counsel duly moved to obtain these documents for Plaintiff, but the Court has ordered that she may not have them. Counsel did all it could do for Plaintiff and has not withheld anything from her improperly.

Plaintiff also alleges that she has not been permitted by prison officials to retain a full, correct and complete copy of the Court Docket. Appointed counsel has taken action, when

appropriate, to assist Plaintiff in having documents and legal materials confiscated by prison authorities returned to her.  Thus, in December, 2005, Plaintiff informed counsel that certain of her property, documents and legal materials had been confiscated by the DOC.  Although appointed counsel advised Plaintiff it did not represent her with respect to any confiscation of property claims, as a courtesy appointed counsel did contact Beth Ann Smith, Attorney for Defendants, to request that to the extent any of the confiscated property related to this case, such property should be returned.  Plaintiff subsequently informed appointed counsel that her property was returned.  Nevertheless, Plaintiff now complains that documents she has received relating to this case have been ripped apart by guards or confiscated as contraband, and that appointed counsel has not acted to obtain their return or to obtain a temporary restraining order against prison officials.  Plaintiff only recently made appointed counsel aware of further confiscations of her property by the DOC – and at no time requested appointed counsel to intervene, let alone initiate another suit on her behalf.

     Plaintiff further alleges that the Court made several rulings and held private conferences in the case about the status and classifications of Plaintiff and Defendants.  Appointed counsel is unable to determine to which rulings or conferences, if any, this allegation pertains.  But appointed counsel can affirm that to the extent there have been rulings or conferences in this case, appointed counsel has communicated all important matters determined therein to the client as required by Pennsylvania Rule of Professional Conduct 1.4(a).

     Finally, Plaintiff appears to be of the view that DB&R is obliged to serve as her lawyer on all claims she might wish to bring.  Appointed counsel has repeatedly informed Plaintiff that its representation of her is limited to Plaintiff's constitutional claims as set forth in the Second Amended Complaint and subsequently in the Third Amended Complaint – and that any claims

she wishes to pursue beyond these claims she must prosecute separately, as a *pro se* plaintiff. *See* Pa. Rules of Professional Conduct R. 1.2(c) (permitting a lawyer to "limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent"). Plaintiff was informed of the scope of representation in a letter from appointed counsel dated March 18, 2004. Plaintiff agreed in writing to the scope of representation and further agreed that certain claims and documents she wished to file to support them were outside the scope of this case. Nevertheless, Plaintiff has demanded, and continues to demand, that appointed counsel submit such claims and documents to the Court, and that its failure to do so is a breach of counsel's duties. As Plaintiff knows and has agreed, the claims and documents in question are not germane to the allegations in this case. Appointed counsel has acted in the interests of Plaintiff <u>in this case</u> by declining to submit these unrelated claims and documents to the Court. *See* Pa. Rules of Professional Conduct R. 1.2 cmt. 2 ("Clients normally defer to the special knowledge and skill of their lawyer with respect to the means to be used to accomplish their objectives, particularly with respect to technical, legal, and tactical matters.").

**IV.     ARGUMENT**

Although DB&R has done nothing wrong, the firm does not believe that a litigant should be compelled to proceed with counsel who is not satisfactory to that litigant. Moreover, DB&R does not believe it can properly continue to represent Ms. Wolfe given the positions she has taken vis-à-vis the firm. Plaintiff has lost confidence in her counsel. Effective representation requires trust and confidence, and once these elements are lost, the attorney-client relationship cannot function as it should. Thus, it is no longer possible for appointed counsel to fairly and adequately represent Plaintiff's interests, and counsel's appointment should be terminated.

The putative class will suffer no prejudice if the Court grants such relief. All of the putative class claims were dismissed from the case before any class was certified. Moreover, those class claims sought only injunctive relief. Therefore, the members of the putative class have not been prejudiced and are free to pursue any claims they may have in another action, if they wish to do so. Ms. Wolfe may pursue her claims in this case *pro se* or with other counsel, as the Court may direct.

## V.   CONCLUSION

For the foregoing reasons, appointed counsel respectfully requests that this Court grant its Motion to Withdraw as Appointed Counsel and enter an Order terminating the court-appointed representation of Plaintiff by Drinker Biddle & Reath LLP in Civil Action 02-2687. An appropriate form of Order is attached.

Respectfully submitted,

/s/ Andrea L. D'Ambra
Wilson M. Brown
Andrea L. D'Ambra
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700 (Phone)
(215) 988-2757 (Fax)

Attorneys for Plaintiff

Dated: April 6, 2007

## CERTIFICATE OF SERVICE

I, Andrea D'Ambra, hereby certify that the foregoing Motion to Withdraw as Appointed Counsel was filed electronically on April 6, 2007 and is available for viewing and downloading from the ECF system.  I further certify that a true and correct copy of said document was served on the same day by electronic mail notification to registered ECF user, Beth Anne Smith, Attorney for Defendants, at bsmith@attorneygeneral.gov.  I also certify that I have served a true and correct copy of the forgoing document on Plaintiff at the following address:

MS. JESSICA E. WOLFE
Prisoner #DB-0954
P. O. Box 244
Graterford, PA 19426-0244


Dated: April 6, 2007                              /s/ Andrea L. D'Ambra
                                                  Andrea L. D'Ambra
                                                  Drinker Biddle & Reath LLP
                                                  One Logan Square
                                                  18th and Cherry Streets
                                                  Philadelphia, PA 19103-6996
                                                  (215) 988-2700 (Phone)
                                                  (215) 988-2757 (Fax)
                                                  Attorney for Plaintiff