IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : : : : : | CIVIL CLASS ACTION No. 02-2687 |
| Plaintiff | : : | |
| v. | : : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : : : | |
| Defendants. | : | |

## MOTION OF MARY CATHERINE ROPER TO WITHDRAW AS APPOINTED COUNSEL FOR PLAINTIFF

Movant, Mary Catherine Roper, moves the Court for an Order permitting her to withdraw as court-appointed counsel for plaintiff, Jessica Elaine Wolfe. In support of her motion, Movant avers:

1. Plaintiff Jessica Elaine Wolfe filed this lawsuit on May 1, 2002. In her *pro se* complaint, she sued persons within the Pennsylvania Department of Corrections ("DOC") on behalf of herself and as representative of a putative class and asserted a number of individual claims. Ms. Wolfe thereafter moved for an attorney to be appointed in the case.

2. On October 20, 2003, the Court appointed Movant, then a partner with the firm of Drinker Biddle & Reath LLP, as counsel to plaintiff.

3. On January 9, 2004, appointed counsel filed Plaintiff's First Amended Class Action Complaint. Shortly thereafter, Plaintiff moved to fire appointed counsel due to a dispute regarding the scope of representation and claims to be asserted.

4. After further consultation between Plaintiff and counsel, on April 12, 2004, appointed counsel filed Plaintiff's Second Amended Class Action Complaint in accordance with the agreement regarding the scope of appointed counsel's representation. The Second Amended Complaint consisted of six counts: Counts I and II alleged putative class claims for constitutional violations under the Fifth and Fourteenth Amendments and sought injunctive relief; Counts III and IV advanced individual claims of the Plaintiff for constitutional violations under the Fifth and Fourteenth Amendments and sought damages; and Counts VII and VIII pleaded individual claims of the Plaintiff relating to the *Ex Post Facto* clause and First Amendment retaliation and also sought damages.[1]

5. The Second Amended Complaint omitted a number of claims that Plaintiff had asserted in her original complaint, including claims related to Plaintiff's asserted rights as a copyright holder and secured party.[2] Plaintiff consented to the filing of the Second Amended Complaint and withdrew her motion to discharge appointed counsel.

6. By Memorandum Order dated August 27, 2004, the Court dismissed Counts I, II, III, and IV. This ruling disposed of all claims brought on behalf of the putative class as well as Plaintiff's parallel individual claims for damages; because all of the class claims were dismissed, no class was ever certified. Thus, the only claims remaining in suit are Plaintiff's individual

---

[1] The Second Amended Complaint skipped Counts V and VI.

[2] At Plaintiff's insistence, appointed counsel included a footnote in the Second Amended Complaint referencing the copyright issue and incorporating Plaintiff's complete statement and reservation of her rights under the law of copyright and secured parties as an exhibit.

claims embodied in Counts VII and VIII.  Appointed counsel filed a Third Amended Complaint on April 7, 2005 to add a demand for injunctive relief on these individual claims.[3]

7. The Court has pending before it Defendants' Motion for Summary Judgment as to all claims not previously dismissed by the Court.  That motion has been fully briefed and argued.

8. The Court recently received a Motion to Stay Proceedings filed by Plaintiff *pro se*.  Ms. Wolfe's motion advised the Court that she had terminated the representation of Drinker Biddle & Reath as her appointed counsel, but that she had not terminated the representation of Movant.

9. Ms. Wolfe offered several reasons for her termination of DB&R as her counsel: (1) the failure of DB&R to provide her with documents and deposition transcripts that are the subject of a stipulation of confidentiality entered into by the parties in February 2005, and as to which the Court has since issued a protective order forbidding their production to Ms. Wolfe; (2) DB&R's refusal to pursue claims on Plaintiff's behalf related to the use of her name; and (3) DB&R's refusal to take legal or other action on Plaintiff's behalf regarding the treatment of her mail and legal papers by corrections officials at S.C.I. Graterford.

10. Although Plaintiff's initial Motion stated that she was not terminating Movant's representation, in her letter of March 27, 2007, Ms. Wolfe states that she does not authorize any additional filings by Movant without her advance written consent.

11. At the outset of discovery in this matter, appointed counsel demanded production of Plaintiff's parole records.  Defendants objected to that request on the ground that the requested materials were confidential and could not be shared with an inmate.

---

[3] Former Counts VII and VIII were renumbered in the Third Amended Complaint as Counts V and VI, respectively.

12. In order to obtain Plaintiff's parole file, without which appointed counsel could not investigate and pursue Plaintiff's Ex Poste Facto and retaliation claims, appointed counsel entered into a stipulation with Defendants, dated February 16, 2005, pursuant to which the parole records would be produced solely to appointed counsel and would not be shared with Plaintiff until the Court had ruled on the Defendants' claim of confidentiality.

