IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| "JESSICA ELAINE WOLFE©" on behalf of herself and all similarly situated INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, <br><br> Plaintiff <br><br> v. <br><br> THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants. | CIVIL CLASS ACTION No. 02-2687 |

**MEMORANDUM IN SUPPORT OF MOTION OF
MARY CATHERINE ROPER TO WITHDRAW
AS APPOINTED COUNSEL FOR PLAINTIFF**

**I.      INTRODUCTION**

The Court recently received a Motion to Stay Proceedings filed by plaintiff Jessica Elaine Wolfe, *pro se*. Ms. Wolfe's motion advises the Court that she has terminated the representation of Drinker Biddle & Reath LLP ("DB&R") as her appointed counsel, but that she had not terminated the representation of this movant, Mary Catherine Roper ("Movant"). In Ms. Wolfe's letter of March 27, however, she states more generally that she does not authorize any additional filings by Movant without her advance written consent.

Movant seeks leave to withdraw as counsel because (1) Movant does not have the financial ability or resources to continue this representation without the support of DB&R, which has been discharged by Ms. Wolfe and is also seeking to withdraw; (2) Ms. Wolfe is demanding that appointed counsel, including Movant, take actions with which appointed counsel have a fundamental disagreement; and (3) Ms. Wolfe has apparently lost confidence in Movant's

representation, given that the objections that Ms. Wolfe raises to DB&R's representation apply even more strongly to Movant.

## II.  FACTUAL BACKGROUND

Movant incorporates the factual background set forth in her Motion, as well as the facts sets forth in DB&R's Motion to Withdraw.

## III.  ARGUMENT

Under Pa. Rule of Professional Conduct 1.16(b):

> a lawyer may withdraw from representing a client if:
>> (1) withdrawal can be accomplished without material adverse effect on the interests of the client….
>> 
>> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement …
>> 
>> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>> 
>> (7) other good cause for withdrawal exists.

Movant seeks leave to withdraw as counsel because (1) Movant does not have the financial ability or resources to continue this representation without the support of DB&R, which has been discharged by Ms. Wolfe and is also seeking to withdraw; (2) Ms. Wolfe is demanding that appointed counsel, including Movant, take actions with which appointed counsel have a fundamental disagreement; and (3) Ms. Wolfe has apparently lost confidence in Movant's representation, given that the objections that Ms. Wolfe raises to DB&R's representation apply even more strongly to Movant.

Movant should be allowed to withdraw as counsel to Plaintiff because continued representation would "result in an unreasonable financial burden" on Movant and her current employer. Movant is currently employed by a public interest law firm, the American Civil

Liberties Union of Pennsylvania ("ACLU-PA").  The ACLU-PA represents clients, without charge, in many different types of civil rights cases.  But the ACLU-PA generally does not take on such cases without private cooperating counsel.  The reason is that the ACLU-PA does not have the resources to pursue complex litigation without outside support.  Movant is one of three litigators currently employed by the ACLU-PA to cover the Commonwealth of Pennsylvania. Movant does not have administrative assistants or paralegals to assist her in this litigation.  Were Movant required to continue with her representation of Plaintiff in the absence of assistance from the private bar, that representation would require a disproportionate investment of Movant's time and thereby "result in an unreasonable financial burden" on Movant and the ACLU-PA, as well as preventing that organization from representing other clients for whom private co-counsel would be available.[1]

      Movant should be allowed to withdraw as counsel to Plaintiff because Plaintiff insists upon taking action with which Movant has a fundamental disagreement.  Despite Plaintiff's agreement to the filing of the Second Amended Complaint, Plaintiff has continually demanded that appointed counsel pursue claims on her behalf that Movant is unwilling to pursue, either because Movant fundamentally disagrees with the claims or because Movant is unwilling to expand the scope of her limited representation of Plaintiff.  *See* Pa. Rules of Professional Conduct R. 1.2(c) (permitting a lawyer to "limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent").  Movant believed that she and Plaintiff had reached accord on this point prior to the filing of the Second Amended Complaint, but Plaintiff no longer appears to be willing to abide by that agreement.  Plaintiff's

---

[1] Movant does not believe, given the history of this representation, that she could find new private counsel to represent Plaintiff.

insistence that appointed counsel assert additional legal claims on her behalf has created an impasse between counsel and client that cannot be amicably resolved and justifies withdrawal.

Movant also should be allowed to withdraw as counsel to Plaintiff because the representation has been rendered unreasonably difficult by Plaintiff and because other good cause for withdrawal exists.  Plaintiff's persistence in demanding action appointed counsel cannot take, her filing of documents directly with the Court despite repeated requests by counsel and the Court that she not do so, and her recent attacks on counsel's competence and integrity have created a situation in which a continued attorney-client relationship is simply not possible. Plaintiff is clearly dissatisfied with the representation she has received from Movant and at this point has demanded that Movant take no action on Plaintiff's behalf without receipt of her written consent, complete with red ink signature.  Movant cannot continue to represent a client whose needs and wishes Movant is not able to satisfy.

As explained in the Motion filed herewith, the objections that Ms. Wolfe raises to DB&R's representation apply even more strongly to Movant, as Movant was the originator of all of the positions of which Plaintiff complains.  It is therefore clear that Plaintiff will be no more satisfied with Movant's representation than she is with DB&R's, rendering further representation futile.

Finally, Movant should be allowed to withdraw as counsel to Plaintiff because withdrawal can be accomplished without material adverse effect on the interests of the client. Appointed counsel have provided Plaintiff with excellent representation.  They have dedicated countless hours to Plaintiffs' case, fully developing the case through discovery and briefing.  At this point, there is nothing more to be done until the Court rules on the pending motion for summary judgment.  At that point, either Plaintiffs' claims will be dismissed – in which case

appointed counsel would have completed the agreed-on scope of their representation – or Plaintiff will be permitted to proceed to trial on her Ex Poste Facto and/or retaliation claims. Frankly, the heavy lifting has been done. If Plaintiff is permitted to try her remaining claims, she will have ample support for that endeavor in the argument and factual record prepared by appointed counsel over the last three and one half years. Indeed, in her March 27, 2007 letter, Plaintiff makes clear that she does not believe she needs appointed counsel in order to pursue her claims effectively.

And although Plaintiff initially brought this action as a class action, no class was ever certified. Therefore, there can be no preclusive effect or other detriment to the putative class members from the withdrawal of appointed counsel.

## IV.    **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that this Court grant her Motion to Withdraw as Appointed Counsel and enter an Order terminating Movant's court-appointed representation of Plaintiff in Civil Action 02-2687.

Respectfully submitted,

Dated: April 6, 2007.

*/s/ Mary Catherine Roper*
Mary Catherine Roper
Attorney ID 71107
AMERICAN CIVIL LIBERTIES
FOUNDATION OF PENNSYLVANIA
P.O. Box 40008
Philadelphia, PA 19106
(T) 215.592.1513 ext. 116
(F) 215.592-1343
mroper@aclupa.org