
ER

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA, PHILADELPHIA

| | |
|---|---|
| JESSICA ELAINE WOLFE©, on behalf of herself and all similarly situated, INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS,<br>　　　　Plaintiffs<br><br>　　　　Vs.<br><br>THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et, al.<br>　　　　Defendants | Civil Class Action<br><br><br><br><br>No. <u>02-2687</u><br><br>**FILED**<br>OCT 1 8 2007<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

## MOTION TO VACATE JUDGEMENT
## NUNC PRO TUNC

Now Comes, JESSICA ELAINE WOLFE©, the propria persona Plaintiff of this action, also known in any and all derivatives of, variations in the spelling of said name, except Jessica Elaine Wolfe©. Thus, filing this Motion to Vacate Judgment of: <u>April 25, 2007</u> Memorandum, on behalf of the living, breathing, flesh-and-blood man, notable female gendered sui juris, who goes by the distinctive appellation, Jessica Elaine Wolfe©, who is no other, hereinafter Secured Party. In good faith, under the laws of God, reserving all rights, and represents:

　　1. The matters in controversy has fallen upon this Honorable Court under and by virtue of U.S. Article I, Section 8, Clause 7, and 17; U.S. Article 3, Section 2, Clause 1; U.S. Article IV, Section 2, Clause 1; U.S. Article VI; U.S. First and Fifth Amendments in consort and in participation with the U.S. Fourteenth Amendment of the United States Constitution.

　　2. The Plaintiff Filed this Action on March 2, 2002, On October 20, 2003, this Honorable Court Appointed DRINKER, BIDDLE & REATH to represent the Plaintiff and the Inmates of the Pennsylvania Department of Corrections.

　　3. Plaintiff, claims shortly after the Plaintiff received a confirmation

letter from DRINKER, BIDDLE & REATH, who tried to forcibly make Plaintiff to enter into a contractual obligation with the firm, which plaintiff refused to enter and did not enter.

4. Plaintiff, claims that the Appointed DRINKER, BIDDLE & REATH Firm proceeded with an expressed attitude, they Amended Plaintiff's Complaint, only raising the Firms Claims without addressing the issues with the Plaintiff.

5. On February 23, 2004, Plaintiff file a Motion of Contention with Plaintiff's purposed First Amended Complaint, which has been illegally confiscated by SCI-Graterford and continues to be confiscated. This Honorable Court gave counsel time to meet with the Plaintiff to resolve the issues. The Plaintiff met with counsel who left Plaintiff no choice but to compromise the claims addressed in the Second Amended Complaint. By the foot note on the bottom of page 2, and the attached supporting affidavit, Plaintiff had an intent to also raise a 1981 claim and argument regarding secured rights, i.e. Vested Rights, which Plaintiff's Power of Attorney provided a Certified Copy of Plaintiff's Uniform Commercial Code Filing to submit. See, Plaintiff's Habeas Corpus Docket Entries: 06-5261. Look how it's filed, look at the documents. - - - The alleged Attorney General's provided attachments, prove's retaliation during this Action, which appointed counsel would not address or raise.

6. Accordingly, the Plaintiff's claims was to be filed on behalf of Secured Party, who has both a liberty interests and a perfected security interest. Secured Party is a Holder-in-Due-Course of use and offer, thus having a supreme claim of custom and usage.

7. Plaintiff, claims reversible error, none of the Defendants can enjoy Quasi-Judicial Immunity, and neither the Government, nor can this Honorable Court impinge upon Secured Party's Vested Rights, nor can either make law



2 OF 3 PAges

impairing the obligations of contracts.

8. Plaintiff, claims DRINKER, BIDDLE & REATH has used strong arm tactics to control and manipulate this case. They recklessly change the claims without consulting the Plaintiff; they failed to petition to certify the case as a class action; they failed to clarify or raise Vested Rights claims; they illegally entered into contracts and agreements without consent; they refused to provide complete copies of all deposition transcripts; they intentionally injured Plaintiff in and at Deposition hearings; and they failed to submit evidence on behalf of the plaintiff.

9. In fact, DRINKER, BIDDLE & REATH refuses to return Secured Party's Certified Private Filings, which is nothing less then an unlawful taking without just compensation, Plaintiff calls it theft.

10. Finely, this Honorable Court made a ruling spit the fact of Plaintiff filing a Motion of Contention and even after firing alleged counsel, well they are counsel but wasn't for the Plaintiff. This case was improperly dismissed due to lack of evidence, and a reversible error has occurred, see attached Exhibit A.

Wherefore, plaintiff respectfully prays for the relief sought, requesting for this case to be reopened for further considerations, Amend and otherwise.

Respectfully Submitted,
"JESSICA ELAINE WOLFE"
Plaintiff's Signature

*Jessica Elaine [signature] AUTH ReP*
Secured Party's Signature / Auth Rep.

3 OF 3 Pages

# Judge slams lawyers' delays

10-2-07

**The attorneys were sanctioned for stalling in a class-action case.**

By Jane M. Von Bergen
INQUIRER STAFF WRITER

Delivering a blistering rebuke, a federal judge slammed some of the region's top law firms and lawyers, saying they deliberately dragged their feet in producing evidence in a class-action lawsuit.

After describing John S. Summers, a respected member of the Philadelphia law firm of Hangley Aronchick, Segal & Pudlin, as "evasive," the judge continued: "Summers crossed the line from zealous advocacy to sanctionable conduct. I conclude that he acted in bad faith."

