IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

## ORDER

AND NOW, this        day of            , 2007, upon consideration of plaintiff Jessica Elaine Wolfe's "Motion to Vacate Judgment Nunc Pro Tunc" and Commonwealth defendants' opposition thereto, it is hereby ORDERED that Wolfe's motion is DENIED.

BY THE COURT:

_____
EDUARDO C. ROBRENO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | No. 02-2687 |

COMMONWEALTH DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE JUDGMENT NUNC PRO TUNC

Plaintiff Jessica Elaine Wolfe has moved the Court to vacate its April 25, 2007 Memorandum and Order granting summary judgment in favor of Commonwealth defendants. For the reasons set forth below, the Court should deny Wolfe's motion.

1. Wolfe's motion presumably was made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which allows the filing of a motion to alter or amend a judgment. However, by its express terms, a Rule 59(e) motion must "be filed no later than ten days after entry of judgment." Kamara v. Attorney General of U.S., 2006 WL 3319811, *1 (3d Cir. 2006). Because Wolfe filed his motion long after the ten day limitations period had expired, the Court need not entertain the motion. Id.

2. Even if Wolfe's motion were timely, it could not succeed. The purpose of a Rule 59(e) motion is to correct a manifest error of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d

2

Cir.1985), cert. denied, 476 U.S. 1171 (1986). Such motion cannot be premised on a request to reconsider a decision already made. Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993). Rather, a court may alter or amend its judgment only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). Here, Wolfe apparently argues that the Court should vacate its grant of summary judgment to Commonwealth defendants because his court-appointed counsel rendered ineffective legal assistance. Ineffective assistance of counsel is not one of the listed reasons for amending or altering a judgment under the federal rules. See Fed.R.Civ.P. 59(e).

    3. Furthermore, Wolfe has not pointed to any manifest error of law or fact that would require vacating the grant of summary judgment. He states that his counsel refused to assert claims under 42 U.S.C. § 1981 and/or claims based on his "secured rights" under the Uniform Commercial Code ("UCC") (Plaintiff's motion, at 2). His claims under 42 U.S.C. § 1983 would have subsumed any Section 1981 claim. Section 1983 is the exclusive remedy for a violation of Section 1981 by a state actor. Valentin v. Philadelphia Gas Works, 2004 WL 690805, *7 (E.D.Pa. 2004)(citing, inter alia, Jett v. Dallas Independent School District, 491 U.S. 701, 735-36 (1989)), aff'd, 128 Fed.Appx. 284 (3d Cir. 2005). And, "[t]here is nothing in the Uniform Commercial Code which would

3

help plaintiff challenge the legality of his conviction or the conditions of his confinement." Osborne v. Hill, 2006 WL 1215084, *5 (D.Or. 2006). See also Monroe v. Beard, 2007 WL 2359833 (E.D.Pa. 2007).

4.  Wolfe apparently also maintains that his attorneys should have continued to pursue his damages claim against the Parole Board defendants, arguing that the Parole Board defendants were not entitled to absolute quasi-judicial immunity (Plaintiff's motion, at 2). But according to the Third Circuit, parole board officials are indeed entitled to absolute immunity from damage claims arising out of their performance of adjudicatory duties. Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir.1989); Thompson v. Burke, 556 F.2d 231, 238 n.13 (3d Cir.1977) (parole board members' adjudicatory functions include their ability to affect the length or terms of imprisonment, as well as the times when convicts may be paroled or discharged). Adjudicatory acts that entitle a parole official to absolute immunity include hearing evidence, making recommendations as to whether to parole a prisoner, and making decisions as to whether to grant, revoke, or deny parole. Breslin v. Brainard, No. 01-7269, 2002 WL 31513425, at *7 n.10 (E.D.Pa. Nov.1, 2002)(citing Wilson, 878 F.2d at 776). In this case, Wolfe alleged that the Parole Board defendants denied him parole "based solely on his refusal to participate in the Sex Offender Program." Third amended complaint, ¶¶ 87, 89. It is well-settled not only in this but in every other Circuit[1] that denial of parole is an adjudicatory or quasi-judicial act

---

[1] See Johnson v. Rhode Island Parole Bd. Members, 815 F.2d 5, 8 (1st Cir.1987); Montero v. Travis, 171 F.3d 757, 761-62 (2d Cir.1999); Franklin v. Shields, 569 F.2d 784, 798 (4th Cir. 1977); Littles v. Board of Pardons &

4

entitled to absolute immunity.  Accordingly, Wolfe's counsel properly refused to pursue any damage claim against the Parole Board defendants.  See Nellom v. Luber, 2004 WL 816922, *6-7 (E.D.Pa.2004).

5.  Commonwealth defendants cannot speak to Wolfe's personal grievances against his former attorneys, except to note that to the extent Wolfe complains that counsel continue to adhere to the terms of the Stipulation of Confidentiality, their conduct is proper given the Court's denial of Wolfe's earlier motion to void the Stipulation.  See Order dated December 18, 2006 (Docket No. 119).

6.  Because Wolfe's Rule 59(e) motion is untimely and because he has not demonstrated any valid basis to alter or amend the grant of summary judgment in favor of Commonwealth defendants, the Court should deny his motion to vacate the April 25, 2007 Memorandum and Order.

---

Paroles Div., 68 F.3d 122, 123 (5th Cir.1995)(per curiam);  Tillman v. Price, 113 F.3d 1236, 1997 WL 225993, *1 (6th Cir. 1997); Walrath v. United States, 35 F.3d 277, 281-82 (7th Cir.1994); Anton v. Getty, 78 F.3d 393, 396 (8th Cir.1996); Anderson v. Boyd, 714 F.2d 906, 908-10 (9th Cir.1983); Russ v. Uppah, 972 F.2d 300, 303 (10th Cir.1992); Fuller v. Georgia State Bd. of Pardons & Paroles, 851 F.2d 1307, 1310 (11th Cir.1988); C. M. Clark Ins. Agency, Inc. v. Maxwell, 479 F.2d 1223, 1226 n. 7 (D.C.Cir. 1973).

WHEREFORE, for all the reasons stated above, Wolfe's "Motion to Vacate Judgment Nunc Pro Tunc" should be denied.

        THOMAS W. CORBETT, JR.
        ATTORNEY GENERAL

BY:   s/Beth Anne Smith
       Beth Anne Smith
       Senior Deputy Attorney General
       Identification No. 47162

       Susan J. Forney
       Chief Deputy Attorney General
       Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130

<u>CERTIFICATE OF SERVICE</u>

I, Beth Anne Smith, Senior Deputy Attorney General, hereby certify that the foregoing response was filed electronically on October 24, 2007 and is available for viewing and downloading from the ECF system.  I further certify that a true and correct copy of said document was served on the same date by regular United States mail, postage prepaid, to:

    Jessica E. Wolfe, #DB-0954
    State Correctional Institution
        at Graterford
    P.O. Box 244
    Graterford, PA 19426

                        THOMAS W. CORBETT, JR.
                        ATTORNEY GENERAL

BY:    <u>s/ Beth Anne Smith</u>
           Beth Anne Smith
           Senior Deputy Attorney General
           Identification No. 47162

           Susan J. Forney
           Chief Deputy Attorney General
           Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2130