IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA, PHILADELPHIA

| | | |
|---|---|---|
| JESSICA ELAINE WOLFE©, on behalf of herself and all similarly situated, INMATES OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS,<br>Plaintiffs<br><br>Vs.<br><br>THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et, al.<br>Defendants | : : : : : : : : : : : | Civil Class Action<br><br><br><br><br>No. 02-2687 |

RECEIVED NOV 29 2007

## PLAINTIFF'S RESPONSE TO DRINKER BIDDLE & REATH'S LETTER
## IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE JUDGMENT

Now Comes, JESSICA ELAINE WOLFE©, Plaintiff in propria persona, also known in any and all derivatives of, variations in the spelling of said name, except Jessica Elaine Wolfe©. Thus, moves this Honorable Court on behalf of the living, breathing, flesh-and-blood man, notable female gendered sui juris, who goes by the distinctive appellation, Jessica Elaine Wolfe©, who is no other, hereinafter Secured Party. In good faith, under the laws of God, reserving all rights, and represents:

1. Plaintiff, avers that appointed counsel was appointed to represent the Plaintiff and the perspective class, they were not granted full rains to pursue their own goals and objectives. Now, since appointed counsel failed to petition to "Certify the Action as a Class," Plaintiff was and is the only representative of the action who has wide controlling discretion over the case. Appointed Counsel was directly inform to not enter into any contracts, see **Exhibit 1**, Page 4.

2. Plaintiff, enter's 5 Exhibits in support of this response, 13 pages total incorporated, and Plaintiff's Motion to Vacate Judgment should be granted.

Sandra Moser, Esq.

Drinker Biddle and Reath, LLP

One Logan Square

18th and Cherry Street

Philadelphia, Pa. 19103-6996

November 24, 2003

Dear Ms. Moser,

It was nice to have talked to you again today, however I was hoping to resolve the issues contained in your contractual letter. Well, I regret that I'm left to address the issues in my accompanied 11-20-03, letter.

Anyway, after our talk today in conjunction with your 11-19-03 letter contract statements. I form a belief that you have your own mission to as to what you would be happy to see happen in this action. I think the biggest clue was when you agreed with me about you reading over my Master Complaint and had no idea of my prospective claims, but you had a belief of what you thought might be the projective plan, possibly only injunctive relief.

Well, I sure will be happy to review the complaint that you plan to submit, if it is not close to my claims without very good reason, I will not approve of it being submitted. However, our visit and calls will most likely clear up both of our understanding.

However, please look at my proposal contract/letter, if it is agreeable please frame it in your letter head and I'll sign it. Thank you for your time,

Respectfully,

Jessica E'Lanie Wolfe© AUTH, &c P

JESSICA E. WOLFE©

DB 0954

Box 244

Graterford, Pa. 19426


EXHIBIT 1

Page 1

**DrinkerBiddle&Reath**
L L P

Sandra Moser
215-988-2495
sandra.moser@dbr.com

Law Offices
One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

November 19, 2003

MS. JESSICA WOLFE, DB 0954
SCI-Graterford
P.O. Box 244
Graterford, PA  19426-0244

   Re:   Inmates of the Pennsylvania Department of Corrections v. Corbett et al., Civil Action No. 02-2687

Dear Ms. Wolfe :

   Our law firm has agreed to represent you in connection with the case listed above. I will be your lawyer on this matter, acting as counsel with, and under the direction of, MaryCatherine Roper, Esq.

   Our representation of you extends only to the above action and runs through the trial phase only. We have not agreed to handle any appeal from the trial court, or perform any other legal services for you.

   You started this action as a class action. We have talked a bit about the nature of class actions. The important thing for the purposes of this letter is that you understand that if you choose to continue to pursue this action as a class action, we will be counsel for the class, not just for you as an individual. That means that, if a situation arises in which a choice must be made between what you want and what is best for the class, we will be required to do what is best for the class.

