```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INMATES OF THE PENNSYLVANIA     :    CIVIL ACTION
DEPARTMENT OF CORRECTIONS,      :    NO. 02-2687
                                :
          Petitioners,          :
                                :
     v.                         :
                                :
THE PENNSYLVANIA DEPARTMENT     :
OF CORRECTIONS et al.,          :
                                :
          Respondents.          :
```

## O R D E R

**AND NOW**, this **4th** day of **December, 2007**, it is hereby

**ORDERED** the petitioner's motion to vacate judgment (doc. no. 132)

is **DENIED.**[1]

---

[1] On May 1, 2002, the plaintiff filed pro se suit against the Pennsylvania Department of Corrections on behalf of herself and as a representative of a putative class. On August 26, 2004, the Court dismissed four of Plaintiff's six claims. Wolfe v. Pa. Dep't of Corr., 334 F. Supp. 2d 762 (E.D.Pa. 2004). With leave of the Court plaintiff amended her complaint to seek injunctive relief in addition to other damages. See Third Am. Compl. (doc. no. 94). Defendants moved for summary judgment on the two remaining claims which the Court granted on April 26, 2007. Inmates of the Pa. Dep't of Corr. v. Corbett et al., 484 F. Supp. 2d 359 (E.D.Pa. 2007).

On October 18, 2007, plaintiff filed a motion to vacate judgment without referencing the specific order she was challenging. The Court will assume she is moving to vacate the memorandum and order granting defendants' second motion for summary judgment. (doc. no. 129). It is also unstated on what authority plaintiff is relying for the motion. Given the 10 day deadline for filing motions to amend under Fed. R. Civ. P. 59(e), a deadline missed by the plaintiff by many months, this Court will assume that plaintiff is making her motion pursuant to Fed. R. Civ. P. 60. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) (holding that applying the correct rule depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e) and if after that time it falls under Rule 60(b)).

Rule 60(b) provides in relevant part: On motion and upon such terms as are just, the court may relieve a party or a party's legal

**AND IT IS SO ORDERED.**

                              **S/EDUARDO C. REBRENO**
                              **EDUARDO C. ROBRENO, J.**

---

representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b).  Again, as the plaintiff does not specify which provision of the Rule she is citing, the Court will assume that she is filing under the catchall 60(b)(6). Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002).  To succeed on a Rule 60(b) motion, a plaintiff generally must prove "extraordinary circumstances."  Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999).

  Here, plaintiff's motion centers on an ineffective assistance of counsel claim insofar as her appointed trial counsel, the law firm of Drinker Biddle and Reath, LLP., failed to file various claims on her behalf and employed other "strong arm tactics" throughout its representation.  However, plaintiff's claim falls well short of the threshold required by Morris.  It is not enough to aver an attorney's misstep for the purpose of vacating a judicial order.  In fact, the Court commended counsel earlier in the proceedings, stating that counsel had done "an exemplary job representing [the plaintiff] in this case." Inmates of the Pa. Dep't of Corr. v. Corbett et al., 484 F. Supp. 2d 359, 363 n.8 (E.D.Pa. 2007).  In any event, even if counsel had erred in some way, "[L]egal error does not by itself warrant the application of Rule 60(b). . . . . Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)." Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004); see also Haynes v. Cain, 298 F.3d 375 (5th Cir. 2002) (holding that decisions to pursue or not to pursue certain claims are tactical decisions well within the scope of an attorney's authority); compare Bougner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976 (3d Cir. 1978) (holding that attorney error must be so gross as to constitute abandonment before a Rule 60(b)(6) motion is made).