13. That stipulation was negotiated primarily by Movant.

14. Appointed counsel obtained Plaintiff's consent to the stipulation, upon the condition that appointed counsel would ask the Court to approve Plaintiff's access to the documents – that is, to reject the Defendants' claimed need for confidentiality.

15. Movant did file the promised motion, but later than originally anticipated, on May 16, 2006.

16. Between the negotiation of the stipulation and the filing of the motion to grant Plaintiff access to her parole records, Movant resigned from the firm of Drinker Biddle & Reath LLP to accept a position with the American Civil Liberties Union of Pennsylvania. Movant proposed, and Plaintiff agreed, that both Movant and Drinker Biddle & Reath would continue to represent Plaintiff.

17. By order dated December 18, 2006, the Court denied the motion to allow Plaintiff to see her parole records, holding that Defendants were entitled to a protective order forbidding Plaintiff access to those documents. Appointed counsel advised Plaintiff of this decision.

18. As asserted by Plaintiff in her Motion to Stay Proceedings, all appointed counsel have refused, on numerous occasions, to assert additional claims on Plaintiff's behalf arising from the use of her name. Appointed counsel, including Movant, have repeatedly informed Plaintiff that

they fundamentally disagree with Plaintiff's asserted claims and therefore cannot pursue them on her behalf.

19. , As also asserted by Plaintiff in her Motion to Stay Proceedings, all appointed counsel have refused, on numerous occasions, to assert additional claims on Plaintiff's behalf arising from Plaintiff's disputes with corrections personnel regarding, *inter alia*, the treatment of her mail and legal papers. Those claims are outside the scope of appointed counsel's limited representation of Plaintiff.

20. No appointed counsel has ever told Plaintiff that they would pursue claims on her behalf regarding these issues. Indeed, at the beginning of the representation, Movant sent Plaintiff a representation latter stating very clearly that Movant and Drinker Biddle and Reath had accepted appointment only with respect to the claims originally asserted in this action. Movant and Plaintiff had numerous lengthy discussions regarding which claims appointed counsel would pursue and which they would not pursue prior to Plaintiff's agreement to the filing of the Second Amended Complaint.

21. Under Pa. Rule of Professional Conduct 1.16(b):

> a lawyer may withdraw from representing a client if:
>> (1) withdrawal can be accomplished without material adverse effect on the interests of the client….
>>
>> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement …
>>
>> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>>
>> (7) other good cause for withdrawal exists.

22. Movant seeks leave to withdraw as counsel because (1) Movant does not have the financial ability or resources to continue this representation without the support of DB&R, which has been discharged by Ms. Wolfe and is also seeking to withdraw; (2) Ms. Wolfe is demanding

that appointed counsel, including Movant, take actions with which appointed counsel have a fundamental disagreement; and (3) Ms. Wolfe has apparently lost confidence in Movant's representation, given that the objections that Ms. Wolfe raises to DB&R's representation apply even more strongly to Movant.

WHEREFORE, Movant respectfully requests that this Court grant her Motion to Withdraw as Appointed Counsel and enter an Order terminating Movant's court-appointed representation of Plaintiff in Civil Action 02-2687. An appropriate form of Order is attached.

Respectfully submitted,

Dated: April 6, 2007.

/s/ Mary Catherine Roper
Mary Catherine Roper
Attorney ID 71107
AMERICAN CIVIL LIBERTIES
FOUNDATION OF PENNSYLVANIA
P.O. Box 40008
Philadelphia, PA 19106
(T) 215.592.1513 ext. 116
(F) 215.592-1343
mroper@aclupa.org

## **CERTIFICATE OF SERVICE**

I, Mary Catherine Roper, hereby certify that the foregoing Motion to Withdraw as Appointed Counsel and supporting Memorandum were filed electronically on April 6, 2007 and is available for viewing and downloading from the ECF system.  I further certify that true and correct copies of said documents were served on the same day by electronic mail notification to registered ECF user, Beth Anne Smith, Attorney for Defendants, at bsmith@attorneygeneral.gov. I also certify that I have served true and correct copies of these documents on Plaintiff at the following address:

MS. JESSICA E. WOLFE
DB 0954
SCI-Graterford
Box 246
Graterford, PA 19426

Dated: April 6, 2007.

*/s/ Mary Catherine Roper*
Mary Catherine Roper
Attorney ID 71107
AMERICAN CIVIL LIBERTIES
FOUNDATION OF PENNSYLVANIA
P.O. Box 40008
Philadelphia, PA 19106
(T) 215.592.1513 ext. 116
(F) 215.592-1343
mroper@aclupa.org