All the lawyers plan to appeal the sanctions ordered by U.S. District Judge James Knoll Gardner. The lawyers and their clients could face as much as $5 million in damages based on the judge's order.

What the judge describes as unnecessary delay, the attorneys say represents good-faith lawyering in a case with difficult issues and computerized record keeping. The attorneys are representing insurance companies who are being sued by doctors.

See **SANCTION** on C8

---

C8 B   www.philly.com                                   THE PHILADEL

## Sanction

**Continued from C1**

"We shouldn't put lawyers in a position where they are looking over their shoulder as long as they are proceeding in good faith," said Lawrence J. Fox, a partner in Philadelphia's Drinker Biddle & Reath. He represents some of the lawyers criticized by the judge in his Friday opinion.

The case began in 2001, when Natalie M. Grider, a family practitioner in Kutztown, sued the insurers, saying that they were not properly reimbursing her for her services. It was certified as a class in December and now involves about 6,000 Pennsylvania doctors, including some in Montgomery and Bucks Counties.

While judges sometimes order sanctions against attorneys in cases, it's rare and noteworthy when it happens, experts say.

"It is sufficiently unusual that the cases become notorious throughout the litigation bar," said Eleanor Myers, an assistant professor of law who teaches ethics at Temple University's law school.

What makes this case even more noteworthy are the people involved — many well-known and well-regarded in the community, based on interviews with a variety of local experts on ethics and disciplinary proceedings.

Summers, well-known in his own right, is the brother of Harvard University's former president, Lawrence Summers. Daniel B. Huyett, of Reading, is the son of a former federal judge Daniel H. Huyett III, who is deceased. He and Jeffrey D. Bukowski are shareholders in the firm Stevens & Lee. Sandra A. Girifalco is a partner at Stradley Ronon Stevens & Young in Philadelphia.

The judge also rebuked their clients, Keystone Health Plan Central Inc., Capital Blue Cross, and Highmark Inc., the Pittsburgh health insurer hoping to merge with Independence Blue Cross in Philadelphia. The insurers declined to comment.

"I think Judge Gardner got it right," said Grider's attorney, Kenneth A. Jacobsen of Media. "There was a concerted effort to protract the proceedings to wear us out."

Delaying is a litigation tactic, Myers said, but not an ethical one. Sometimes clients pressure their attorneys into playing hard ball. "It puts the lawyer in a dilemma," she said.

But that's not the case here, said lawyers for the lawyers.

"Summers teaches appellate advocacy at Penn Law School. He has been the chair of the professional responsibility committee for the Philadelphia Bar Association," said William T. Hangley, chairman of Hangley, Aronchick. "This is not someone who would not lightly violate a professional rule. He has been wrongly vilified."

In fact, "the chilling effect of a decision like this is quite profound," Fox said. He represents Stevens & Lee, Huyett and Bukowski.

"I think the lawyers did not only what they were supposed to do, but what they are required to do," he said. "This turns conduct which we thought was perfectly proper in zealous representation into actionable behavior.

Jacobsen doesn't buy it. Civil court rules give plenty of leeway for zealous advocacy, he said.

In this case, he said, the lawyers abused the process.

Jacobsen pointed to one example the judge described in his 77-page opinion. For months, Capital Blue Cross, of Harrisburg, had said it didn't have material Jacobsen requested. Then after a special discovery master had been assigned to the case, "Huyett announced that Capital had also just located up to 60 boxes of material," the judge wrote.

Fox said that Huyett turned over the material as soon as the client located it.

The judge said the attorneys and clients must divide up the plaintiff's costs in the case, which could amount to $5 million, Jacobsen said.

Keystone Health Plan Central Inc., Capital Blue Cross, and Summers and his firm must pay 25 percent each. Highmark will have to pay 10 percent. Girifalco and her firm must pay 10 percent, and Huyett, Bukowski and Stevens & Lee have been assessed 5 percent.

---

Contact staff writer Jane M. Von Bergen at 215-854-2769 or jvonbergen@phillynews.com.

EXHIBIT A

PROOF OF SERVICE

I, JESSICA ELAINE WOLFE©, hereby certifies that the foregoing documents have been served upon the following in the manner of United States First class Mail.

BETH ANNE SMITH
SENIOR DEPUTY ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, Pa. 19107-3603

ANDREA L. D'AMBRA, Esq.
DRINKER BIDDLE & REATH, LLP.
ONE LOGAN SQUARE
18th and Cherry Streets
Philadelphia, Pa. 19103-6996

MARY CATHERINE ROPER, Esq.
AMERICAN CIVIL LIBERTIES
FOUNDATION OF PENNSYLVANIA
P.O. Box 40008
Philadelphia, Pa. 19106



MICHAEL E. KUNZ
U.S. CLERK OF COURTS
U.S. EASTERN DISTRICT COURT
601 Market Street
Philadelphia, Pa. 19106-1797

Certified No. 7007 0710 0001 4112 4148

Respectfully Submitted,
"JESSICA ELAINE WOLFE"
Plaintiff's Signature

Secured Party accepts Plaintiff's Signature in accordance with UCC § 1-201(39) § 3-401(b).

_Jessica Elaine W_____/ Auth. Rep.
Secured Party's Signature/ Auth. Rep.

Dated: 10 / 15 / 2007.