   We have agreed to represent you on a "pro bono" basis. This means that you will not have to pay any fee or charge for our time for the work that we do for you.

   If the court orders that you must pay any of the fees or costs of the other side in the case, you will be responsible for paying these amounts. We will not pay them for you. If the court orders that the other side pay any lawyers' fees for our services, those fees will go to our firm. They will not be paid to you. If the court orders that the other side pay any of your out of pocket costs, or any charges for office services in your case, that money will go to the person or organization that paid for the costs or provided the services in the first place. For example, if we advance the costs of copying documents and the court later orders the other side to pay it, the money paid by the other side for that cost will go to us.

---

[1] As previously discussed, you have granted me and my law firm permission to use your copyrighted name.

Established 1849

EXHIBIT 1

Page 2

DrinkerBiddle&Reath
L L P

November 19, 2003
Page 2

    If you do not understand the explanation of our arrangements with you in this letter, please call me directly to discuss your questions at 215-988-2495.

    It is important for you to understand that successful representation requires your full cooperation and participation. We will need to obtain information and documents from you on occasion, and will need your cooperation in consulting with us and making decisions regarding important issues in your case. You agree that you will provide us with your full cooperation. If you fail to cooperate with us, we will have the right to cease representation. We also will have the right to stop representing you if we believe that a position that you want to take has no legal or factual basis; or that you are pursuing a course that is clearly unreasonable; or that it is impossible for us to work cooperatively with you. We also will have the right to stop representing you for any other reason that is allowed under the ethical rules that apply to lawyers. If it becomes necessary for us to cease representation, we will give you notice of that fact, and we will make appropriate arrangements to protect your interests for some reasonable period of time so that you can make other arrangements. In some cases it may be necessary for us to obtain the permission of a court before we stop representing you. If that is the case, we will ask the court for permission if necessary, but only after giving notice to you and discussing the matter with you.

    If you understand and agree to these arrangements, please confirm that you understand them by signing the enclosed copy of this letter on the line below and returning it to me in the enclosed envelope.

Very truly yours,

Sandra L. Moser

    I understand and agree to the arrangements outlined in this letter for legal representation of me by Drinker Biddle & Reath LLP. I further understand that any attorneys' fees awarded in this matter will be retained by Drinker Biddle & Reath LLP. Finally, I understand that if the court orders reimbursement for out-of-pocket costs that money will go to the individual or organization that paid for the costs.

*NO WAY IN HELL*

Jessica E. Wolfe

SM: lma
cc:   MaryCatherine Roper, Esq.

PHLIT\460497\1

*EXHIBIT 1*

*Page 3*

Sandra Moser, Esq.

Drinker Biddle and Reath, LLP

One Logan Square

18th and Cherry Street

Philadelphia, Pa. 19103-6996

November 20, 2003

RE: Inmates of the Pennsylvania Department of Corrections V. Corbett, et.al.
    Civil Class Action No. 02-2687 - - i.e. 11-19-03, Letter/contract response.

Dear Ms. Moser,

    This letter is in regards to this contract that you have sent me. This contract fines me little insulted, I have more intelligence then you give me credit. This could even suggest some kind of underhandedness or that your hiding something, as such, I will attempt to address these issues between us. But, first let me address my name issue once and for all, in each and every instance, such as: "Dear Ms. Wolfe"; under signature lines, captions, Etc., must be in proper form "in all Capital Letters. I do not give you nor your firm nor anyone else permission to use the Christen spelling of my copyrighted Name i.e. Jessica Elaine Wolfe©, hereinafter Secured Party. All Right Reserved.

Now on to the remaining (9) paragraphs:

    The First Paragraph, I don't have any problems with having "APPOINTED REPRESENTATION," long as they are acting in the best entrusts of the action, such as Full Disclosure of the terms and conditions of any and all contracts. I, do not give you, nor your firm, nor the members thereof, the permission to enter any of my copyrighted names in to any contract without Secured Party's expressed acknowledgement and written consent, as signified by Secured Party's red ink signature.

    The Second Paragraph, It's to my understanding that appointed counsel must pursue all matters until relieved by the Court or relieved by the individual or in this case by all the individuals represented.

    The Third Paragraph, Oh, so let me try and understand what your saying, your saying that I don't understand what I've put together and filed. Well, let me explain what a class action is, a class action is an action generally filed by one person, founded on a magnitude of allegations and principles of

EXHIBIT 1    1 of 3 Pages    J. E. W.

PAGE 4

certain facts of a constitutional injury. Then the action is properly displayed where the effect class is claimed to be effected, and if anyone who has suffered on the base set forth in the claims, those individuals can join in to claim their share of relief. Now, for it to change the over all based claims, I don't buy into those claims. The only time a class action only provides more relief to a single individual, is when one of the class members are specifically retaliated against, such as in my claim. Anyway, I'm glad that you understand the problems with your paragraph five.

The Forth Paragraph, I don't want you as "pro bono" counsel. I want what has been provided for this class action, and that is for you to uphold your official duties as "APPOINTED COUNSEL," as was ordered by the Court. It's fine that you have originally approached the court as pro bono, but the fact of the matter is that you and your firm have been appointed to the case and you must introduce yourself as such. In addition, as I talked to you about, your contract, it needs to provide the the percentages that "Appointed Counsel" is permitted to recover by law, and what those percentages cover, such as, photo coping, Paper, Etc.

The Fifth Paragraph, now you tell me what idiot would be stupid enough to except the full financial burden of an intier class ? I, do understand that appointed counsel, by law, is entitled to a percentage of what ever is recovered. Far as money going to some organization paying costs, that's dead. You are appointed, so where are you coming up with these ideas ?

The Sixth Paragraph, sure I understand the dream boat that your trying to float my way, and I'm telling you it's not going to float under these conditions.

The Seventh Paragraph, I understand, I will provide you with my full consideration of participation and provide the necessary information and documents required and to the best of my ability. I also will provide my full consideration in consulting with you and I will make decisions regarding important issues effecting me or my person and that within my power.

I, understand that if warranted appointed counsel can petition the court to be removed from the case, otherwise they will remain counsel unless the class so determines that your services are no longer needed or chooses to petition the court about ineffectiveness, Etc., much of this other stuff I'm not buying and the other is a matter of ethics. Let me assure you that

EXHIBIT 1    2 of 3 Pages    J. E. W.

Page 5

I don't have any intentions on having you do anything beyond this case, and any other matters that I may or may not be involved in, is simply none of your business regardless if you like it or not.

The Eighth Paragraph, NO WAY IN HELL.

The Ninth Paragraph, NO WAY IN HELL.

I, guess what I'm saying is that I'm interested in "LOYALTY," as such I expect full disclosure, like the prospective relief goal, a common respect shared between the parties, Not me, me, me and my associates. Trust me, if I do not understand something I will ask questions. However, it isn't disrespectful to present that question at the end of a communication or if at a conference setting when an individual obviously looks lost or puzzled over a question.

I'm sorry if I upset you, that is not my intention nor do I have an intention to upset you, but I have full intent to express my regards to this letter/contract, and that I wish to resolve our issues in an intelligent manner. Don't forget I've been through this before and I believe that I'm well informed of many different aspects.

I hope that you can understand my resolve in these matters, please take a few minutes and address my concerns.
Thank you for your time,

Respectfully,

*Jessica E. Wolfe* ©
JESSICA E. WOLFE©
DB0954
Box 244
Graterford, Pa. 19426

Certified No. 7003 1010 0004 0655 5050

*Jessica Elaine Wolfe* ©
Jessica Elaine Wolfe©

EXHIBIT 1

MS. JESSICA E. WOLFE, DB 0954[1]
SCI-Graterford
P.O. Box 244
Graterford, Pa. 19426-0244

      RE: Inmates of the Pennsylvania Department of Corrections V. Corbett et al., Civil Class Action No. 02-2687

Dear MS. WOLFE:

    Our law firm has been appointed to represent the plaintiffs in the above action. It is to our understanding that you have filed this action and we are now contacting you for your consideration in this matter.

    It is important for you to understand that a successful representation requires your cooperation and participation. We will need to obtain any and all information and documents that you have relating to this case, and we ask for your cooperation in consulting with us and make decisions regarding all important issues in this case. It's important that you understand that in some cases it may be necessary for us to obtain permission of the court before we stop representing you. If that is the case, we will giving notice and discussing the matter with you.

    It's important that you understand that as appointed counsel we are entitled to _____ percent to cover our expenses and costs. If the court determines and orders that the other side is entitled to fees or costs for this action, each plaintiff will be required to share the responsibility of paying the determined amount.

    If you understand the terms and conditions, please confirm our representation by signing on the line below, and return it back to me at your most convenient time.

                               Very truly yours,

                               _____

_____
JESSICA E. WOLFE


_____
Secured Party

[1] as previously discussed, you have granted me and my law firm permission to use the copyrighted name i.e. JESSICA E. WOLFE, for the preparation of this case and this case only.

*NEVER WAS ISSUED BY COUNSEL, NOR SIGNED BY ANY OF THE PARTIES.*

EXHIBIT 1

**DrinkerBiddle&Reath**
L L P

Mary Catherine Roper
215-988-2523
marycatherine.roper@dbr.com

Law Offices
One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

March 24, 2004

<u>FEDERAL EXPRESS</u>

MS. JESSICA E. WOLFE©
DB 0954
P.O. Box 244
Graterford, PA   19426-0244

Dear Jessica:

I am not sure whether you received the letter we sent yesterday. We would really like to talk with you at 10 AM on Friday, if you can call then.

After we spoke yesterday, Sandra and I spent the whole afternoon and evening discussing your case and researching the legal issues, and we have concluded that you are right about some claims. I hope that we will now be able to work out an agreement as to the claims to be pursued and continue forward together. This is why I want to talk with you Friday morning.

First of all, we think that you do have a possible claim that you cannot be forced to admit guilt for the crime of which you were convicted while you have either an appeal or collateral relief proceedings pending (meaning Post-Conviction Relief Act or Habeas Corpus). There are a lot of cases that hold that you can be required to admit your guilt after a guilty plea or conviction, but we have concluded that there is still an argument that those cases are wrong. We would like to bring a claim, on behalf of both you and the class, that your parole cannot be conditioned on an admission of guilt as long as you are still trying to overturn that conviction. It is an uphill battle, but one we think worth fighting. We still would pursue the class claim on behalf of those who don't want to disclose potentially prosecutable past acts. We might ask one of the inmates who has written in about the lawsuit to serve as a representative of people who have that interest but do not have pending appeals or collateral proceedings. The addition of another class representative would not reduce your chances of recovery or affect your individual claims at all.

Second, we have reviewed your parole records and we believe that you may have a claim under the Mickens-Thomas case and the Ex Poste Facto Clause. We can't really tell yet, because the Parole Board has not provided enough detail about their decisions. But we cannot rule it out, and I would therefore like to pursue that claim on your behalf. When we get the detailed parole records from defendants in discovery, we may find out that they did follow the law, in which case we will lose that claim. But there's at least as good a chance, I think, that they did not follow the law. Understand that if we win that claim, the Court will have to tell the Parole Board to review your request for parole again, but do it right. The Parole Board may still find a reason to deny parole, and then we will

Established
1849

EXHIBIT 2

DrinkerBiddle&Reath
                L L P

JESSICA E. WOLFE©
March 24, 2004
Page 2

have to litigate whether they really applied the correct test or just pretended to, as happened in the Mickens-Thomas case. Winning on that claim will not necessarily mean that you are granted parole, but it certainly will make it easier.

We will also, as I said before, add a claim that they have retaliated against you for filing a lawsuit by adding new conditions to parole that they did not require before you filed suit, and asking for an order prohibiting them from doing that. Also, if you identify times when the prison officials have taken your papers or other belongings (not including your name or parts of your body) and file grievances and do not get relief from those grievances, we will also pursue those claims.

We do not agree that the DOC lacked the authority to require the SOP before the 2000 law that made it mandatory (Mickens-Thomas was required to participate in the SOP long before the new law, and he did, but as a non-admitter). You certainly are not subject to that law, but that does not change your claim, really, because no matter what, they cannot require you to incriminate yourself. We will not bring a claim that says the DOC can't require you to do the SOP – only that it can't require you to admit guilt or withhold parole if you refuse to admit guilt.

*42 U.S.C. § 1981*

We cannot pursue claims under the Emolument Clause, Impairment of Contracts, Freedom of Religion or Separation of Church and State, Search and Seizure, Deliberate Indifference, Creating Special Criminal Tribunals, or Equal Protection – EXCEPT that if you get into the SOP as a non-admitter and find that they have made it a faith-based program, we will add a Freedom of Religion/Church and State claim, and if we find out that they do not require women to complete the SOP we will add an Equal Protection claim.

*42 U.S.C. § 1981*

I am still trying to figure out what to do about your holder-in-due course language. Would it be alright with you if we made it one footnote that says that you contend that you are a holder in due course, as you did with the motion after we filed the First Amended Complaint? There is no reason for the DOC to object to that because it does not affect your claims. You have the same rights under the Fifth Amendment, the First Amendment, the Due Process Clause and the Ex Poste Facto clause regardless whether you are a holder in due course of anything.

I understand that you have put together a more detailed statement of facts. I will use as much of it as we can if we file a new complaint for you, but I can't make any promises about that yet because I haven't seen it.

*EXHIBIT 2*

**Drinker Biddle & Reath**
L L P

JESSICA E. WOLFE©
March 24, 2004
Page 3

      I think that these changes may make it possible for us to continue to work together. I hope so. Please call so we can talk about this. Sandra and I will be waiting for your call Friday morning.

Very truly yours,

Mary Catherine Roper

EXHIBIT 2

PHLIT\480263\1

# DrinkerBiddle&Reath
### L L P

Sandra Moser
· 215-988-2495
sandra.moser@dbr.com

*Law Offices*

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

April 16, 2004

**FEDERAL EXPRESS**

MS. JESSICA E. WOLFE©
DB 0954
P.O. Box 244
Graterford, PA   19426-0244

Dear Jessica:

Thank you for calling this morning; I'm glad we were able to cover both, your issues regarding copies, and my questions about Megan's Law classification and DNA donation. As I mentioned this morning, I am enclosing the following sets of documents:

1. A copy of the Second Amended Complaint filed on April 12, 2004, along with the cover letter sent to Judge Robreno which states that you will withdraw the motion of contention;

[handwritten: See EXHIBIT Page 2]

2. Copies of certified documents regarding your financing statement, copyright, trademark and secured status sent to my office by your mother, and of which you requested I make copies and forward to you; and

[handwritten: 42 U.S.C. § 1981 CONFISCATED BY DOC IN (2005) RETALIATION COUNSEL FAILED TO RAISE]

3. Various cases that address DNA collection and registration for your review.

Unfortunately, I am not available to speak with you at 10 a.m. on Tuesday morning; MaryCatherine asked if you could call in at 2 p.m. on Tuesday—my secretary will transfer you to MaryCatherine if you cannot call her directly at 215-988-2523. If that is not possible, I will await your call at 10 a.m. on Wednesday morning. Sorry for any confusion. As always, please let me know if you have any questions or concerns.

Sincerely,

Sandra L. Moser

SLM
Enclosure

*Established*
1849

[handwritten: EXHIBIT 3]

PHLIT\483332\1

**DrinkerBiddle&Reath**
LLP

Sandra Moser
215-988-2495
sandra.moser@dbr.com

Law Offices

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

June 4, 2004

FEDERAL EXPRESS

MS. JESSICA E. WOLFE©
DB 0954
P.O. Box 244
Graterford, PA   19426-0244

Dear Jessica:

Enclosed please find a draft of Plaintiffs' response to Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint. As we discussed over the phone yesterday, I will be available to talk with you, and receive your comments, on both Tuesday and Wednesday mornings of next week at 10 a.m. Please excuse the few areas in which MaryCatherine and I still need to insert relevant facts or tweak certain language. We wanted to make sure the draft reached you by Monday morning, and had to stop short of perfecting it.

Also per our conversation yesterday morning, we agreed that, because [*handwritten: 42 U.S.C. § 1981*] MaryCatherine and I do not believe your security interest affects the constitutional claims before Judge Robreno, we will not address issues related thereto unless challenged by the Defendants. We will, of course, not interfere with any actions outside the context of this class action you might wish to take to protect your property rights. [*handwritten: U.S. ARTicLe 1, Sec. 7*]

As always, please let me know if you have any questions or concerns.

[*handwritten marginalia: DePosiTioN HeARiNgS DeFeNDANTS Raised And couNSeL Rejected.*]

Sincerely,

*Sandra L. Moser*
Sandra L. Moser

SLM
Enclosure

cc:   MaryCatherine Roper, Esq.

[*handwritten: EXHIBIT 4*]

Established
1849

PHLIT\489323\1

## Smith, Beth

**From:** Smith, Beth
**Sent:** Thursday, January 20, 2005 4:47 PM
**To:** 'Andrea.D'Ambra@dbr.com'
**Subject:** stipulation and protective order.pdf

**Attachments:** stipulation and protective order.pdf

stipulation and protective ord...

    Andrea, I have attached a draft stipulation. Despite the working title, I have intentionally omitted the Protective Order component from the draft. Confidentiality stipulations prepared by other attorneys in this office (who are more senior than me) are just that. Also, the Order component presented difficulties that I could not resolve, such as: what happens if you do not represent Wolfe on appeal; and the court's retention of jurisdiction in order to resolve confidentiality issues (the tail wagging the dog in my view).

Why don't we do it this way, and if after reviewing the documents you still see the need for a Protective Order, we can discuss it further. There is no reason to duke this out in court when we basically agree that you should see the documents.

-Beth

EXHIBIT 5

4

PROOF OF SERVICE

I, JESSICA ELAINE WOLFE©, hereby certifies that the foregoing documents have been served upon the following in the manner of United States First class Mail.

BETH ANNE SMITH
SENIOR DEPUTY ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, Pa. 19107-3603

ANDREA L. D'AMBRA, Esq.
DRINKER BIDDLE & REATH, LLP.
ONE LOGAN SQUARE
18th and Cherry Streets
Philadelphia, Pa. 19103-6996

MARY CATHERINE ROPER, Esq.
AMERICAN CIVIL LIBERTIES
FOUNDATION OF PENNSYLVANIA
P.O. Box 40008
Philadelphia, Pa. 19106

MICHAEL E. KUNZ
U.S. CLERK OF COURTS
U.S. EASTERN DISTRICT COURT
601 Market Street
Philadelphia, Pa. 19106-1797

Certified No. _____

Respectfully Submitted,
"JESSICA ELAINE WOLFE"
Plaintiff's Signature

Secured Party accepts Plaintiff's Signature in accordance with UCC § 1-201(39) § 3-401(b).

_____
Secured Party's Signature  √Auth. Rep.

Dated: 11 / 27 / 2007.